

**CIRCUIT COURT FOR MONTGOMERY COUNTY,
MARYLAND**
50 Maryland Avenue
Rockville, Maryland  20850

**Case Number:**          **C-15-CV-25-003984**
**Other Reference Number(s):**

**YOSEPH SEYOUM VS. CHARLES M SIMS, ESQUIRE, ET AL.**

Date: 7/29/2025

## SCHEDULING NOTICE AND ORDER OF COURT - Civil Track 3
### COMPLAINT FILED ON 07/25/2025

It is by the Circuit Court for Montgomery County, Maryland, **ORDERED** as follows:

1.) <u>Proof of Service</u>.  Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.

   a.) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.

   b.) As to any Defendant not timely served, the Court may sever the case against that party.

   c.) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint:  DEADLINE: November 24, 2025**

   d.) **Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.**

   e.) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.

   f.) **<u>FAILURE TO SERVE A PARTY WILL NOT RESULT IN MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER.</u>**

2.) <u>Answer or Other Responsive Pleading</u>.  Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading.  These pleadings must be filed in accordance with Rule 2-321.  If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3.) <u>Initial Discovery</u>.  No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution, (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:

   a) **Initial Disclosure of the Plaintiff's Experts to occur no later than deadline provided on the Scheduling Order:** The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing.  Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert.  The obligation to supplement the information provided by this deadline continues and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave of the Court.  This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness.  Under no circumstances may this information be withheld.

4.) <u>Discovery of Electronic Information</u>.  Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to

**EXHIBIT
F**

**Yoseph Seyoum vs. Charles M Sims, Esquire, et al.**           **Case Number: C-15-CV-25-003984**

**Other Reference Number(s):**

the preservation of electronic information, if any, and the necessity and manner conducting discovery regarding electronic information, and the parties should address the following:

a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;

b) Exchange of discoverable information in electronic format where appropriate, including:

    i) The format of production, i.e., PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, etc., and the storage media on which the information shall be exchanged; and

    ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.

c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;

d) The manner of handling inadvertent production of privileged materials; and

e) Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5.) <u>Attorneys' Fees</u>. If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury. The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules. If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue. (See Rules 2-703, 2-704, and 2-705.)

6.) <u>Mediation</u>. PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE. PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE). Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator. Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court. Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an object to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

<u>    7/29/2025    </u>    <u>                        </u>

           Date                Administrative Judge

\* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

CC:    Yoseph Seyoum

       Charles M Sims, Esquire

       Yoseph Seyoum