IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

YOSEPH SEYOUM                          *

    Plaintiff,                         *

v.                                     *      Case No.: C-15-CV-25-003984

CHARLES SIMS, et al,.                  *

    Defendants.                        *

*     *     *     *     *     *     *     *     *     *     *     *     *

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO DEFENDANT CHARLES SIMS

Plaintiff, YOSEPH SEYOUM, by and through his attorney, Samuel Elira, Esquire, and pursuant to Maryland Rules 2-422 and 2-401(c), propounds the following Request for Production of Documents for the purpose of inspection and copying. Pursuant to the applicable Maryland Rules regarding Discovery, said inspection and copying shall take place at Plaintiff's counsel's office, 5302 E. Court Drive, Upper Marlboro, Maryland 20772, on the date that Defendant's response is due, pursuant to paragraph (i) of the instructions that follow, herein

### Instructions

In accordance with Rule 2-422(c) you are required to file and serve upon the undersigned a written response within 30 days after service of the request, or within 15 days after the date on which your initial pleading or motion is required, stating with response to each of the following categories of documents that inspection will be permitted as requested unless a particular category of documents is objected to, in which event the detailed reason for your objection shall be specifically stated.

You are further required under Rule 2-422(d) to produce your documents for inspection and copying as they are kept in the usual course of business or shall organize and label them to correspond to the categories in the request. If you claim as privileged, or otherwise decline to produce, any document responsive to one or more of the following categories of documents, you are to give the date of the document, the names, addresses and telephone numbers of the author and recipients of the document, the subject matter of such document, and the specific, detailed reasons you are claiming that the document is privileged or otherwise why you are declining to produce such document. This Request for Production of Documents is a continuing request, and if you subsequently obtain

EXHIBIT

I

document(s) encompassed by the Request, you are under a duty to supplement your written response promptly.

## Definitions

The terms you and your refer to the party to whom this Request for Production is directed. The terms me and my  if utilized, refer to the party who is serving this Request. The term communication includes verbal communications and written communications. The term document(s) as used herein includes all written, typed, printed, taped and pictorial matter of any kind or nature whatsoever, however, produced or reproduced, in whatever form maintained, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in your custody or control, and includes, but is not limited to, contracts, records, tape recordings (whether or not transcribed), reports and memoranda, studies, summaries, minutes, notes, agendas, bulletins, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, computer data or cards or printouts, telegrams, teletype, photographic matter, financial statements, operating agreements, estimates, projection summaries, offering circulars, private placement memoranda, and any other writings and tangible things. Documents also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents. A document is deemed to be in your custody if you have possession of the document or have the right to secure such document from another person or entity having possession thereof.

"Incident" refers to the occurrence pleaded in Plaintiff's Complaint and Amended Complaint occurring between July 22, 2024 and July 26, 2024.

## REQUESTS FOR DOCUMENTS

**Request No. 1:** All documents, reports, or internal communications (including emails or texts) created by or provided to Defendant that reference, describe, or relate to the Incident of July 22, 2024 - July 26, 2024.

**Request No. 2:** All complaints, disciplinary records, or notes regarding the Attorney's conduct in connection with the Incident.

**Request No. 3:** All notes, emails, or communications between Defendant and the Attorney regarding the Incident or any response to the Plaintiff's request for a document during the trial break.

**Request No. 4:** All policies, manuals, guidelines, or codes of conduct in effect on July 22, 2024, governing professional behavior, workplace conduct, or interactions with opposing parties, especially during court proceedings.

**Request No. 5:** Any and all documents reflecting the scope of the Attorney's employment duties and responsibilities as of July 22, 2024.

**Request No. 6:** Any documents or communications that support or relate to Defendant's contention (if any) that the Attorney was or was not acting within the scope of employment at the time of the Incident.

**Request No. 7:** All training materials or attendance records for the Attorney relating to professional behavior, courtroom decorum, ethics, or interactions with other parties.

**Request No. 8:** Any video, audio, or photographic evidence showing the Incident or interactions between Plaintiff and the Attorney on July 22, 2024.

**Request No. 9:** All written statements, witness accounts, or summaries of interviews conducted by Defendant regarding the Incident.

**Request No. 10:** All correspondence between Defendant and any third party (including clients, the court, courthouse security, law enforcement, or other attorneys) concerning the Incident.

**Request No. 11:** All documents related to any internal or external investigation of the Incident, including investigation plans, notes, findings, or conclusions.

**Request No. 12:** All insurance policies (including professional liability and general liability) that may provide coverage for the claims asserted in this lawsuit, including declarations pages, coverage limits, and any reservations of rights letters.

**Request No. 13:** All documents identifying or describing the Attorney's employment status, title, and authority to act on behalf of the Defendant at the time of the Incident.

**Request No. 14:** All records of prior complaints, incidents, or warnings involving the Attorney related to aggression, unprofessional conduct, or similar behavior.

Respectfully Submitted,

/s/ Samuel Elira

---

Samuel Elira, Esquire
CPF# 18-9060001
5302 E. Court Drive
Upper Marlboro, MD 20772
sqelaw@gmail.com
(301) 936-1418
(301) 218-9406 - fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, Plaintiff's Document Requests to Defendant O'HAGAN MEYER, PLLC was served via first-class mail AND/ MDEC to:

Charles Sims, Esquire
411 East Franklin Street, Suite 500
Richmond, VA 23219

O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219


/s/ Samuel Elira_____
Samuel Elira