IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

YOSEPH SEYOUM        *

    Plaintiff,        *

v.        *      Case No.: C-15-CV-25-003984

CHARLES SIMS, et al,.        *

    Defendants.        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Plaintiff YOSEPH SEYOUM, by and through his attorneys, Samuel Elira and the Elira Law Firm, LLC, to file this Amended Complaint against Defendant CHARLES SIMS, Esquire and Defendant O'HANGAN MEYER PLLC. In support thereof, the following is offered:

**I. PARTIES, JURISDICTION, VENUE**

1. Plaintiff YOSEPH SEYOUM is an adult over the age of 18 years and a resident of 1900 Lyttonsville Road, Suite 306, Silver Spring, Maryland 20910 at all times relevant to this Amended Complaint.

2. Defendant CHARLES SIMS is (hereinafter "Defendant Sims") is an attorney barred in the state of Maryland who regularly conducts business in the state of Maryland. The actions complained of in Plaintiff's Complaint and Amended Complaint took place in the state of Maryland,

3. Defendant O'HAGAN MEYER, PLLC is a law firm engaged in the practice of law, with offices at 411 East Franklin Street, Suite 500, Richmond, Virginia 23219, and is the employer of Defendant CHARLES SIMS, and conducts regular business in the state of

EXHIBIT

D

Maryland but is registered as a business, upon information and belief, in Richmond, Virginia. At all times relevant to this Amended Complaint, Defendant CHARLES SIMS, Esquire was an employee of O'HAGAN MEYER, PLLC. Defendant conducted business on behalf of O'HAGAN MEYER, PLLC in the state of Maryland on all dates complained of in Plaintiff's Complaint and Amended Complaint.

4. Venue is proper because the actions complained in Plaintiff's Complaint and Amended Complaint took place in Montgomery County, Maryland.

5. This action is timely filed because the actions alleged in this Complaint and Amended Complaint took place between July 22, 2024 and July 26, 2024. The original Complaint was filed on July 25, 2025.

## II. STATEMENT OF FACTS

6. During the week of July 22-26, 2024, Plaintiff Seyoum was a *pro se* Defendant in a jury in trial against Plaintiff *Crowley, Hoge& Fein, P.C.* O'HAGAN MEYER, PLLC represented *Crowley, Hoge & Fein, P.C* Defendant CHARLES SIMS, Esquire was the attorney for *Crowley, Hoge & Fein, P.C.* The Case no. of the case is C-15-CV-22-004124. It was a jury trial.

7. The jury trial in the above-mentioned case took place July 17, 22, 23, 24, 25 and 26th, 2024.

8. Plaintiff, *Crowley, Hoge & Fein, P.C,* on _____ during the trial, presented a power-point presentation to the jury.

9. During a break, Mr. Seyoum walked outside of the courtroom. Mr. Sims was in the hallway. Mr. Seyoum asked Mr. Sims for a copy of the Power Point presentation presented in trial.

Defendant Sims grew enraged, pointed his fingers at Mr. Seyoum in an aggressive manner, walked toward Mr. Seyoum quickly and yelled "I know what you are doing."

10. Mr. Sims' aggressive approach made Mr. Seyoum fearful causing him to retreat backward. He pleaded with Mr. Sims to calm down in an attempt to deescalate Mr. Sims' growing aggression. Mr. Sims' demeanor walking toward him seemed angry, unhinged, irrational, and inconsolable. Mr. Sims ignored Mr. Seyoum's request to back down and he continued his approach towards Mr. Seyoum. Mr. Seyoum retreated to a safe distance to protect himself from Mr. Smith's unprovoked rage.

11. Mr. Smith's actions of aggressively approaching Mr. Seyoum, causing him to retreat immediately, put him in fear of imminent harm particularly because he was perplexed by Mr. Sims' sudden, unprovoked and surprising anger.

12. During a second break, Mr. Seyoum assumed Mr. Sims' anger had calmed. Mr. Seyoum asked Mr. Sims politely, at a safe distance, for a copy of the witness list offered by Mr. Smith in trial. In this instance, Mr. Sims' lunged toward Mr. Seyoum causing one of Mr. Smith's colleagues to retrain him.

