UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| YOSEPH SEYOUM | * | |
| *Plaintiff,* | * | |
| v. | * | Case No.: 25-3446-TDC |
| CHARLES M. SIMS and O'HAGAN MEYER PLLC, | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT

The Defendants, Charles M. Sims and O'Hagan Meyer PLLC ("Defendants"), by and through undersigned counsel, hereby responds to the Complaint filed by Plaintiff, Yoseph Seyoum ("Plaintiff"), and states as follows:

### PRELIMINARY STATEMENT

1. Paragraph 1 contains conclusions of law and arguments to which no response is required. To the extent there are factual averments, Denied.

2. Paragraph 2 contains conclusions of law and arguments to which no response is required. To the extent there are factual averments, Denied.

### JURISDICTION AND VENUE

3. Paragraph 3 contains conclusions of law and arguments to which no response is required. To the extent there are factual averments, Defendants admit that the trial proceedings referenced in paragraph 1 of the Complaint occurred in Montgomery County, Maryland. All other averments Denied.

4. Paragraph 4 contains conclusions of law and arguments to which no response is required. To the extent there are factual averments, Denied.

## PARTIES

5. Admitted.

6. Admitted.

7. Admitted.

## FACTUAL ALLEGATIONS

8. Defendants admit that Plaintiff was a pro se defendant/counterclaim plaintiff in Crowley, Hoge & Fein, P.C. v. Seyoum, Case No. C-15-CV-22-004124, Circuit Court for Montgomery County (the "Montgomery County Action').

9. Defendants admit that Defendants represented Christopher Hoge and Crowley, Hoge & Fein, P.C. (the "CHF Parties") in the Montgomery County Action in defense of the legal malpractice counterclaim brought by Plaintiff in that action. Defendants deny all allegations in paragraph 9 not specifically admitted herein.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Defendants admit that multiple persons, including Christopher Hoge, Michael Thomas, a paralegal, Bradley Canter and court personnel were in the courtroom. Defendants deny all allegations in paragraph 15 of the Complaint not specifically admitted herein.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Paragraph 24 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

25. Denied.

26. Denied.

27. Defendants admit that the court in the Montgomery County Action entered judgment against Seyoum in the amount of $120,624.60, plus costs of $165.00 and prejudgment interest in the amount of $12,809.34. Defendants deny all allegations in paragraph 27 not specifically admitted herein.

28. Defendants are without sufficient information with which to answer. To the extent that an answer is required, Denied.

29. Denied.

30. Defendants admit that Plaintiff filed post-trial motions in the Montgomery County Action seeking to obtain security camera footage, which motions were denied. Defendants deny all allegations in paragraph 30 not specifically admitted herein.

31. Admitted.

32. Defendants admit that Defendant Sims, as counsel for the CHF Parties, filed an opposition to Plaintiff's motion on December 13, 2024. All other factual averments Denied.

33. Paragraph 33 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Defendants admit that Defendant Sims, as counsel for CHF Parties, filed an opposition to Plaintiff's motion on December 13, 2024. All other factual averments Denied.

34. Paragraph 34 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Defendants admit that Defendant Sims, as counsel for the CHF Parties, filed an opposition to Plaintiff's motion on July 16, 2025. All other factual averments Denied.

35. Paragraph 35 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

36. Denied.

37. Denied.

38. Defendants admit that Seyoum filed an Amended Emergency Motion to Compel Ruling on Pending Motions and for Immediate Preservation Order in the Montgomery County Action. Defendants deny all allegations in paragraph 38 not specifically admitted herein.

39. Defendants admit that Seyoum filed an Amended Emergency Motion to Compel Ruling on Pending Motions and for Immediate Preservation Order in the Montgomery County Action. Defendants deny all allegations in paragraph 39 not specifically admitted herein. Denied.

40. Denied.

41. Paragraph 41 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

42. Paragraph 42 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

43. Paragraph 43 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

44. Paragraph 44 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

45. Paragraph 45 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

46. Paragraph 46 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

## COUNT I - ASSAULT

47. Paragraph 47 incorporates previous paragraphs by reference and a response is therefore not required; the extent one is, Defendants reallege and incorporate their responses to Paragraphs 1 through 46.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Paragraph 53 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

54. Paragraph 54 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

55. Paragraph 55 contains conclusions of law and arguments and a prayer for relief to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

## COUNT II - BATTERY

56. Paragraph 56 incorporates previous paragraphs by reference and a response is not required; to the extent one is, Defendants reallege and incorporate their responses to Paragraphs 1 through 55.

57. Paragraph 57 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

58. Paragraph 58 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

59. Paragraph 59 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

60. Paragraph 60 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

61. Paragraph 61 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

62. Paragraph 62 contains conclusions of law and arguments and a prayer for relief to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Paragraph 63 incorporates previous paragraphs by reference and a response is therefore not required; to the extent one is, Defendants reallege and incorporate their responses to Paragraphs 1 through 63.

64. Paragraph 64 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

65. Paragraph 65 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

66. Paragraph 66 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

67. Paragraph 67 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

68. Paragraph 68 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

69. Paragraph 69 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

70. Paragraph 70 contains conclusions of law and arguments and a prayer for relief to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

**COUNT IV - OBSTRUCTION OF JUSTICE**

71. Paragraph 71 incorporates previous paragraphs by reference and a response is not required; to the extent one is, Defendants reallege and incorporate their responses to Paragraphs 1 through 70.

72. Paragraph 72 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

73. Paragraph 73 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

74. Paragraph 74 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

75. Paragraph 75 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

76. Paragraph 76 contains conclusions of law and arguments to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

77. Paragraph 77 contains conclusions of law and arguments and a prayer for relief to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

**PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief Paragraphs A through G contain conclusions of law and arguments and a prayer for relief to which no response is required. To the extent that this paragraph includes allegations of fact, Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. If Plaintiff suffered the damages alleged, which fact Defendants expressly deny, then such damages resulted from other and further reasons for which Defendants would not be responsible.

3.  If Plaintiff suffered the damages alleged, which fact Defendants expressly deny, then such damages resulted from the acts and/or omissions of other third parties for which Defendants would not be responsible.

4.  Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in his claim.

5.  Plaintiff's claims are limited and/or barred by release, waiver and/or estoppel.

6.  Defendants reserves the right to raise any defense available in law or in equity that becomes known during the course of discovery in this matter.

Respectfully Submitted,

*/s/ Justin S. Dunbar*
Justin S. Dunbar, Esq. (# 27699)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
Tel.: (410) 783-6432
Fax: (410) 783-6483
jsdunbar@nilesbarton.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 24th day of October, 2025, a copy of this Answer was served via PACER and electronic mail on the following counsel of record:

Samuel Elira, Esquire
5302 E. Court Drive
Upper Marlboro, Maryland 20774
Tel.: (301) 936-1418
sqelaw@gmail.com
*Counsel for Plaintiff*

*/s/ Justin S. Dunbar*
Justin S. Dunbar, Esq. (# 27699)