UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

November 12, 2025

TO:        Counsel of Record

RE:        *Seyoum v. Sims. et al.* (8:25-cv-03446-AAQ)

**Standing Order on Resolution of Discovery Disputes**

Dear Counsel:

I hope this letter finds you well.  In the case of a discovery dispute in a case pending before me or referred to me for discovery related matters, and in accordance with Fed. R. Civ. P. 16(b)(3)(B)(v), and U.S. District Court of Maryland Local Rule ("Local Rules") 104.8, before any party raises a discovery dispute with the Court, it must attempt in good-faith to resolve the dispute, either in-person, telephonically, or virtually.  Please note that an electronic mail communication, by itself, will be insufficient to meet this requirement, unless a party has requested to arrange such a conference on two separate occasions on two separate, non-consecutive business days and on neither occasion received a response within a reasonable time.  Once this requirement has been satisfied, and in accordance with Local Rule 104.8.c., counsel alerting the Court of the dispute shall file a certificate stating that they have satisfied this requirement.

Once the party has conferred in good faith, it may choose one of two means to raise the dispute with the Court: a formal motion; or a short letter-brief initiating an expedited process.  The expedited process shall, at a minimum, be used for the three situations not subject to a motion to compel described in Local Rule 104.8, but may be used for any discovery dispute a party wishes to raise with my chambers.  If a party chooses to initiate the formal process, it will be governed by the rules and procedures applicable to any motion before the Court.  If a party chooses to initiate the expedited process, it should follow the procedures below:

1)     Please file a brief letter (no more than one page) requesting the initiation of a formal dispute and describing the general nature of the dispute.  The certificate described above shall be included with this filing.

2)     Within three business days, each party to the dispute shall file a short letter brief (no more than three pages: single-spaced, 12-point font, with blank lines between paragraphs and headings) presenting their position on the dispute and referencing any legal and factual authorities supporting their position.  The letters shall not be sequenced to allow a "reply" and no further briefing shall be allowed once the letters have been filed unless I have specifically requested them.  The meet and confer requirement shall provide a sufficient opportunity to learn of the opposing

November 12, 2025
Page 2 of 2

party's position before filing the three-page letter. I will not accept any attachments unless permission to submit them is specifically included in the one-page letter described in paragraph one and an explanation is provided therein of the need to include the attachment(s). Even then, a total of no more than 5 pages of attachments may be attached to the three-page letter.

3) Within seven days of receiving the three-page letters, I will either schedule a telephone conference to resolve the dispute or resolve the dispute on the papers alone. If the former, my chambers will contact both parties with proposed times that I am available for a conference call.

4) I will attempt to resolve as many disputes as I can using the expedited process. However, if I determine that further briefing would be beneficial and the delay associated with formal briefing would not affect the substantial administration of justice, I may request the parties submit formal briefing on the matter.

Despite the informal nature of this Order, it will constitute an Order of the Court and will be docketed accordingly. I appreciate the parties' attention to the procedures outlined herein and their prompt and collegial interactions with opposing counsels in each case.

All the best,

_____/s/_____
Ajmel A. Quereshi
U.S. Magistrate Judge