IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **YOSEPH SEYOUM** | * | |
| **Plaintiff** | * | |
| | * | Case No.: 8:25cv03443AAQ |
| v. | * | |
| | * | |
| | * | |
| **CHARLES M. SIMS, et al.** | * | |
| **Defendant** | * | |

## JOINT RULE 26(f) REPORT

Plaintiff and Defendant, by and through undersigned counsel, submit this Joint Report pursuant to Federal Rule of Civil Procedure 26(f), consistent with the Court's Scheduling Order. This is a civil action arising from two separate incidents of alleged assault and battery committed in connection with court proceedings. Plaintiff alleges that Defendant engaged in intentional tortious conduct inside a courtroom and immediately outside the courtroom during week of July 22-26, 2024. Defendant denies liability. The claims and defenses turn primarily on eyewitness testimony and contemporaneous evidence.

### Rule 26(a)(1) Initial Disclosures

Pursuant to the Court's Scheduling Order, Rule 26(a)(1) initial disclosures are not required in this action, and none will be exchanged.

### Discovery Plan

The parties agree that discovery should be proportional to the needs of the case and narrowly tailored. Discovery will focus on: (1) the events occurring on the two dates at issue; (2) the identity and testimony of witnesses present during the alleged incidents;

and (3) any contemporaneous documents, communications, or recordings relating to the incidents. The parties anticipate interrogatories and requests for production directed to the factual circumstances of the alleged incidents, witness identification, and any incident-related documentation.

## Depositions

Plaintiff anticipates taking depositions of Defendant and fact witnesses who were present during the alleged incidents, including attorneys, staff, and other third parties with direct observations. Defendant reserves all objections but acknowledges that such witnesses are fact witnesses to the extent of their observations. Depositions will proceed in accordance with the limits and deadlines set forth in the Scheduling Order.

## Preservation of Information

The parties have taken reasonable steps to preserve potentially relevant information, including emails, text messages, and other electronic communications concerning the incidents at issue, as well as any available security or surveillance footage.

## Privilege and Work Product

The parties anticipate that issues of attorney-client privilege and work product may arise. The parties agree that: (1) privileged materials will be withheld and identified on a privilege log; (2) observations of events, physical conduct, and non-communicative acts are not privileged; (3) the parties will meet and confer in good faith before seeking Court intervention on privilege disputes.

## Protective Order / Confidentiality

At this time, the parties do not seek entry of a blanket protective order. Either party may request a narrowly tailored protective order should specific confidentiality issues arise.

## Dispositive Motions

The parties acknowledge that deadlines for dispositive motions are governed by the Scheduling Order. No modification of those deadlines is requested at this time.

## Alternative Dispute Resolution (ADR)

The parties discussed the possibility of alternative dispute resolution. The parties will comply with the ADR requirements set forth in the Scheduling Order or by further order of the Court.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| [signature] | /s/ Justin Dunbar, Esq. |
| Samuel Q. Elira Sr., Esquire | Justin Dunbar, Esq. (#27699) |
| Md. Bar No. 22164 | Niles, Barton & Wilmer, LLP |
| 5302 E Court Dr. | 111 South Calvert Street |
| Upper Marlboro, MD 20772 | Suite 1400 |
| (301) 936-1418 (*office*) | Baltimore, MD 21202 |
| Counsel for Plaintiff | Counsel for Defendant |
| Date: 12/23/2025 | Date: 01/15/2026 |