# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND



CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSChambers@mdd.uscourts.gov

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

March 17, 2026

**<u>Via Electronic Filing</u>**

**<u>PLEASE READ THIS DOCUMENT IN ITS ENTIRETY</u>**

| | |
|---|---|
| **Samuel Q. Elira, Esquire** | **Justin Scott Dunbar, Esquire** |
| The Elira Law, Firm, LLC | Niles, Barton & Wilmer, LLP |
| 3060 Mitchellville Rd. | 111 South Calvert Street |
| Suite 101 #2 | Suite 1400 |
| Bowie, MD 20716 | Baltimore, MD 21202 |
| sqelaw@gmail.com | jsdunbar@nilesbarton.com |

Re:   *Seyoum v. Sims, et al.*
       Civil Action No. 8:25-cv-03446-AAQ

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **May 26, 2026 at 12:00 p.m.** The settlement conference will occur via Zoom for Government ("ZoomGov"). A separate email will follow regarding the use of ZoomGov.[1] Please also be advised that the conference may last for several hours and all those in attendance should plan accordingly.

Per Local Rule 607.3, it is essential that the attorneys for the parties and the parties-- or in the case of a corporation, partnership, or government entity, a representative, with **<u>complete authority</u>** to enter into a binding settlement-- shall participate in this conference. These are the "necessary participants."  A person with "complete authority" is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not in attendance at the settlement conference. **Attendance by the attorney for a party is <u>not</u> sufficient.**[2]

---

[1] The Court is also available to do in-person mediation.

[2] This requirement will only be waived upon a showing of exceptional circumstances.  If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be <u>emailed</u> to my Chambers for my consideration <u>at least two weeks</u> before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner. Also, counsel shall confer with all other parties in the case and provide their position(s) in your letter to the Court.

*Seyoum v. Sims, et al.*
March 17, 2026
Page 2

By no later than **Tuesday, May 12, 2026,** I would like to receive from each party via email (MDD_GLSChambers@mdd.uscourts.gov) a short *ex parte* letter (not to exceed **5** single-spaced pages).  Your letter submission shall candidly set forth the following:

(1)     facts that you believe that you can prove at trial;

(2)     the major weaknesses in each side's case, both factual and legal;

(3)     reference to any pending dispositive or other motions that would have a significant effect on settlement for the Court to review prior to settlement (please include a copy of the motion(s) or the docket number(s) associated with the motions);

(4)     an evaluation of the maximum and minimum damage awards you believe likely, and the amount of any existing liens;

(5)     to the extent that it applies, an itemization of all damages. Please attach all spreadsheets and summary charts (if applicable);

(6)     if your client will take the position in settlement discussions that a lack of financial resources will impact your client's ability to pay a judgment or settlement, a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets, the amount of any relevant mortgages or liens, and recent income tax information. Documentation supporting the contentions in the summary should be provided to opposing counsel prior to the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the *ex parte* letter for the Court's review;

(7)     the history of any settlement negotiations to date;

(8)     estimate of attorneys' fees and costs of litigation through trial;

(9)     any other information that you would like to share for Judge Simms' eyes only, including (for the Plaintiff(s)) any unusual issues regarding the computation of damages; and

(10)    the name and title of the individual(s) who will be attending the conference, i.e., the names of the necessary participants.[3]

---

[3] Typically, it is most productive if only the parties to the case attend the settlement conference.  Thus, non-parties (other than counsel) will not be permitted to attend the conference absent consent from opposing counsel and prior approval from the Court.

*Seyoum v. Sims, et al.*
March 17, 2026
Page 3

The letters may be submitted *ex parte* and will be solely for my use in preparing for the settlement conference. I also will review select pleadings in the court file.  In addition, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter by email. Should your *ex parte* submission exceed a total of 25 pages, a paper copy should be mailed or hand delivered to Chambers by no later than **3 business days** after the above deadline for submissions via email. Delivery confirmation should be sent to Chambers.

Because settlement conferences are often more productive if the parties previously exchange demands and offers and make a good faith effort to settle the case on their own, I require the plaintiff to submit a written itemization of damages and a settlement demand to the defendant prior to the settlement conference. In preparation for the conference, Plaintiff shall submit a written demand to the Defendants no later than **10 business days** before the settlement conference. Defendants shall submit a written counteroffer to the Plaintiff no later than **5 business days** before the settlement conference. Defendants' counteroffer shall contain any alternate itemization of damages. Thereafter, the parties should continue to engage in negotiations.[4] **All exchanges between the parties shall be via facsimile or e-mail, with a courtesy copy e-mailed to Chambers at the time of the exchange.**

**FAILURE TO COMPLY WITHOUT JUSTIFICATION MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

If counsel believes that a telephone conference prior to **Tuesday, May 26, 2026** would make the settlement conference more productive, please **email** my chambers to make arrangements.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

I look forward to seeing you on **May 26, 2026**.

Sincerely yours,

_____
/s/
The Honorable Gina L. Simms
United States Magistrate Judge

---

[4] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, absent informed client consent, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. However, the opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.