# NILES·BARTON&WILMER LLP

Trusted Legal Advisors Since 1838.

**Justin S. Dunbar, Esquire**
**Partner**
**Direct Dial** (410) 783−6432

**Fax** (410) 783−6488

**Email** jsdunbar@nilesbarton.com
Admitted to practice in Maryland

March 26, 2026

## DEFENDANTS, CHARLES M. SIMS AND O'HAGAN MEYER PLLC'S, NOTICE OF INTENT TO FILE A MOTION

**VIA CM/ECF**
Hon. Ajmel A. Quereshi
U.S. Magistrate Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Suite 235A
Greenbelt, MD 20770

|  |  |
|---|---|
| Re: | ***Yoseph Seyoum v. Charles M. Sims, et al.*** |
|  | United States District Court for the District of Maryland |
| Case No.: | 8:25-cv-03446-AAQ |
| Our File No.: | 002860.776291 |

Dear Judge Quereshi,

Pursuant to Section II(A)(2) of this Court's Case Management Order, please accept this correspondence as Defendants, Charles M. Sims and O'Hagan Meyer PLLC's, Notice of Intent to File a Motion for Summary Judgment pursuant to Federal Rule 56.

Discovery closed on March 12, 2026. Plaintiff's Complaint alleges that Defendant Sims committed tortious assault and battery on two occasions during court proceedings in the Circuit Court for Montgomery County, Maryland during the week of July 22 to 26, 2024. The background of this matter arises following a string of lawsuits filed by and against the Plaintiff, Yoseph Seyoum. Mr. Seyoum pursued a legal malpractice case, in which he was represented by Christopher Hoge, Esq. That case was unsuccessful and generated substantial legal fees. Mr. Hoge pursued a collections action against Mr. Seyoum, where he was represented by attorney Bradley Canter, Esq.; Mr. Seyoum counterclaimed for legal malpractice against Mr. Hoge, who engaged Defendant Charles Sims to represent him as malpractice defense counsel. This is the court proceeding at issue in the present litigation. Mr. Seyoum proceeded *pro se* at this trial. In his opening statement at trial, Mr. Sims used a PowerPoint presentation which emphasized the weaknesses of Mr. Seyoum's case. Afterward, Mr. Seyoum demanded a copy and Mr. Sims

informed Plaintiff that he was not obligated to provide it. Mr. Seyoum proceeded to confront Mr. Sims demanding the PowerPoint for the rest of the trial both on the record and during breaks.

On the morning of the second day of trial, Mr. Seyoum approached Mr. Sims as he was setting up for the day again demanding the PowerPoint slides. Mr. Hoge, Mr. Sims' associate attorney Michael Thomas, Esq., and Mr. Sims' paralegal Margaret Wheeler were also present at trial table at this time and Mr. Sims' back was to Plaintiff.  Mr. Sims then turned around and firmly told him to back away.  It is undisputed in the discovery record that at no point did Mr. Sims make physical contact with Mr. Seyoum.

Later in the week of trial, Mr. Sims was standing in the lobby outside the courtroom with his client, Mr. Hoge, and several other members of the trial team, including Mr. Canter, Mr. Thomas and Ms. Wheeler. Mr. Seyoum approached, again demanding the PowerPoint. Mr. Sims again firmly refused. Mr. Thomas stepped between them and faced Mr. Seyoum with his arms crossed until Seyoum walked away. Again, it is undisputed that at no time did Mr. Sims make physical contact with Mr. Seyoum.

Mr. Seyoum was unsuccessful in his malpractice claim against Mr. Hoge and a judgment was awarded against him for the collections action. Plaintiff then filed this action against Mr. Sims and his firm, claiming assault, battery, and intentional infliction of emotional distress.

Defendant intends to file a Motion for Summary Judgment on all Counts of Plaintiff's Complaint.  No evidence has been produced in discovery upon which a fact finder can find that a battery occurred.  Indeed, all evidence in the record establishes that Defendant Sims did not touch the Plaintiff at any time or in any way, a fact which Plaintiff does not dispute. This fact is further supported by the Affidavits of Mr. Hoge, Mr. Canter, Mr. Thomas and Ms. Wheeler.  In Maryland, liability for the tort of battery requires a showing of an "intentional touching of a person without that person's consent," where "touching" is defined to include "the intentional putting into motion of anything that touches another person, or that touches something that is connected with, or in contact with, another person." *White Pine Ins. Co. v. Taylor*, 233 Md. App. 479, 504 (2017) (quoting Maryland Pattern Jury Instructions § 15:2 (5th ed. 2017)). The touching must have been harmful or offensive. *See id.* Plaintiff has, quite simply, failed to produce any evidence whatsoever which would support a claim that an offensive or harmful contact occurred—indeed, that *any* contact occurred at all.  Therefore, there is no genuine dispute of any material fact as to the battery count and Defendants Sims and O'Hagan Meyer are entitled to judgment as a matter of law.

Further, drawing all disputes of material fact in Plaintiff's favor, no reasonable fact finder could grant him relief for assault as a matter of law. For tort liability for assault to lie in Maryland, the plaintiff must prove 1) that they were threatened by a defendant who possessed the apparent present ability to carry out that threat, and 2) the defendant's actions must have raised in the plaintiff's mind an apprehension of imminent bodily harm. *Lee v. Pfeifer*, 916 F. Supp. 501, 505-06 (D. Md. 1996). No reasonable juror would find that Mr. Sims, a lawyer surrounded by courtroom staff and Sheriff's deputies, objectively threatened to strike Mr. Seyoum under the circumstances the Plaintiff alleges. Further, there is no evidence that Defendant Sims used any threatening language, only that he sternly refused to provide Plaintiff which a copy of the PowerPoint presentation used during opening statement at trial.  Even if Plaintiff perceived Mr.

Sims speaking sharply to him as threatening, no objective, reasonable person would have found Mr. Sims' conduct to be a "present threat." These facts are also further supported by Affidavits of Mr. Hoge, Mr. Canter, Mr. Thomas and Ms. Wheeler. Based on the evidence in the record, there is no genuine dispute as to any material fact as to the assault count and Defendants are entitled to judgment as a matter of law.

Finally, drawing all disputes of material fact and reasonable inferences therefrom in the Plaintiff's favor, there is no evidence in the record which would establish liability for intentional infliction of emotional distress in Plaintiff's favor. Liability for this tort requires a showing of extreme and outrageous conduct by the defendant, and "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not suffice. *Harris v. Jones*, 281 Md. 560, 567 (1977). The evidence in the record shows that Mr. Sims, at worst, yelled at Plaintiff and spoke to him firmly. No evidence exists to support an allegation of even a threat. This is simply not the type of conduct sufficient to establish liability for intentional infliction of emotional distress as a matter of law.

The parties, through counsel, have conferred on multiple occasions. Plaintiff has expressed a desire to move forward and that he is confident that he will prevail on his claims. Based on the circumstances of the case and the seriousness of the allegations, further discussion of resolving the matter without resort to Defendants' Motion for Summary Judgment would certainly be fruitless.

Defendants, Charles M. Sims and O'Hagan Meyer PLLC, hereby file this Notice of Intent to File a Motion. Thank you in advance regarding this matter, and if you have any questions, please never hesitate to contact me.

Sincerely,

Justin S. Dunbar
*Counsel for Defendants, Charles M. Sims and O'Hagan Meyer PLLC*

cc: All counsel of record (Via CM/ECF)

3