# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

YOSEPH SEYOUM,        *

      Plaintiff,        *

v.        *        **Case No.: 25-3446-TDC**

CHARLES M. SIMS, *et al.,*        *

      Defendants.        *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## DEFENDANT, CHARLES M. SIMS, ESQUIRE'S, ANSWERS TO PLAINTIFF'S INTERROGATORIES

**TO:** YOSEPH SEYOUM, *Plaintiff*

**FROM:** CHARLES M. SIMS, ESQUIRE *Defendant*

Defendant, Charles M. Sims, Esquire ("Defendant"), by and through his attorneys, Justin S. Dunbar, Joshua B. Keyser, and Niles, Barton & Wilmer, LLP, hereby answers the Interrogatories propounded by Plaintiff Yoseph Seyoum ("Plaintiff"), and states as follows:

      a.       The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and attorneys, unless privileged.

      b.       The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers, and thus does not necessarily purport to be the precise language of the executing party.

      c.       The information contained in these Answers is being provided in accordance with the provisions and intent of the Maryland Rules of Procedure, which require disclosure of facts which may be relevant or which may lead to the discovery of relevant information. Accordingly, the party answering these Interrogatories, by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

EXHIBIT

B

**ANSWERS**

**INTERROGATORY NO. 1:** Please provide your full legal name, any previously used aliases, your current residential address, and your date of birth for the record.

      **ANSWER:** Objection; Defendant's residential address is not relevant to any fact at issue in this matter.

      Subject to and without waiving said objection, Charles M. Sims; business address: O'Hagan Meyer, 411 East Franklin Street #500, Richmond, VA 23219.

**INTERROGATORY NO. 2:** Identify all individuals who possess personal knowledge of facts pertinent to this litigation and describe how each individual obtained such knowledge.

      **ANSWER:** Christopher Hoge, Esquire, Bradley Canter, Esquire, Margaret Wheeler, and Michael Thomas, Esquire possess personal knowledge of facts pertinent to this litigation. Each was present for the underlying jury trial held in the Circuit Court for Montgomery County between July 22 to 26, 2024, and they were eyewitnesses to some or all interactions between Plaintiff and Defendant Sims during that period.

**INTERROGATORY NO. 3:** Kindly provide the names, addresses, and telephone numbers of all individuals who witnessed the occurrence in question.

      **ANSWER:** Christopher G. Hoge, Esq,; 2127 Espey Court, Suite 204, Crofton, Maryland 21114; (410) 721-1979;

      Bradley T. Canter, Esq.; 2200 Research Boulevard, Suite 560, Rockville, Maryland 20850; (301) 424-7490;

      Margaret Wheeler; 411 East Franklin Street #500, Richmond, Virginia 23219; (804) 403-7100;

      Michael W. Thomas, Esq.; 1717 Pennsylvania Avenue NW, 12th Floor, Washington, D.C. 20006; (202) 659-6623;

Court staff of the Circuit Court for Montgomery County, Maryland and/or other bystanders, present in Courtroom 7B and the lobby outside of the courtroom on July 22 to 26, 2024; names, addresses, and phone numbers unknown.

**INTERROGATORY NO. 4:** Describe in complete chronological detail your version of events on the date of the incident, beginning ten minutes before your first contact with Plaintiff and ending ten minutes after your last contact with Plaintiff, including all words spoken by you and by Plaintiff to the best of your recollection and the actions you took immediately following the occurrence.

**ANSWER:** Objection. Neither Plaintiff's Complaint nor these Interrogatories define a "date of the incident." Defendant further objects to the use of the phrase "version of events." This Interrogatory cannot be answered as drafted. Without waiving and subject to these objections, Defendant Sims answers as follows: In or around 2022, Christopher Hoge, Esquire engaged Defendant to represent him and Crowley, Hoge & Fein, P.C. in defense of a counterclaim for legal malpractice brought by Plaintiff in the case styled *Crowley, Hoge & Fein, P.C. v. Yoseph Seyoum*, C-15-CV-22-004124. The underlying case involved a claim brought by Crowley, Hoge & Fine, P.C. (the "Firm") against Mr. Seyoum for unpaid legal fees. Bradley Canter, Esquire represented the Firm in the connection with its claim for unpaid legal fees.

The case was tried to a jury between July 22 and 26, 2024, in the Circuit Court for Montgomery County, Maryland. Mr. Seyoum represented himself as *pro se* defendant with respect to the Firm's claim for unpaid legal fees and as a p*ro se* plaintiff with respect to his counterclaim for legal malpractice.

