**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND (SOUTHERN DIVISION)**

| | | |
|---|---|---|
| **YOSEPH SEYOUM,** | * | |
| *Plaintiff,* | * | |
| **v.** | * | **Case No.: 25-3446-TDC** |
| **CHARLES M. SIMS, et al.,** | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S FIRST RESPONSE TO DEFENDANT'S FIRST REQUEST FOR INTERROGATORIES

Plaintiff, by and through its attorneys, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, responds and objects to Defendant's First Set of Interrogatories. Plaintiff

### PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS:

Plaintiff's investigation, discovery, and preparation for trial are ongoing. These responses are made based on information and documents currently known and available to Plaintiff at this time. Plaintiff has conducted a diligent search and reasonable inquiry, but because all responsive materials may not yet be in Plaintiff's possession, custody, or control, Plaintiff expressly reserves the right to supplement, clarify, or amend these responses, and to produce additional responsive documents, as they are located or become available.



**EXHIBIT**

**H**

**Answers.**

**1.** Yoseph Seyoum.
1900 Lyttonsville Road,
Unit 306, Silver Spring,
MD 20910.
DOB: 01/13/1970
SSN: 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.

**2.**

   a. **Attorney Robert Lazzaro.**
After the assault and battery incident, I informed Mr. Lazzaro as to how Mr. Sims conducted himself when I asked him to share the PowerPoint presentation he used during his opening statement.

   b. **Sean R. Day, Attorney at Law.**
After the assault and battery incidents, I informed Mr. Day as to how Mr. Sims conducted himself when I asked him to share the PowerPoint presentation he used during his opening statement.

   c. **Attorney Andrew Lawrence.**
After the assault and battery incidents, I informed Mr. Lawrence as to how Mr. Sims conducted himself when I asked him to share the PowerPoint presentation he used during his opening statement.

   d. **Attorney Sylvia Adams.**
After the assault and battery incidents, I informed Ms. Adams as to how Mr. Sims conducted himself when I asked him to share the PowerPoint presentation he used during his opening statement.

   e. **Tsion Assefa.**
After the assault and battery incidents, I informed Ms. Assefa as to how Mr. Sims conducted himself when I asked him to share the PowerPoint presentation he used during his opening statement.

   f. **John J McCathy**
Maryland State's Attorney. Filed a criminal complaint.

   g. **Lt. Col. Christopher M. Feldenzer**
Montgomery County Sheriff's Department. I sent an email and motion requesting preservation of security camera footage.

   h. **Judge Ronald B Rubin**. Judge during the trial, at which point I informed Judge Rubin of assault and Battery. I filed several motions to compel and for sanctions. Attorney Sims responded to the motions, and in his response, he never denied my assault allegations.

   i. **Members of the Appellate Court of Maryland**

**3.**

**a. Attorney Charles Sims - Assault and Battery Perpetrator**

Charles M. Sims, Pro Hac Vice
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Tel: (804) 403-7111
Fax: (804) 237-2500
Email: csims@ohaganmeyer.com

**b.** Michael Thomas Witness
Associate Attorney - Sims's Assistant
2560 Huntington Avenue | Suite 204 | Alexandria | Virginia | 22303
PH 703.775.8600 | DIR 703.775.8614 | CELL 828.333.1009

**c.** Bradley T. Canter, Esq.
Attorneys for Plaintiff
Crowley, Hoge & Fein, P.C.
200A Monroe Street #104
Rockville, MD 20850
Email: bcanter@roncanterllc.com

**d.** Christopher G. Hoge - Plaintiff
Plaintiff/Counterclaim Defendants
Crowley, Hoge & Fein, P.C.
1730 M Street NW, Suite 1011
Washington, D.C. 20036
Email: choge@chf-law.com

**e. Female Assistant to Sim's Stacie Kines** (Attorney Sims assistant during trial)
411 East Franklin Street, Suite 500
Richmond, Virginia 23219

**f.** Male Court Clerk #1.
Make Court Clerk #2

**g.** Senior Judges Coordinator + Assistants
Montgomery County Circuit Court
50 Maryland Avenue, Rockville, MD
240-777-9029
FAX: 240-777-9032
Amanda.Kim@mdcourts.gov

