**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| **YOSEPH SEYOUM,** | * | |
| *Plaintiff,* | * | |
| v. | * | **Case No.: 25-3446-TDC** |
| **CHARLES M. SIMS, et al.,** | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS CHARLES M. SIMS AND O'HAGAN MEYER, PLLC'S MOTION FOR SUMMARY JUDGMENT**

Defendants, Charles M. Sims and O'Hagan Meyer, PLLC (hereinafter "O'Hagan Meyer"), by their attorney, Justin S. Dunbar, and Niles, Barton & Wilmer, LLC, hereby submit this Reply Memorandum of Law in support of their Motion for Summary Judgment:

## OBJECTIONS TO OPPOSITION

Defendant objects to Plaintiff's Affidavit filed with his Opposition, which failed to comply with F.R.Civ.P. 56(c)(4). The Rule states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." F.R.Civ.P. 56(c)(4). Throughout Plaintiff's Affidavit, he sets forth alleged facts that are not within his personal knowledge, new allegations for the first time in this litigation, and testimony regarding his opinion and belief of the motivations and intentions of others for which he has no personal knowledge, is not competent to state and would not be admissible at trial.  Affidavits submitted to oppose a motion for summary judgment must contain admissible evidence and be based on personal knowledge. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).  Such Affidavits cannot be conclusory. *Id.*

Here, Plaintiff's Affidavit in to support his Opposition to Defendants' Motion for Summary Judgment fails to meet the applicable standard and contains his belief of the observations, impressions and intentions of other witnesses, many of whom are unnamed, as well as reference to the contents of security camera footage that is not a part of the record in the case.[1]  For example, Plaintiff alleges that "[t]he courtroom clerks, other court staff and Mr. Sims client and assistant were present and witnessed the incident."  *See* Plaintiff;s Affidavit at ¶ 3. Plaintiff also states "Mr. Sims's male assistant, Michael Thomas, who noticed Mr. Sims aggressive advance toward me, rushed forward and physically positioned himself between Mr. Sims and me, blocking his advances."  *See* Plaintiff's Affidavit ¶ 9. Next, Plaintiff states "[t]his incident occurred in the presence of witnesses, jurors and members of the public."  *See* Plaintiff's Affidavit ¶ 10.  Plaintiff then states "physical intervention was required by his assistant to prevent further advance and harm." *See* Plaintiff's Affidavit ¶ 11. Plaintiff also conclusively and without knowledge states that "[c]ourthouse security camera footage will corroborate" the incident as he alleges, although Plaintiff has never produced any footage during discovery. *See*

---

[1] It should be noted that Plaintiff has filed a Notice of Intent to File a Motion to Extend Discovery for which this Court has scheduled a pre-motion conference for June 29, 2026, in part to obtain alleged security camera footage as well as to conduct depositions of witnesses Christopher Hoge and Michael Thomas, and deposition of Defendant Sims (Document No. 35).  However, Plaintiff has provided no Affidavit required by F.R. Civ. P. 56(d) and/or 56(f) citing to any specific facts of the contents of the alleged video, its current existence, its unavailability prior to the close of discovery on March 12, 2026, or his attempts to obtain the alleged video prior to the filing of Defendant's Motion for Judgment despite clear knowledge of its potential existence.  In fact, the record of the underlying case is clear that Plaintiff attempted to obtain an alleged security camera video of both the subject courtroom and lobby area outside the courtroom in post-trial and appellate motions.  *See* **Reply Exhibit 1**, BATES-Stamped SIMS 01178-1185 containing the Circuit Court's denial of Mr. Seyoum's Motion for Court Order to Release Trial Dates Security Camera Footage and for Sanctions; the Appellate Court's denial of Mr. Seyoum's Motion to Compel Trial Court Action on Security Camera Footage Request; and Mr. Seyoum's previously filed Affidavit dated December 9, 2024 relevant to his motions, as well as **Reply Exhibit 2**, Plaintiff's January 22, 2025 email with Montgomery County Sheriff in which the Sheriff's Office notifies Mr. Seyoum that any requested video in no longer available.

Likewise, as it relates to the depositions of Defendant Sims and witnesses Hoge and Thomas, each of whom has provided sworn Answers to Interrogatories and sworn Affidavits, respectively, based on their personal knowledge in support of Defendants' Motion for Summary Judgment.  The record is clear that each of these individuals were known to Plaintiff and named in Plaintiff's Amended Complaint.  Nevertheless, Plaintiff made no attempt to depose them during the discovery period and has only requested them in response to Defendants' Motion for Summary Judgment.

These issues will be addressed in further detail with this Court at the scheduled pre-hearing conference.  However, for purposes of Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment, there is no basis whatsoever for the court to re-open discovery and the conclusive references to these subjects in Plaintiff's Affidavit submitted to oppose summary judgment are entirely insufficient and improper.

