## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| CROWLEY, HOGE & FEIN, P.C. | ) |
| | ) |
| Plaintiff/Counterclaim Defendant | ) |
| | ) |
| v. | )    Case No. C-15-CV-22-004124 |
| | ) |
| YOSEPH SEYOUM | ) |
| | ) |
| Defendant/Counterclaim Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTOPHER G. HOGE | ) |
| | ) |
| Counterclaim Defendant | ) |

### ORDER AS TO AMENDED EMERGENCY MOTION AND MOTION TO COMPEL

**UPON CONSIDERATION** and review of the Defendant/Counterclaim Plaintiff's Amended Emergency Motion to Compel Ruling on Pending Motions and for Immediate Preservation Order ("Emergency Motion") and Defendant/Counterclaim Plaintiff's Motion for Court Order to Release Trial Dates Security Camera Footage and for Sanctions ("Camera Preservation Motion"), it is this ___ day of July, 2025,

31st of July, 2025

07/31/2025 7:45:27 AM

**Ordered**, that the Emergency Motion and Camera Preservation Motion be, and hereby are **DENIED**.

_____
Judge

**Ronald B. Rubin**

Entered: Clerk, Circuit Court for
Montgomery County, MD
July 31, 2025

**SIMS 01178**

EXHIBIT 1

E-FILED
Rachel Dombrowski, Clerk
Appellate Court of Maryland
2/10/2025 8:45 AM

| | | |
|---|---|---|
| YOSEPH SEYOUM, | * | IN THE |
| Appellant, | * | APPELLATE COURT |
| v. | * | OF MARYLAND |
| CROWLEY, HOGE & FEIN, P.C., *et al.*, | * | No. 1435, September Term 2024 |
| Appellees. | * | MDEC: ACM-REG-1435-2024 |
| | * | (Cir. Ct. No. C-15-CV-22-004124) |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of appellant's "Motion to Compel Trial Court Action on Security Camera Footage Request" and "Motion to Compel Trial Court Action on Pending Motion to Compel Production of PowerPoint Presentation," the appellees' "Opposition to Appellant's Motion to Compel Production of PowerPoint Presentation for Record Extract" and "Opposition to Appellant's Motion to Compel Trial Court Action on Security Camera Footage Request and to Compel Trial Court Action on Pending Motion to Compel Production of PowerPoint Presentation," and the appellant's Reply thereto, it is, this 10th day of February 2025, by the Appellate Court of Maryland,

ORDERED that the appellant's motions are denied.



Judge's Signature Appears on
Original Order
_____
Gregory Wells, Chief Judge

SIMS 01179

IN THE CIRCUIT COURT
FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| CROWLEY, HOGE & FEIN, P.C. )<br>)<br> Plaintiff/Counterclaim Defendant )<br>)<br>v. )<br>)<br>YOSEPH SEYOUM )<br>)<br> Defendant/Counterclaim Plaintiff, )<br> Pro se )<br>v. )<br>)<br>CHRISTOPHER G. HOGE )<br>)<br> Counterclaim Defendant ) | Case No. C-15-CV-22-004124 |

**AFFIDAVIT OF YOSEPH SEYOUM**

I, Yoseph Seyoum, being duly sworn, depose and state as follows:

**I. Background**

1. I am the Defendant/Counterclaim Plaintiff in the above-captioned matter and am competent to testify to the matters stated herein.

2. I represent myself *pro se* in this case, which is now on appeal, which involves significant factual and procedural issues requiring a complete and accurate record for appellate review.

3. I submit this affidavit in support of the following motions:

- Motion to compel Trial Documents Used by Plaintiff/Counterclaim Defendant, filed on December 9, 2024; and

- Motion for Court Order to Release Trial Dates Security Camera Footage, filed on December 9, 2024.

**SIMS 01180**

4. The facts stated herein provide evidence supporting the allegations of misconduct by Plaintiff's counsel, Charles Sims, and establish the necessity of the relief requested in both motions.

## II. Efforts to Obtain Trial Documents

5. During the trial proceedings, Plaintiff's counsel, Charles Sims, used a PowerPoint presentation during his opening statement. This presentation contained visual materials and arguments that I believe misrepresented key facts critical to the case.

6. On July 23, 2024, I requested a copy of the PowerPoint presentation directly from Mr. Sims during trial. My request was ignored.

7. Following the trial, I sent written follow-up requests to Mr. Sims on October 1, 2024, and December 4, 2024, asking for a copy of the PowerPoint presentation. Copies of these emails are attached hereto as **Exhibits A and B.**

8. As of the date of this affidavit, Mr. Sims has failed to respond to my emails or provide the requested document, necessitating the filing of the Motion to Compel.

## III. Incidents of Misconduct and Aggression

### A. First Incident: July 22, 2024

9. On or about July 23, 2024, during the second day of trial, I approached Mr. Sims and politely asked for a copy of the PowerPoint presentation he had used during his opening statement.

10. Mr. Sims immediately turned toward me, pointing his fingers and aggressively stating, "I know what you are doing" repeatedly. Startled by his verbal and physical response, I stepped backward, raising my hands and calmly stating, "Mr. Sims, what are you doing? Calm down." He continued to approach me, forcing me to

**SIMS 01181**

walk backward approximately 6-10 feet toward the judge's chambers. I was shocked and in fear for my safety.

