IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| YOSEPH SEYOUM, | * | |
| *Plaintiff,* | * | |
| v. | * | **Case No.: 25-3446-TDC** |
| CHARLES M. SIMS, et al., | * | |
| *Defendants.* | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## DEFENDANT CHARLES M. SIMS' REQUESTS FOR ADMISSION TO PLAINTIFF YOSEPH SEYOUM

**TO:**     Yoseph Seyoum, *Plaintiff*

**FROM:**     Charles M. Sims, *Defendant*

### INSTRUCTIONS

1.     Defendant is required to respond to each and every Request for Admission. A failure to admit to one Request for Admission does not excuse Defendant from responding to any or all other Requests for Admission.

2.     In accordance with Rule 36 of the Federal Rules of Civil Procedure, for each Request for Admission, if Defendant's answer is anything other than an unqualified admission, the answer shall specifically deny the matter or set forth in detail the reasons Defendant cannot truthfully answer or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder.

3.     These Requests shall be deemed continuing so as to require further and supplemental response if Defendant locate or obtain additional information which may impact Defendants responses hereto between the time of initial response and the time of any hearing or trial in the above-captioned matter.

### DEFINITIONS

As used in these Requests for Admission, the following terms are to be interpreted in accordance with these definitions:

(a)     The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

EXHIBIT 5

(b)    The terms "you" and "your" include the person(s) to whom these Requests for Admission are addressed, and all of that person's agents, representatives, employees, insurers, attorneys, predecessors, parent organizations, and subsidiary and affiliate organizations.

(c)    The terms "document" or "documents" include all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

(d)    The terms "identify," "identity" or "identification," when used in reference to a natural person, require you to state that person's full name, last known address, home and business telephone numbers, and present business affiliation.  When used in reference to a person other than a natural person, the terms "identify," "identity" or "identification" require you to describe the nature of such person (that is, whether it is a corporation, partnership, etc. under the definition of "person" above), and to state that person's last known address, telephone number, and principal place of business.  Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

(e)    The terms "identify," "identity" or "identification," when used in reference to a document, require you to state the date, title, present custodian, the author (or, if different, the signor or signors), the addressee, and the type of document (e.g., letter, memoranda, telegram, chart, etc.).  If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition.  In lieu of so identifying a document, at your option you may attach an accurate copy of it to your Answers to these Requests for Admission, appropriately labeled to correspond to the Request in response to which it is being produced.

(f)    Unless otherwise indicated, these Requests for Admission refer to the time, place and circumstances of the accident or occurrence mentioned or complained of in the pleading.

(g)    The term "photograph" as used herein includes still photographs, moving pictures, and videotapes.

(h)    Present tense should be construed as also including the past tense if appropriate.

(i)    The singular should be construed as also including the plural and the plural should be construed as also including the singular if appropriate.

(j)    If you are unable to answer any of these Requests completely, answer to the extent possible, specifically, and state whatever information or knowledge you have concerning the unanswered portion.

(k)    A document "relating" or "related to" any given subject matter means any document that pertains, refers, or discusses in any way, directly or indirectly, the subject requested, including document concerning the preparation of such documents.

(l)    The word "including" means by way of example and not by way of limitation.

2

(m)    The word "Occurrence(s)" means the alleged incidents giving rise to your claims which occurred between July 22 and July 26, 2024, and which is the subject of your Complaint.

---------------------------------------

1.    Admit that Charles Sims did not make physical contact with you during the trial of July 22 – 26, 2024, as alleged in your Amended Complaint.

2.    Admit that Charles Sims did not make physical contact with any objects intimately connected with your person during the trial of July 22-26, 2024, as alleged in your Amended Complaint.

3.    Admit that Charles Sims did not cause anything to make physical contact with you, or with any objects intimately connected with your person, during the trial of July 22-26, 2024 as alleged in your Amended Complaint.

4.    Admit that the copy of the jury trial transcript produced by Defendant as Bates SIMS 00001-00954 is a true, authentic, and genuine copy of the original.

5.    Admit that the copy of Motion for Court Order to Release Trial Dates Security Camera Footage and For Sanctions produced by Defendant as Bates SIMS 00954-00990 is a true, authentic, and genuine copy of the original.

6.    Admit that the copy of Motion to Compel Trial Documents Used by Plaintiff/Counterclaim Defendant and for Sanctions produced by Defendant as Bates SIMS 00991-01026 is a true, authentic, and genuine copy of the original.

7.    Admit that the copy of Defendant/Counterclaim Plaintiff's Reply to Opposition to Motion to Compel Trial Documents and for Sanctions produced by Defendant as Bates SIMS 01027-01044 is a true, authentic, and genuine copy of the original.

8.    Admit that the copy of Appellant's Motion to Compel Trial Court Action on Security Camera Footage Request produced by Defendant as Bates SIMS 01045-01086 is a true, authentic, and genuine copy of the original.

9. Admit that the copy of Appellees' Opposition to Appellant's Motion to Compel Production of Powerpoint Presentation for Record Extract produced by Defendant as Bates SIMS 01087-01089 is a true, authentic, and genuine copy of the original.

10. Admit that the copy of Appellant's Motion to Compel Trial Court Action on Pending Motion to Compel Production of Powerpoint Presentation produced by Defendant as Bates SIMS 01090-01128 is a true, authentic, and genuine copy of the original.

11. Admit that the copy of Appellant's Reply to Appellees' Opposition to Motion to Compel Trial Court Action on Security Camera Footage Request and Powerpoint Presentation produced by Defendant as Bates SIMS 01129-01139 is a true, authentic, and genuine copy of the original.

12. Admit that the copy of Defendant/Counterclaim Plaintiff's Motion to Expedite Hearing on Motion for Court Order to Release Trial Dates Security Camera Footage and for Sanctions produced by Defendant as Bates SIMS 01140-01149 is a true, authentic, and genuine copy of the original.

13. Admit that the copy of Defendant/Counterclaim Plaintiff's Emergency Motion to Compel Ruling on Pending Motions and for Immediate Preservation Order produced by Defendant as Bates SIMS 01150-01163 is a true, authentic, and genuine copy of the original.

14. Admit that the copy of Defendant/Counterclaim Plaintiff's Amended Emergency Motion to Compel Ruling on Pending Motions and for Immediate Preservation Order with Rule 1-351(B) Certification produced by Defendant as Bates SIMS 01164-01177 is a true, authentic, and genuine copy of the original.

15. Admit that the copy of Defendant/Counterclaim Plaintiff's Amended Emergency Motion to Compel Ruling on Pending Motions and for Immediate Preservation Order with Rule 1-

351(B) Certification produced by Defendant as Bates SIMS 01164-01177 is a true, authentic, and genuine copy of the original.

16.    Admit that the copy of Affidavit of Yoseph Seyoum produced by Defendant as Bates SIMS 01180-01210 is a true, authentic, and genuine copy of the original.

/s/ Justin S. Dunbar
Justin S. Dunbar, Esq. (# 27699)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
Tel.: (410) 783-6432
Fax: (410) 783-6483
jsdunbar@nilesbarton.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March, 2026, a copy of the foregoing Requests for Admission was sent via electronic mail to:

Samuel Elira, Esquire
Patricia Peterson, Esquire
5302 E. Court Drive
Upper Marlboro, Maryland 20774
Tel.: (301) 936-1418
sqelaw@gmail.com
ppetersoneliralaw@gmail.com
*Counsel for Plaintiff*

/s/ Justin S. Dunbar
Justin S. Dunbar, Esq. (# 27699)