| | | |
|---|---|---|
| **YOSEPH SEYOUM,** | * | **IN THE UNITED STATES** |
| Plaintiff, | * | **DISTRICT COURT** |
| | * | **FOR THE DISTRICT OF** |
| v. | * | **MARYLAND** |
| | * | **SOUTHERN DIVISION** |
| **CHARLES M. SIMS, et al.,** | * | |
| Defendants. | * | **Case No.: 25-3446-TDC** |

**\* \* \* \* \* \* \* \* \* \* \* \* \***

# PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF THE POWERPOINT PRESENTATION USED DURING THE JULY 2024 TRIAL

Plaintiff Yoseph Seyoum, proceeding pro se, respectfully moves this Court for an Order compelling Defendants to produce the PowerPoint presentation used by Defendant Charles M. Sims during the July 2024 jury trial in the Circuit Court for Montgomery County, Maryland.

The PowerPoint presentation is directly relevant to Plaintiff's assault and battery claims because Plaintiff requested the presentation immediately before the confrontation involving Defendant Sims. The presentation was publicly used in open court, shown to Plaintiff, the Court, the jury, counsel, courtroom personnel, and others present in the courtroom. Defendants therefore cannot properly withhold the presentation on the basis of privilege.

In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

This case arises, in part, from Defendant Charles M. Sims's alleged assault and battery of Plaintiff during the July 2024 jury trial in the Circuit Court for Montgomery County, Maryland.

One of the central facts in this case is what occurred immediately before the alleged assault. Plaintiff requested a copy of the PowerPoint presentation that Defendant Sims had used in open court during trial. Plaintiff contends that Defendant Sims became visibly upset after Plaintiff requested the presentation, refused to provide it, and then confronted Plaintiff in a manner that forms the basis of this lawsuit.

The PowerPoint presentation is therefore not a collateral issue. It is central evidence. It explains the immediate context of the confrontation, what Plaintiff requested, why Defendant Sims reacted as alleged, and why the presentation is important to Plaintiff's claims and anticipated trial presentation.

## II. FACTUAL BACKGROUND

1. In July 2024, Plaintiff was a party in a jury trial in the Circuit Court for Montgomery County, Maryland.
2. Defendant Charles M. Sims appeared as opposing counsel during that trial.
3. During the trial, Defendant Sims used and displayed a PowerPoint presentation in open court.
4. The PowerPoint presentation was shown to the presiding judge, the jury, Plaintiff, counsel, courtroom personnel, and others present in the courtroom.
5. After the PowerPoint presentation was used, Plaintiff requested a copy of it.
6. Plaintiff contends that Defendant Sims became angry and hostile after Plaintiff requested the presentation.
7. Plaintiff further contends that the request for the PowerPoint presentation immediately preceded the confrontation that forms the basis of Plaintiff's assault and battery claims.
8. The PowerPoint presentation is important because Plaintiff believes it shows how information, evidence, and litigation theories that Plaintiff had previously provided in confidence to his former legal malpractice attorney, Christopher G. Hoge, were later used against Plaintiff after a fee dispute arose.
9. Plaintiff alleges that Mr. Hoge previously represented to Plaintiff that Plaintiff had a meritorious legal malpractice case, billed Plaintiff substantial attorney's fees, and then, after a fee dispute developed, took positions adverse to Plaintiff by arguing that Plaintiff could not prove the very legal malpractice case Mr. Hoge had previously pursued.
10. Plaintiff further alleges that during the July 2024 trial, Mr. Hoge and his counsel obstructed Plaintiff's ability to present his case by objecting to witnesses, experts, and evidence, including witnesses and experts connected to the underlying case.
11. Plaintiff does not ask the Court, at this stage, to decide the ultimate truth of these facts. Plaintiff seeks discovery of the PowerPoint presentation so that the jury may evaluate the evidence and circumstances for itself.
12. Plaintiff requested production of the PowerPoint presentation from Defendants.
13. Defendants have failed and/or refused to produce the PowerPoint presentation.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

Under Federal Rule of Civil Procedure 37(a), a party may move for an order compelling disclosure or discovery when the opposing party fails to provide discoverable material. Plaintiff

also submits the certification below pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 104.7.

# IV. ARGUMENT

## A. The PowerPoint Presentation Is Directly Relevant to Plaintiff's Claims.

The PowerPoint presentation is directly relevant because Plaintiff requested it immediately before the confrontation involving Defendant Sims.