13. [i need information for the battery here]

COUNT I - ASSAULT

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1-13 as if fully set forth under this count.

15. Mr. Seyoum was placed in apprehension of harmful and offensive contact by Mr. Sims' aggressive gestures and approach toward Mr. Seyoum, which caused him to fear reasonable imminent harm despite Mr. Seyoum' attempt to retreat and to deescalate the situation.

Bystanders had to retrain Mr. Sims to stop the attack Mr. Sims attempted to lodge on Mr. Seyoum.

16. Mr. Seyoum was placed in fear of imminent harm due to Mr. Sims' failure to retreat when asked by Mr. Seyoum and Mr. Sims's inability to calm down prompting bystanders to restrain his movement towardPlaintiff.

WHEREFORE, Plaintiff prays for recovery in damages caused by Defendant Sims' tortious behaviour in excess of $75,000.00, including recovery of court courts, attorney's fees, pre-judgment and post judgment interest. Additionally, the Defendant acted maliciously and punitive damages are sought for Defendant's actions.

## COUNT II - BATTERY

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1-16 as if fully set forth under this count.

18. Mr. Sims pushed Mr. Seyoum outside of the courtroom because he was unable to control his emotions. The push offended Mr. Seyoum because it was unprovoked and without Mr. Seyoum's consent.

Plaintiff did not take any actions to provoke Mr. Seyoum's actions.

WHEREFORE, Plaintiff prays for recovery in damages caused by Defendant Sims' tortious behaviour in excess of $75,000.00, including recovery of court courts, attorney's fees, pre-judgment and post judgment interest. Additionally, the Defendant acted maliciously and punitive damages are sought for Defendant's actions.

## COUNT III - INTENTIONIAL INFLICTION OF EMOTIONAL DISTRESS

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1-18 as if fully set forth under this count.

20. Mr. Sims' conduct was intentional and reckless and purposed done to inflict severe emotional distress on Mr. Seyoum;

21. His actions we were done knowingly to cause substantial and severe emotional distress; His actions were taken deliberately in disregard of a high degree of probability that emotional distress would follow;

22. Plaintiff did not take any actions to provoke Mr. Seyoum's actions.

WHEREFORE, Plaintiff prays for recovery in damages caused by Defendant Sims' tortious behaviour in excess of $75,000.00, including recovery of court courts, attorney's fees, pre-judgment and post judgment interest. Additionally, the Defendant acted maliciously and punitive damages are sought for Defendant's actions.

COUNT V- RESPONDEAT SUPERIOR

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1-22 as if fully set forth under this count.

24. Mr. Sims was an employee-agent of Defendant O'HAGAN MEYER, PLLC at all times relevant to this Complaint, employed as attorney. Defendant O'HAGAN MEYER, PLLC had the power to select and hire Mr. Sims, it paid his wages, had the power to discharge him, had the power to control his conduct, and Mr. Sims' work is apart of the regular business of O'HAGAN MEYER, PLLC.

25. Mr. Sims was acting in the scope of his employment when he attended trial on the dates mentioned herein. Mr. Sims' intimidating conduct of aggressively approaching Mr. Seyoum and/or committing battery on Mr. Seyoum was consistent with the goal of winning the case.

26. The intimidation initiated was purposely undertaken to accomplish O'HAGAN MEYER, PLLC's goal of being successful in the litigation.

27. O'HAGAN MEYER, PLLC has not contacted Mr. Seyoum expresses regret and has full knowledge of the despicable conduct of its employee. Thus, O'HAGAN MEYER, PLLC has ratified Mr. Sims' behavior.

WHEREFORE, Plaintiff prays for recovery in damages caused by Defendant Sims' tortious behaviour in excess of $75,000.00, including recovery of court courts, attorney's fees, pre-judgment and post judgment interest.

Respectfully submitted,

/s/ Samuel Elira

Samuel Elira, Esquire
CPF# 18-9060001
5302 E. Court Drive
Upper Marlboro, MD 20772
sqelaw@gmail.com
(301) 936-1418
(301) 218-9406 - fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, Plaintiff's Amended Complaint was served via first-class mail to:

Charles Sims, Esquire
411 East Franklin Street, Suite 500
Richmond, VA 23219

O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219

/s/ Samuel Elira
Samuel Elira