On the first day of trial, July 22, 2024, after Plaintiff gave his opening statement to the jury, Defendant Sims made his opening statement to the jury and in so doing, he used a PowerPoint presentation as a demonstrative exhibit. After the parties made their opening statements, Seyoum read most of the transcript from Rebecca Deucher's deposition to the jury, during which he paused repeatedly in theatrical display of emotions. He then called Mr. Hoge as witness. During Plaintiff's

examination of Mr. Hoge, he repeatedly turned and stared at Defendant Sims. At the conclusion of the trial that day, Defendant Sims raised the issue regarding Seyoum's conduct with the Court. Plaintiff continued to engage in this sort of theatrics throughout the trial—staring at Defendant Sims while examining witnesses, continually pointing his finger at the witnesses for which the Court repeatedly admonished him, and pausing repeatedly during examination of witness while appearing to cry or feigning emotional distress.

On morning of the second day of the trial, Defendant Sims was sitting at defense counsel's table in the Courtroom preparing for that day's witnesses. Also present at the defense counsel's table were Mr. Hoge, Mr. Canter, Ms. Wheeler, a paralegal employed by O'Hagan Meyer, and Mr. Thomas, an associate attorney employed by O'Hagan Meyer at the time. There were also several members of the court staff present in the courtroom at the time. Plaintiff came to the defense counsel's table, stood over Defendant Sims and accused him of misrepresenting the facts in the PowerPoint deck Defendant Sims had used when presenting his opening statement to the jury. Plaintiff demanded that Defendant Sims provide him with a copy of the PowerPoint that he had used in opening. Defendant Sims responded that the PowerPoint accurately informed the jury of the facts that would be established at trial and that Plaintiff had made no objection to the PowerPoint at any time during or immediately after Defendant Sims gave his opening statement to the jury. Accordingly, Defendant Sims stated that he would not provide Plaintiff with the PowerPoint slides. As Plaintiff walked away from the Defense table, Defendant got up from the table to retrieve documents from a banker's box behind him. Defendant's back was to Plaintiff's counsel table. Plaintiff again approached Defendant from behind and loudly demanded that Defendant Sims provide him with a copy of the PowerPoint presentation. Defendant turned and told Plaintiff to back away from him. Defendant Sims did not make physical contact with Plaintiff

at any time. Defendant Sims did not raise his arms or threaten Plaintiff. Nor did Defendant Sims raise his voice or yell at Plaintiff. Plaintiff backed away while throwing his hands up and theatrically yelling "Mr. Sims! Mr. Sims!" repeatedly. Defendant did not respond to Plaintiff's theatrics, and took his seat at the defense counsel's table.

Later, on either July 24 or 25, 2024, after the trial had concluded for the day, Defendant Sims was conversing about the case with his client, Mr. Hoge, and with Mr. Canter, Ms. Wheeler, and Mr. Thomas. Several bystanders, including Sheriff's deputies, were present in the lobby of the Courthouse at the time of the conversation. Plaintiff approached Defendant from behind and, once again, demanded a copy of the PowerPoint. Defendant Sims once again stated that he would not provide Plaintiff with a copy of the PowerPoint. Plaintiff refused to drop the matter, was clearly agitated, and continued to badger Defendant Sims to provide him with the PowerPoint. At this time, Mr. Thomas placed himself between Defendant and Plaintiff and stood facing Plaintiff with his arms crossed. Mr. Thomas then turned towards Defendant Sims, who resumed the conversation with other noted counsel. Plaintiff walked away. Defendant did not threaten Plaintiff in any way, nor did he raise his hands or attempt to touch Plaintiff at any time. Again, at no time did Defendant Sims raise his voice toward Plaintiff. Mr. Hoge, Mr. Canter, Ms. Wheeler and Mr. Thomas were witnesses to these moments between Plaintiff and Defendant and corroborate these facts.

**INTERROGATORY NO. 5:** State the substance of all discussions concerning the occurrence that you or others in your presence had with any party to this case. Please include the date and location of each discussion and identify all individuals present.

**ANSWER:** Objection. This Interrogatory contains undefined terms such as "occurrence." It is further objectionable to the extent it seeks information contained in communications protected by privilege including, but not limited to, attorney-client privilege, work product privilege, and/or common interest privilege.

Subject to and without waiving said objection, none.

**INTERROGATORY NO. 6:** Identify and describe each and every item of documentation which you are aware pertains to the allegations outlined in the Complaint. In your response, please include a description of the documentation (e.g., photographs, video recordings, transcripts, correspondence), the date it was created, the parties involved (e.g., the recipient and the signatory), the current holder of said documentation, and a summary of its content.

**ANSWER:** Defendant is aware of email correspondence from Plaintiff, and statements made on the record in the Circuit Court for Montgomery County, where Plaintiff falsely accused Defendant Sims of chasing him in the courtroom ("you chased me"). Please see attached documents. Additionally, Affidavits of Defendant, Christopher Hoge, Bradley Canter, Margaret Wheeler, and Michael Thomas are attached hereto. Also attached is the trial transcript of the underlying trial.