**h.** Attorney Charles Sims, Associate Attorney Michael Thomas, Attorney Bradley T. Canter, Esq., Attorney Christopher G. Hoge, Stacie Kines (Attorney Sims assistant

during trial, Male Court Clerk #1, Female Court Clerk #2, Members of the jury, Member of the public who were present outside the courtroom

**4.**

    **a.** Judgement I had to pay as a result of losing a legal malpractice case against attorney Christoper Hoge: $143,000

    **b.** Legal fees I would have recovered had I won but for Attorney Sim's assault and battery: $90,000.

    **c.** Damages I would have won but for Attorney Sim's assault and battery: $4,000,000.

    **d.** Legal, expert, deposition fees expended for trial as a result of Attorney Christopher Hoge's legal malpractice.

    **e.** Appeal of first legal malpractice trial against attorney Carlos Salvado: $15,000.

    **f.** Appeal of second legal malpractice trial against attorney Christopher Hoge: $20,000.

    **g.** Emotional Distress: $1,000,000

**5.** On the morning of the second day of the trial, which was scheduled for July 22–26, 2025, I approached the courtroom clerk to request a copy of the PowerPoint presentation that Attorney Sims had used during his opening statement. The clerk, who was seated at his desk inside the courtroom, informed me that Attorney Sims had not provided the presentation to the Court and advised me to request a copy directly from Attorney Sims, who was standing at the plaintiff's desk a few feet away from the clerk inside the courtroom.

I thanked the clerk and walked over a few feet to Mr. Sims. I politely asked him to provide me with a copy of the PowerPoint presentation. Without warning, Attorney Sims became visibly agitated and began verbally accosting me. He then aggressively advanced toward me in what appeared to be an attempt to attack me physically.

Startled and fearing for my safety, I instinctively retreated backward while repeatedly and loudly asking Mr. Sims to calm down and stop. Mr. Sims did not stop. Instead, he continued advancing toward me and chased me approximately eight to ten feet inside the courtroom as I moved backward toward the judge's bench.

As this was occurring, I immediately alerted those present in the courtroom to Mr. Sims's assaultive behavior. I was shocked and humiliated by the incident, as others witnessed it.

On the following day, during the midday break in the trial, I was preparing to call my next witness and wanted to inform Mr. Sims of my intentions as a courtesy. I noticed Mr. Sims gathered with several individuals in the waiting area in front of the courtroom. Present with him were Attorney Christopher Hoge, Attorney Michael Thomas, Mr. Sims's assistant, and several other individuals. They were standing in the middle of the waiting area near the entrance to the courtroom.

I walked over to where Mr. Sims was standing and politely asked if I could speak with him briefly before the court resumed. Before I could finish my request, Mr. Sims again became visibly agitated, began, and aggressively moved toward me in an apparent attempt to assault me again. Unbelievable.

Fearing for my safety, I immediately began retreating loudly and repeatedly asking him to stop and to back away. Observing Mr. Sims's agitation and aggressive behavior, his associate, Attorney Michael Thomas, quickly stepped in front of Mr. Sims and attempted to restrain him from advancing towards and from striking me.

Despite Mr. Thomas's intervention, Mr. Sims continued attempting to move around him to attack me. Mr. Thomas continuously positioned himself between us and used his body to block Mr. Sims's advance while Mr. Sims continued to advance, pushing Mr. Thomas into me. Mr. Sims repeatedly attempted to maneuver around Mr. Thomas as he continued to advance and posture as if to attack me physically.

After several tense and humiliating moments, I was able to disengage and walk away from the assault and battery. I was shocked and embarrassed by the incident, particularly because many, including members of the jury and other people in the waiting area, witnessed Mr. Sims's aggressive conduct and the attempted assault and battery.

**6.** After Mr. Sims' first assault, I immediately informed the people in the courtroom of the assault. I called and informed attorney Sylvia Adams, Robert Lazarro, Sean R Day, Andrew Lawrence, and others of attorney Sim's bizarre behavior and assault and battery. I also testified in court regarding the assault and battery.

**7.** Mr. Sims was fully aware of his actions, as he verbally accosted me while committing the assaults on two separate occasions. I later raised Mr. Sims's assault during my testimony while he was cross-examining me at trial. I testified about Mr. Sims's conduct in open court in the presence of Judge Ronald B. Rubin, the members of the jury, and the courtroom clerks.