Plaintiff's Affidavit at ¶ 12. In another illustrative example of his Affidavit in general, Plaintiff states that "I believe Mr. Sim's conduct was not a spontaneous reaction…but arose from accumulated frustration[.] His actions functioned as intimidation by an officer of the court directed at a pro se litigant during ongoing proceedings, intended to unnerve me and impede my effective presentation." *Id.* at ¶ 16.   Another example of Plaintiff's irrelevant speculation insufficient under Rule 56(c): "Furthermore, during the trial when it was Mr. Sims's turn to cross-examine me, I testified in the court and informed the jury that Mr. Sims assaulted me in the courtroom.  Surprisingly, Mr. Sims did not correct me, did not contradict me, did not call me a liar, did not ask me follow-up questions and clarify to the court and jury members about the incident.  He did not ask me any follow up questions nor challenge my claim of assault.  Surprisingly, right after I confronted him about the assault in court, he immediately stopped his cross-examination despite my insistence urging him to ask me more questions." See Plaintiff's Affidavit ¶ 17.  And finally, in paragraph 18 of his Affidavit, which Plaintiff entitles "conclusion," he states: "Mr. Sims assaulted me twice during my trial – first inside the courtroom when he advanced on me after my request for a copy of his PowerPoint, and second outside the courtroom during a break when he again advanced and had to be physically restrained by his assistant….These incidents were witnessed and are corroborated by security footage."

In total, Plaintiff's Affidavit attempts to present self-serving evidence that would not be admissible in a last effort to survive summary judgment. Because the Affidavit fails to comply with the Rule so completely, this Court should strike Plaintiff's Affidavit or afford it no weight.  See also *Minnesota Mining & Manufacturing Co. v. U.S. Rubber Co.*, 279 F.2d 409 (4th Cir. 1960); *Barwick v. Celetox*, 736 F.2d946 (4th Cir. 1984).

## REPLY ARGUMENT

### I.    Plaintiff Has Failed to Establish a Prima Facie Case for Battery

Plaintiff has failed to establish a *prima facie* claim against O'Hagan Meyer for battery. He has failed to allege facts to support an essential element to his claim for battery – an offensive touching – in his Amended Complaint or in his Opposition to Defendants' Motion for Summary Judgment. To reiterate, a plaintiff must show an "intentional touching of a person without that person's consent" to support a claim of battery. *White Pine Ins. Co. v. Taylor*, 233 Md. App. 479, 504 (2017) (quoting Maryland Pattern Jury Instructions § 15:2 (5th ed. 2017)).

In his most recent iteration of the facts, Plaintiff has again altered his story as can be seen in his Affidavit compared to his Amended Complaint or in his previous Affidavit dated December 9, 2024 attached herein in Reply Exhibit 1. He alleges that Mr. Michael Thomas, Mr. Sims' associate, was pushed into him while restraining Mr. Sims. It should be noted that this fact was not alleged in Plaintiff's Amended Complaint or his previous Affidavit. Instead, Plaintiff presents this fact in an untimely effort to survive summary judgment. This fact is expressly contradicted by Michael Thomas' Affidavit, which stated that he never touched Mr. Seyoum. *See* **Exhibit F** to Defendants' Motion for Summary Judgment at ¶ 12. Plaintiff has changed his story now in an attempt to generate a material fact in dispute, which this Court should expressly deny.

Additionally, it is conclusively established, pursuant to F.R. Civ.P. Rule 36(b), that Defendant Sims did not make contact with Plaintiff, did not make physical contact with any objects connected to Plaintiff, and did not cause anything to make physical contact with Plaintiff.  On March 19, 2026, Defendant Sims timely served Requests for Admissions on Plaintiff through Counsel.  *See* **Reply Exhibit 3**, Certificate of Discovery, as well as **Reply Exhibit 4**, email from Defense Counsel to Plaintiff's Counsel dated March 19, 2026, serving Requests for Admissions on Plaintiff.

Defendant's Request for Admission No. 1 states:

"Admit that Charles Sims did not make physical contact with you during the trial of July 22-26, 2024, as alleged in your Amended Complaint."

Defendant's Request for Admission No. 2 states:

"Admit that Charles Sims did not make physical contact with any objects immediately connected with your person during the trial of July 22-26, 2024, as alleged in your Amended Complaint."

Defendant's Request for Admission No. 3 states:

"Admit that Charles Sims did not cause anything to make physical contact with you, or with any objects connected to your person, during the trial of July 22-26, 2024, as alleged in your Amended Complaint.

**See Reply Exhibit 5.**

Pursuant to F.R. Civ.P. 36(a)(3), "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  To date, after 80 days since being served with the requests, neither Plaintiff nor Plaintiff's counsel has served an answer or objection to these matters and they are deemed admitted and conclusively established under the Federal Rules.

Notwithstanding the fact that Mr. Thomas contradicts Plaintiff's bald assertions, assuming all facts as true, Plaintiff has failed to articulate a claim of battery against any of the named Defendant. There are no allegations to support a claim of battery and no allegations that any of the Defendants committed an offensive touching against him. Moreover, the fact that no physical contact was made or caused to be made by anything else upon Plaintiff is a conclusively established fact under the Federal Rules.  As a matter of law, Defendants are entitled to judgment as a matter of law on Plaintiff's claim for battery.