11. I immediately notified everyone in the room of Mr. Sims's aggressive behavior, but no one acknowledged the incident or intervened. This left me feeling humiliated, disrespected, and emotionally distressed. Despite this, I gathered myself and continued with the trial.

### B. Second Incident: July 24, 2024

12. In or around July 24, 2024, on or about July 24, 2024, during a midday break, I approached Mr. Sims - this time outside the courtroom - to discuss my witness list and the PowerPoint presentation.

13. He again responded aggressively, walking toward me in a threatening manner, stating, "I know what you are up to," and admonishing me.

14. Startled, I took a few steps backward. Mr. Sims's assistant, Mr. Thomas, intervened, physically restraining Mr. Sims and preventing the situation from escalating further. Jurors and others witnessed this incident, which I believe was a deliberate attempt to provoke me and create a false perception of aggression.

15. Witnesses to this incident included Mr. Hoge, Mr. Canter, Mr. Thomas, and others, including the jurors.

16. This incident was particularly distressing as it occurred in the presence of jurors, which I believe unfairly influenced their perception of me and the case. Despite the provocation, I remained calm and attempted to de-escalate the situation.

17. I believe that Mr. Sims's behavior was not only aggressive but also intentionally provocative. His actions seemed designed to try paint me as an "angry black man" and to discredit me in the eyes of the court and jury. This tactic, I believe,

**SIMS 01182**

was a dehumanizing attempt to provoke an emotional reaction, which I resisted by remaining calm and composed.

18. I find it deeply insulting that Mr. Sims would presume I could not control my emotions. His actions were unprofessional and indicative of his inability to maintain composure during the trial, particularly as his case weakened. This pattern of behavior disrupted the proceedings and undermined the fairness of the trial environment.

19. This confirmed for me that Mr. Sims's actions were not only unprofessional but also dehumanizing, as they were designed to exploit stereotypes and provoke me into reacting emotionally, which I resisted.

20. Throughout the trial, Mr. Sims continuously objected to my motions, witnesses, and even his own client's witnesses and experts.

21. Despite my efforts to present my case, I was repeatedly obstructed by Mr. Sims and opposing counsel, with the judge often siding with them. It became clear that I was not being allowed to put on my case as I wanted because I was winning. This entire experience was dehumanizing, unprofessional, and unfair.

## IV. Impact on My Case

22. The repeated acts of aggression by Mr. Sims during trial disrupted the decorum of the proceedings and hindered my ability to focus on presenting my defense effectively.

23. I believe these incidents were intentional attempts to provoke me into reacting emotionally in a way that could discredit me in front of the court and jury.

24. Despite these challenges, I maintained composure throughout the trial and continued to pursue justice through lawful and procedural means.

**SIMS 01183**

25. I raised these incidents with the Court during trial to ensure they were part of the record, specifically on pages 68 and 69 of the transcript of the trial, a true and correct copy of which is attached hereto as **Exhibit C.** Despite these efforts, no corrective action was taken to address the impact of opposing counsel's misconduct.

## V. Need for Security Footage

26. Security camera footage from the trial days is essential to corroborate my account of these incidents and demonstrate the pattern of aggressive and obstructive behavior by Mr. Sims.

27. The footage will also serve as critical evidence for my appeal, ensuring that the appellate court has a complete record of the trial's proceedings and irregularities.

28. The security footage is particularly important to verify the second incident, which occurred in front of jurors and likely influenced their perception of me, thereby prejudicing the outcome of the trial.

29. I respectfully request that the Montgomery County Sheriff's Office preserve and release the security footage from July 22, 2024, through July 26, 2024.

30. The failure to preserve and release this footage promptly will irreparably harm my ability to substantiate my claims on appeal and address the procedural irregularities that occurred during the trial.

## VI. Good Faith Efforts

31. I have made every reasonable effort to resolve these issues without court intervention, including multiple written requests to Plaintiff's counsel for the PowerPoint presentation.

**SIMS 01184**

32. My emails dated October 1, 2024, and December 4, 2024, clearly outline my requests and the urgency of the matter. Despite these efforts, I have received no response from Plaintiff's counsel.

## VII. Conclusion

33. The relief sought is necessary to ensure a fair and complete appellate process and to address the misconduct and procedural irregularities that occurred during trial.

I declare under penalty of perjury under the laws of the State of Maryland that the foregoing is true and correct.

Dated: December 9, 2024

*Yoseph Seyoum*
/s/ *Yoseph Seyoum*
Yoseph Seyoum
Defendant/Counterclaim Plaintiff, *pro se*

STATE OF TEXAS COUNTY OF TARRANT
Sworn and subscribed before me this 9th day of December, 2024.

Jerry W Johnson
Notary Public: Notary Public, State of Texas

My Commission Expires: 07/28/2026

Jerry W Johnson
ID NUMBER
568607-3
COMMISSION EXPIRES
July 28, 2026

Electronically signed and notarized online using the Proof platform.

SIMS 01185