The jury is entitled to understand:

a. what Plaintiff requested;
b. what the presentation contained;
c. why Plaintiff requested it;
d. why Defendant Sims allegedly became upset;
e. whether the presentation helps explain Defendant Sims's conduct; and
f. how the request for the presentation fits into the sequence of events leading to the alleged assault and battery.

This is not a fishing expedition. The requested PowerPoint is a specific, identifiable document used during the very trial where the alleged assault occurred.

## B. The PowerPoint May Show Motive, Context, and State of Mind.

Plaintiff contends that Defendant Sims reacted angrily after Plaintiff requested the PowerPoint presentation. The presentation may therefore be relevant to motive, context, and state of mind.

Plaintiff anticipates that Defendants may attempt to portray the confrontation as insignificant, accidental, or unrelated to the PowerPoint request. Plaintiff is entitled to obtain and use the presentation to show the jury the full context of what happened.

The contents of the PowerPoint may assist the jury in determining why Defendant Sims allegedly reacted as he did when Plaintiff requested a copy.

## C. The PowerPoint Was Publicly Displayed and Is Not Privileged.

Defendants cannot properly withhold the PowerPoint presentation on the basis of attorney-client privilege, work-product protection, or confidentiality.

The presentation was affirmatively used in open court during a public jury trial. It was displayed to the judge, the jury, Plaintiff, opposing counsel, courtroom personnel, and others present in the courtroom.

By publicly presenting the PowerPoint during trial, any claim of privilege or confidentiality was waived. Defendants cannot show the presentation to a jury in open court and later claim that Plaintiff is not entitled to obtain the same presentation for use in this case.

### D. The PowerPoint Is Important Evidence That Cannot Be Replaced by Testimony Alone.

The PowerPoint itself is the best evidence of what was displayed during the July 2024 trial.

Witness testimony cannot fully substitute for the actual presentation because the PowerPoint may contain:

a. selected exhibits;
b. images;
c. text;
d. argument summaries;
e. emphasis placed on particular facts;
f. embedded materials;
g. speaker notes;
h. animations;
i. timelines; and
j. other demonstrative materials shown during trial.

The presentation itself will allow the jury to see what Plaintiff saw, what the July 2024 jury saw, and what Plaintiff requested immediately before the alleged assault.

### E. Production Is Proportional and Imposes No Undue Burden.

The PowerPoint presentation already exists in electronic form. It should be easy for Defendants to locate and produce.

Plaintiff is not requesting broad or burdensome discovery. Plaintiff seeks one specific presentation used during a specific July 2024 trial.

The importance of the evidence substantially outweighs any minimal burden associated with production.

# V. REQUESTED RELIEF

For the reasons stated above, Plaintiff respectfully requests that this Court enter an Order:

1. Granting Plaintiff's Motion to Compel;
2. Ordering Defendants to produce, within seven (7) days, the complete PowerPoint presentation used by Defendant Charles M. Sims during the July 2024 jury trial in the Circuit Court for Montgomery County, Maryland;

3.  Ordering Defendants to produce the PowerPoint in native electronic format, including all slides, embedded images, exhibits, videos, animations, metadata, speaker notes, and linked documents;
4.  Ordering Defendants to produce any substantially similar, draft, final, revised, exported, or PDF versions of the same presentation;
5.  Ordering Defendants to identify who created, edited, possessed, used, or maintained the PowerPoint presentation; and
6.  Granting such other and further relief as the Court deems just and proper.

## VI. RULE 37(a)(1) AND LOCAL RULE 104.7 CERTIFICATION

Plaintiff certifies that he has made a good-faith effort to obtain the requested PowerPoint presentation without Court intervention. Plaintiff requested production of the presentation from Defendants, but Defendants have failed and/or refused to produce it.

Plaintiff further certifies that the parties have been unable to resolve this discovery dispute without Court action.

Respectfully submitted,

Date: July 8, 2026

/s/ Yoseph Seyoum
**Yoseph Seyoum**
Plaintiff, Pro Se
1900 Lyttonsville Road #306

Silver Spring MD 20910
7039758957
Joe.Scott@PhantomALERT.com

# CERTIFICATE OF SERVICE

I certify that on this 8th day of July , 2026, I served a copy of the foregoing Plaintiff's Motion to Compel Production of the PowerPoint Presentation Used During the July 2024 Trial on all counsel of record through the Court's CM/ECF system and/or by other authorized means.

/s/ Yoseph Seyoum
**Yoseph Seyoum**