**INTERROGATORY NO. 7:** State whether law enforcement officers responded to the scene of the incident and, if so, identify each agency and officer, describe your interactions with them, and state whether you were questioned, detained, arrested, or charged.

**ANSWER:** None. There were law enforcement officers present for the events in the lobby of the Circuit Court for Montgomery County referred to in the Complaint, who did not respond in any way whatsoever as no event occurred that would require the intervention of law enforcement officers.

**INTERROGATORY NO. 8:** Indicate whether you or any party through whom you are claiming is aware of any written or oral statements regarding the subject matter of this action made by you or any agent, representative, or employee. If so, please provide the substance of each such statement along with details regarding the time and place of the statement, the individual making the statement, the recipient, the person currently possessing the statement, and any relevant documents.

**ANSWER:** Objection. This information is not discoverable. *See Fernandes v. United Fruit Co.*, 50 F.R.D. 82, 83-84 (D. Md. 1970) (no discovery of those persons from whom a statement was taken); *Board of Educ. v. Heating & Ventilating, Inc.*, 104 F.R.D. 23, 32 (N.D. Ill. 1984) (interrogatory cannot ask who was interviewed and whether a statement was

prepared); *Uinta Oil Refining Co. v. Continental Oil Co.*, 226 F.Supp. 495, 500, 505-06 (D.Utah 1964) (no discovery of those persons from whom a statement was requested or taken); *Buining v. The Transporter*, 171 F.Supp. 127, 133 (D.Md. 1959) (court disallowed interrogatory seeking identity of any person who had given a written statement to the opponent); *O'Brien v. Equitable Life Assur. Soc'y*, 13 F.R.D. 475, 477 (W.D. Mo. 1953) (same); *Caplan v. Zalis* (Super. Ct. Balto. City Mar. 1, 1956), reprinted in Maryland Discovery Opinions 58 (B. Kaufman ed. 1975) (no discovery of individuals who have given oral statements).

Without waiving such objection, Defendant has no discoverable statements other than those noted in Answer No. 6.

**INTERROGATORY NO. 9:** Identify all individuals you anticipate calling as expert witnesses at trial. For each expert, outline their qualifications, the subject matter on which they are expected to testify, a summary of their findings and opinions, and the basis for each opinion. Furthermore, please attach copies of any written reports from these experts related to their findings and opinions.

**ANSWER:** None. To the extent that discovery is still ongoing in this matter, Defendant reserves the right to supplement this Answer.

**INTERROGATORY NO. 10:** Identify all fact witnesses, other than expert witnesses, whom you expect to call at trial. For each witness, provide their name, address, and the subject matter on which they are expected to testify.

**ANSWER:** Christopher G. Hoge, Esq,; 2127 Espey Court, Suite 204, Crofton, Maryland 21114; (410) 721-1979; expected to testify upon his recollection of the events he witnessed of Plaintiff confronting Defendant Sims regarding producing the PowerPoint;

Bradley T. Canter, Esq.; 2200 Research Boulevard, Suite 560, Rockville, Maryland 20850; (301) 424-7490; expected to testify upon his recollection of the events he witnessed of Plaintiff confronting Defendant Sims regarding producing the PowerPoint;

Margaret Wheeler; 411 East Franklin Street #500, Richmond, Virginia 23219; (804) 403-7100; expected to testify upon her recollection of the events she witnessed of Plaintiff confronting Defendant Sims regarding producing the PowerPoint;

Michael W. Thomas, Esq.; 1717 Pennsylvania Avenue NW, 12th Floor, Washington, D.C. 20006; (202) 659-6623; expected to testify upon his recollection of the events he witnessed of Plaintiff confronting Defendant Sims regarding producing the PowerPoint.

Each of these witnesses statements are described in more detail in the attached Affidavits.

**INTERROGATORY NO. 11:** State whether you have ever been accused, arrested, charged, or sued in any civil, criminal, or administrative proceeding for assault, battery, domestic violence, or any other offense involving physical force against another person, and for each such matter state:

(a) The date and place;
(b) The nature of the allegation;
(c) Case Number and Court division; and
(d) The outcome.

**ANSWER:** Objection. This Interrogatory seeks irrelevant information.

Without waiving and subject to the objection, Plaintiff accused Defendant of Second-Degree Assault in the District Court of Maryland for Montgomery County, D-05-CR-25-025384, which was dismissed upon the court's preliminary inquiry. Otherwise, none.

# VERIFICATION

I HEREBY CERTIFY UNDER THE PENALTIES OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Charles M. Sims

As to any objections,


*/s/ Justin S. Dunbar*
Justin S. Dunbar, Esq. (# 27699)
Joshua B. Keyser, Esq. (#31406)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
Tel.: (410) 783-6432
Fax: (410) 783-6483
jsdunbar@nilesbarton.com
jbkeyser@nilesbarton.com
*Counsel for Defendants*

4921-2765-2502, v. 1