Notably, Mr. Sims did not dispute my allegations during the proceedings. While I attempted to continue testifying and inform the Court and the jury about Mr. Sims's assaultive conduct, Mr. Sims interrupted my testimony, declined to ask any further questions, and the Court immediately halted my testimony.

Mr. Sims did not request that I be returned to the witness stand, nor did he attempt to impeach my testimony regarding the incident. He also did not resume his cross-examination. It appeared that Mr. Sims chose not to continue questioning because any further examination would have allowed me to provide additional testimony concerning his assaultive conduct.

Although I urged Mr. Sims to continue his questioning, stating that I was prepared to answer further questions, he immediately terminated his cross-examination. Following the conclusion of the trial, I filed several post-trial motions, including motions to reconsider the verdict and motions to compel, in which I detailed the assaults and requested appropriate sanctions from the Court.

Mr. Sims filed oppositions to those motions. However, notably, in his written opposition, he did not deny the allegations that he had assaulted me.

**8.**

   a. Trial transcripts documented my testimony regarding the assault and battery.

   b. Motions filed with the circuit court and the Appellate Court of Maryland.

   c. Motions and emails filled with Kathryn M. Huff, Esq., *Staff Attorney, Mediator,* Alternative Dispute Resolution Division, Appellate Court of Maryland

   d. Email and motion sent to Montgomery County Sheriff's office.

   e. Conversation with Maryland State Bar Association.

   f. Conversation within attorneys at Maryland Court Help Centers.

   g. Complaint filed with Montgomery County District Court Commissioners' office.

**9.** Motions filed with Montgomery County Circuit Courts. Mr. Sims has copies of these documents. Email and Motions filed with the Montgomery County Sheriff's office. Complaint filed with the Montgomery County District Court Commissioners' office.

**10.** The following people and entities are aware regarding the subject matter Attorneys Charles Sims, Associate Attorney Michael Thomas, Attorney Bradley T. Canter, Esq., Attorney Christopehr Hoge, Attorney Ron Geronimo, Judge Ronald Rubin and his clerks, Stacie Kines (Attorney Sims assistant during trial, Kathryn M. Huff, Esq., *Staff Attorney Mediator* Alternative Dispute Resolution Division with Alternative Dispute Resolution Division Appellate Court of Maryland. Attorney Andrew Lawrence. After the assault and battery incidents, I informed Mr. Lawrence as to how Mr. Sims conducted himself when I asked him to share the PowerPoint presentation he used during his opening statement. John J McCathy, Maryland State's Attorney, Lt. Col. Christopher M. Feldenzer, Montgomery County Sheriff's Department, Members of the Appellate Court of Maryland

**11.** Attorney Darian Rumer, Attorney Robert Lazzaro, Sean R. Day, Attorney at Law

**12.** Attorney Charles Sims - Assault and Battery Perpetrator
Charles M. Sims, Pro Hac Vice
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Tel: (804) 403-7111
Fax: (804) 237-2500
Email: csims@ohaganmeyer.com

Michael Thomas Witness
Associate Attorney - Sims's Assistant
2560 Huntington Avenue | Suite 204 | Alexandria | Virginia | 22303
PH 703.775.8600 | DIR 703.775.8614 | CELL 828.333.1009

Bradley T. Canter, Esq.
Attorneys for Plaintiff
Crowley, Hoge & Fein, P.C.
200A Monroe Street #104

Rockville, MD 20850
Email: bcanter@roncanterllc.com

Christopher G. Hoge - Plaintiff
Plaintiff/Counterclaim Defendants
Crowley, Hoge & Fein, P.C.
1730 M Street NW, Suite 1011
Washington, D.C. 20036
Email: choge@chf-law.com

Female Assistant to Sim's Stacie Kines (Attorney Sims assistant during trial)
411 East Franklin Street, Suite 500
Richmond, Virginia 23219

Male Court Clerk #1.
Make Court Clerk #2

Senior Judges Coordinator + Assistants
Montgomery County Circuit Court
50 Maryland Avenue, Rockville, MD
240-777-9029
FAX: 240-777-9032
Amanda.Kim@mdcourts.gov

**13.** None.

**14.** Extreme emotional and physical distress. Insomnia, anxiety, and fear of attorneys and courtrooms. Headaches, exhaustion, and avoidance of social activity. Time away from my Son and family. Financial distress as the plaintiff pursued a Sheriff Sale of my properties, almost making my family homeless. Damage to reputation and standing within my community. Missed business opportunities due to time dedicated to this case. Damages reputation within the legal community by being labeled as litigious.