**II.      Plaintiff Has Not Stated a Legally Cognizable Claim for Assault**

There are no facts to support Plaintiff's meritless allegation that an assault occurred. Plaintiff again relies on his self-serving affidavit in a scheme to survive summary judgment by continuing to change the facts and manufacture new facts at this late stage in the case. As set forth in Defendants' Motion for Summary Judgment, Plaintiff must prove 1) that he was threatened by a defendant who possessed the apparent present ability to carry out that threat, and 2) the defendant's actions must have raised in the plaintiff's mind an apprehension of imminent bodily harm. *Lee v. Pfeifer*, 916 F. Supp. 501, 505-06 (D. Md. 1996).

Plaintiff's response to Defendants' argument for summary judgment relies on Plaintiff's subjective recounting of the facts, instead of analyzing the perspective of a reasonable person. *See id.* at 506. Additionally, Plaintiff attempts to distinguish the surrounding circumstances of the setting of his allegations because it does not favor his subjective characterization of the facts. The surrounding circumstances are highly relevant to the objective standard of a reasonable person. The uncontroverted facts are that Plaintiff was within a court of law with Mr. Sims, a duly appointed officer of the court, while surrounded by courtroom staff and Sheriff's deputies when he allegedly was assaulted. Plaintiff's unsubstantiated assertions fly in the face of reason.

Even assuming Plaintiff's allegations as true under the standard for summary judgment, the statement "I know what you are doing" does not show intimidating behavior. No reasonable person would have interpreted Mr. Sims' alleged conduct as a threat. Saying "I know what you are doing"—unaccompanied by any other act demonstrating an intent to cause bodily harm—does not constitute an objectively reasonable threat of imminent bodily harm. At no point does Plaintiff allege that Mr. Sims threatened physical harm, used language threatening to cause harm, or took action suggesting imminent bodily harm to substantiate his claim for assault.  Plaintiff's Opposition presents no genuine dispute fact to establish an assault under the law.

Even drawing all reasonable inferences in Plaintiff's favor, no reasonable fact finder could grant him relief for assault as a matter of law. No juror could reasonably conclude from the undisputed facts that Defendant Sims threatened Plaintiff, and Plaintiff's assault claim must therefore fail.

### III.   Plaintiff Has Conceded that Defendants are Entitled to Summary Judgment on his Intentional Infliction of Emotional Distress by Failing to Respond

Defendants argued that Plaintiff's claim for intentional infliction of emotional distress failed as a matter of law in its Motion for Summary Judgment. Plaintiff failed to respond to this argument in his Opposition or address this count at all. "It is well established that if a plaintiff fails to respond to an argument raised in a motion for summary judgment, it is proper to treat that argument as conceded." *Wilkins v. Jackson*, 750 F.Supp. 2d 160, 162 (2010) (citations omitted). Based on Plaintiff's failure to even respond to Defendant's argument, Defendant is entitled to judgment as a matter of law as to Plaintiff's claim for intentional infliction of emotional distress.

### IV.   Plaintiff's claimed damages are speculative and not causally related to his claims.

Moreover, Plaintiff has also failed to respond to Defendant's argument that his damages are all speculative and not recoverable. This Court should treat this issue as conceded as well. *See Wilkins*, 750 F.Supp. 2d at 162. To the extent that this Court reaches Plaintiff's claim for damages, Defendants reiterate that Plaintiff's claimed damages are unsupported by evidence and lack a legally cognizable causal connection to the alleged conduct. Plaintiff's claims are not cognizable under Maryland law and are foreclosed by the Appellate Court of Maryland's decision affirming the judgment against him. Defendants are entitled to judgment as a matter of law that Plaintiff's claimed damages are unsubstantiated and not recoverable.

**CONCLUSION**

WHEREFORE, Defendants, Charles M. Sims and O'Hagan Meyer, PLLC, respectfully request that this Honorable Court enter summary judgment in their favor as requested in their Motion, and grant such other and further relief as the Court deems appropriate.

> /s/ Justin S. Dunbar
> Justin S. Dunbar, Esq. (# 27699)
> NILES, BARTON & WILMER, LLP
> 111 S. Calvert Street, Suite 1400
> Baltimore, Maryland 21202
> Tel.: (410) 783-6432
> Fax: (410) 783-6483
> jsdunbar@nilesbarton.com
> *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this  10th  day of June 2026, a copy of the foregoing Reply Memorandum of Law was sent via PACER and electronic mail to:

Samuel Elira, Esquire
Patricia Peterson, Esquire
5302 E. Court Drive
Upper Marlboro, Maryland 20774
Tel.: (301) 936-1418
sqelaw@gmail.com
ppetersoneliralaw@gmail.com
*Counsel for Plaintiff*

> /s/ Justin S. Dunbar
> Justin S. Dunbar, Esq. (# 27699)