**15.** I pleaded with the plaintiff and his attorneys to settle our dispute. I filed several motions to compel and motions for sanctions. Researched and consulted on how to file a Bar complaint. Filed an appeal. Filed a criminal complaint with the Maryland state attorney's office. Hired a new law firm to represent me in the underlying case.

**16.** Milca Kaplan, Primary Care Nurse Practitioners
Over several years, Nurse Kaplan has been my counselor, addressing my issues related to extreme emotional and physical distress. Insomnia, anxiety, and fear of attorneys and courtrooms. Headaches, dahabeah, exhaustion, and avoidance of social activity. Time away from my Son and family. Financial distress as the plaintiff pursued a Sheriff Sale of my properties, almost making my family homeless. Damage to reputation and standing within my community. Missed business opportunities due to the time dedicated to this case. Damages

reputation within the legal community by being labeled as litigious. She has prescribed me sleep aids, taught me how to meditate and sleep better, given me dietary advice, and unselfishly given me time to vent and process what I had gone through.

**17.** No visible injury.

**18.** I have been involved in a Protective Order trial. Family Law No. 149675

**19.** I have never filed any workers' compensation or health claims or sought arbitration.

**20.** I have never filed any workers' compensation or health claims or sought arbitration.

**21.** I have filed Motions to Compel and Sanctions. Mr. Sims has responded to the mentioned motions, and he has copies. I also filed an appeal with the Maryland Appellate Court, and Mr. Sims has copies.

**22.** Maryland law codifies traditional common law assault and battery into two main statutory categories under the Criminal Law Article: **First-Degree Assault (MD Code § 3-202)**

In Maryland, legal malpractice claims generally must be filed within **three years** of the date the action accrues, which is often when the client discovers or reasonably should have discovered the negligence, under Md. Code, Cts. & Jud. Proc. § 5-101.

Maryland's primary statute for illegal debt collection is the **Maryland Consumer Debt Collection Act (MCDCA)**, found in **Commercial Law Article § 14-202**.

Maryland attorneys violating ethics rules are subject to **Maryland Rule 19-308.4 (Misconduct)**, which defines professional misconduct as violating the Maryland Attorneys' Rules of Professional Conduct, committing criminal acts, or engaging in dishonesty, fraud, or conduct prejudicial to the administration of justice.

**Maryland Attorneys' Rules of Professional Conduct** (Title 19, Chapter 300):

- **Rule 19-308.4(c) (8.4):** Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

- **Rule 19-308.4(a):** Violating or attempting to violate the Rules of Professional Conduct, or knowingly assisting another to do so.

- **Rule 19-308.4(b):** Committing a criminal act that reflects adversely on the attorney's honesty, trustworthiness, or fitness as an attorney.

- **Rule 19-301.16(a)(4):** Prohibits representation if the client uses the lawyer's services to commit a crime or fraud.

Violating these rules, particularly 19-308.4(c), is considered very serious and often results in disbarment.

As a result of Attorney Sims's actions, I suffered significant emotional distress, humiliation, and embarrassment. The incidents also caused me to lose focus during the trial. They substantially impaired my ability to present my case effectively, which was already complex, particularly given that I was representing myself as a pro se defendant.

Mr. Sims was fully aware that I was proceeding without counsel and that the case involved complicated issues. His aggressive and assaultive conduct inside the courthouse disrupted my ability to prepare, concentrate, and present my arguments before the Court and the jury. As a result, his conduct materially interfered with my ability to receive a fair trial.

Such behavior is unacceptable, unethical, and inconsistent with the standards expected of members of the legal profession. It reflects poorly not only on Mr. Sims personally, but also on his client and the firm he represents. The incidents were deeply distressing and have had a lasting emotional impact on me.

Respectfully submitted,

**THE ELIRA LAW FIRM, LLC**
/s/ Samuel Q. Elira Sr._____
Samuel Q. Elira Sr., Esquire
Client Protection Fund No.: 1809060001
5302 E. Court Drive
Upper Marlboro, MD 20774
Samelira@eliralawfirm.com
(301) 936-1418 (Office)
(301) 218-9406 (Fax)
(410) 934-4926 (Cell)
*Counsel for Plaintiff*