**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| YOSEPH SEYOUM, | * | |
| *Plaintiff,* | * | |
| v. | * | Case No.: 25-3446-TDC |
| CHARLES M. SIMS, et al., | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS CHARLES M. SIMS AND O'HAGAN MEYER, PLLC'S RESPONSE TO PLAINTIFF'S MOTIONS

Defendants, Charles M. Sims and O'Hagan Meyer, PLLC (hereinafter "O'Hagan Meyer"), by their attorney, Justin S. Dunbar, and Niles, Barton & Wilmer, LLP, hereby submit this Omnibus Response to Plaintiff's (1) Motion for Leave to File Supplemental Declaration, Request to Reopen Limited Discovery under Rule 56(d), and Supplemental Opposition to Defendants' Motion for Summary Judgment; (2) Plaintiff's Motion for Extension of Time Nunc Pro Tunc, Leave to File Out of Time, and Request to Accept Plaintiff's Response to the Court's June 29, 2026 Order; (3) Plaintiff's Motion for Leave to File Sur-reply, to Withdraw or Amend Any Deemed Admissions, and Response to Defendants' Argument that the Battery Claim Should Be Dismissed; (4) Motion for Leave to Serve Limited Rule 45 Subpoenas on Montgomery County Sheriff's Office and Montgomery County Circuit Court, and to Reopen Discovery; and (5) Motion to Compel Defendants to Produce the July 22, 2024 PowerPoint Presentation Used During Opening Statements.

### INTRODUCTION

Plaintiff, Yoseph Seyoum ("Plaintiff"), has now filed five overlapping procedural motions that collectively seek to revive closed discovery, excuse untimely and deficient responses, avoid

the consequences of deemed admissions, and forestall disposition of Defendants' pending Motion for Summary Judgment. Although styled as separate requests for relief, the motions rest on the same recurring premises: that discovery was insufficient, that Plaintiff's former counsel failed to pursue certain avenues of proof, that courthouse security footage will substantiate his claims, and that Plaintiff should be relieved from the procedural consequences of his own inaction. These assertions do not warrant relief. Instead, they reflect an effort to impose additional burden on Defendants and the Court after the expiration of the applicable deadlines and after the dispositive issues have been fully briefed.

Despite Plaintiff's repetitive motions, the glaring issue is Plaintiff's lack of diligence. Discovery closed on March 12, 2026, after Plaintiff had a full and fair opportunity to develop the factual record while represented by counsel. During that period, Plaintiff did not depose the witnesses he now contends are necessary, did not pursue the courthouse security footage he now characterizes as essential, and did not timely respond to Defendants' Requests for Admission. Additionally, Plaintiff failed to file a timely Rule 56(d) motion, seek an extension of discovery before the deadline expired, or move within a reasonable time to withdraw or amend the admissions deemed established by operation of the Rules.

Only after Defendants moved for summary judgment and identified the deficiencies in Plaintiff's claims, did Plaintiff seek a second opportunity to reshape the record. He asks this Court to accept a supplemental declaration, reopen or extend discovery, withdraw admissions that are dispositive of his battery claim, enlarge deadlines nunc pro tunc based on his voluntary transition to pro se status, authorize third-party subpoenas for footage the record indicates no longer exists, and compel production of trial materials he has unsuccessfully pursued in state court, and which are irrelevant to the claims asserted in the instant action.

Each request should be denied. Plaintiff has not established good cause, excusable neglect, diligence, or any basis to reopen discovery or defer summary judgment. He has not shown that the additional discovery he seeks would alter the summary judgment analysis, nor has he demonstrated that the security footage he seeks is available, recoverable, or material to any viable claim. Further, Plaintiff's belated attempt to introduce new factual allegations—most notably a battery theory premised on being "pushed into" by a third party—does not cure the deficiencies in his pleadings. That theory was not alleged in the Amended Complaint and is contradicted by the sworn testimony of all known eyewitnesses.

Accordingly, the Court should deny each of Plaintiff's pending motions in their entirety and grant Defendants' Motion for Summary Judgment.

## FACTUAL BACKGROUND

This action arises from two brief interactions that occurred during a five-day jury trial in the Circuit Court for Montgomery County, Maryland, from July 22 through July 26, 2024. Plaintiff contends that Defendant Charles M. Sims committed assault and battery during those interactions—first, when Mr. Sims allegedly advanced toward Plaintiff in the courtroom after Plaintiff demanded a PowerPoint presentation, and second, when Mr. Sims allegedly responded firmly to Plaintiff's repeated demands during a break in trial outside the courtroom. As fully briefed in Defendant's Motion for Summary Judgment, however, those allegations, do not establish the elements of the tort claims Plaintiff seeks to pursue.

Plaintiff filed this action on July 25, 2025, initially proceeding pro se. In or around August 2025, Plaintiff retained The Elira Law Firm, LLC, and thereafter proceeded through discovery with the benefit of counsel. Discovery closed on March 12, 2026. Before that deadline expired,

Plaintiff had a full opportunity to pursue the discovery that he now claims is paramount to his case, including depositions, document requests, and any other relief.

Despite that opportunity, Plaintiff did not depose Defendant Sims, Michael Thomas, Bradley Canter, Christopher Hoge, or any other witness identified in his Amended Complaint. Plaintiff likewise did not move to reopen or extend discovery before the deadline expired. Nor did Plaintiff timely respond to Defendants' Requests for Admission, which were served through Plaintiff's counsel on March 19, 2026. Those omissions are not the product of any newly discovered evidence; they are the result of Plaintiff's failure to use the discovery tools available to him within the time permitted by the Scheduling Order.

On April 27, 2026, Defendants moved for summary judgment. Plaintiff filed his opposition on May 27, 2026, supported by an affidavit that attempted to supplement or recast the factual record after discovery had closed. Defendants filed their reply on June 10, 2026, objecting to Plaintiff's affidavit under Rule 56(c)(4) and noting that Requests for Admission Nos. 1 through 3 had been deemed admitted by Plaintiff's failure to respond. It was only after those dispositive consequences became apparent that Plaintiff began filing numerous motions.

Since the parties appeared before the Court for the June 29, 2026, Remote Status Conference, and following the withdrawal of Plaintiff's counsel, Plaintiff has filed no fewer than five motions seeking overlapping forms of procedural relief. Those filings do not present materially new facts or identify evidence that could not have been pursued during the discovery period. Rather, they repeat the same narrative that Plaintiff's former counsel failed to conduct discovery to Plaintiff's satisfaction, that Plaintiff was distracted by a family emergency, that depositions and courthouse security footage are now essential to his claims, and that the deemed admissions resulted from counsel's omission rather than Plaintiff's deliberate litigation position.

Even if accepted at face value, those assertions do not establish diligence, good cause, excusable neglect, or any other basis to reopen discovery, enlarge expired deadlines, withdraw admissions, or delay resolution of Defendants' Motion for Summary Judgment. Plaintiff's post-withdrawal filings therefore confirm that the relief requested is not directed toward newly discovered evidence, but toward avoiding the consequences of procedural defaults that occurred while discovery was open and while Plaintiff was represented by counsel. No good cause has been shown to re-open discovery and, moreover, to do so at this juncture would unduly prejudice Defendants.

## **LEGAL STANDARD**

A claim must be dismissed under a motion for summary judgment if "materials in the record" show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may defer considering the motion for summary judgment, allow additional time to obtain affidavits, order additional discovery, or issue any other appropriate relief pursuant to Rule 56(d) if the nonmovant shows by affidavit or declaration that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

Rule 36(b) governs requests for admission and provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). The Rule also states that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The Court may permit an admission to be withdrawn or amended "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

Finally, the Court may extend the time to meet a deadline for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). And the Court's Scheduling Order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

## ARGUMENT

### I. Plaintiff's Motions Are Redundant, Untimely, and Reflect a Pattern of Neglect.

Across five separate motions, Plaintiff repackages the same core contentions: that prior counsel failed to pursue discovery to his satisfaction, that a family emergency diverted his attention, that depositions and courthouse security footage are now indispensable, and that his deemed admissions should be excused. That repetition does not supply good cause, excusable neglect, or diligence. To the contrary, it underscores the procedural defect common to all of Plaintiff's requests: while represented by counsel and while discovery remained open, Plaintiff did not pursue the discovery he now claims is essential, did not timely seek an extension of the Scheduling Order, and did not act to avoid or cure the consequences of his failure to respond to Defendants' Requests for Admission. Plaintiff's present filings therefore amount to an improper effort to relitigate expired deadlines and defer adjudication only after Defendants' summary judgment motion exposed the absence of evidentiary support for his claims.

Plaintiff's proffered explanation does not satisfy the applicable diligence standard. Plaintiff asserts that he retained counsel, instructed counsel to develop the case, later faced a family emergency involving his mother, and therefore "relied on The Elira Law Firm to handle this lawsuit and protect my interests." ECF [47]. He further contends that he did not learn until later that depositions had not been taken and that discovery had closed. But those assertions, even if accepted, do not establish good cause or excusable neglect. Additionally, these assertions lack

6

merit as Plaintiff was present at the Court's status conference on April 13, 2026, prior to dispositive motions, and made no such assertion or argument at that time. Plaintiff is bound by counsel's litigation decisions and procedural omissions. To the extent that Plaintiff requests to reopen discovery, the Court should deny that request because Plaintiff has failed to show good cause for such relief.

The record likewise undermines Plaintiff's attempt to attribute the failure to pursue discovery entirely to counsel. Plaintiff remained in communication with counsel throughout the discovery period, as reflected by his own interrogatory responses and by counsel's filing of an opposition to Defendants' Motion for Summary Judgment on Plaintiff's behalf. ECF [38]. If Plaintiff believed that depositions, subpoenas, or courthouse security footage were necessary to prosecute his claims, he had ample opportunity—before discovery closed and prior to dispositive motions—to raise those issues with counsel, seek relief from the Court, or move to extend the Scheduling Order. He did none of those things. The omission is particularly significant because the discovery Plaintiff now characterizes as essential concerns witnesses and materials known to him from the outset of the case, not newly discovered evidence.

Further, Plaintiff states that he traveled out of the country in or around September 2025 and remained focused on his mother's care. Discovery, however, did not close until March 12, 2026—approximately six months later. Plaintiff offers no adequate explanation for why the discovery he now seeks could not have been pursued during that extended period, particularly where he acknowledges that depositions could have proceeded without his personal presence. The family emergency therefore does not bridge the dispositive gap between Plaintiff's awareness of the alleged need for discovery and his failure to act before the deadline expired.

Plaintiff's conduct after Defendants moved for summary judgment confirms the absence of diligence. Plaintiff did not submit a Rule 56(d) affidavit or declaration with his opposition. He did not move to compel production of the PowerPoint presentation, which is irrelevant here in any case, until after Defendants filed their Reply. He did not seek to withdraw or amend the deemed admissions until after Defendants identified their conclusive effect. And he did not timely move for an extension of time. This sequence is not the product of diligence or excusable neglect. It is reactive procedural maneuvering designed to avoid the consequences of Plaintiff's failure to timely conduct discovery, or to seek an extension until after those choices became dispositive in the context of summary judgment.

## II. The Alleged Additional Evidence Would Not Create a Genuine Dispute of Material Fact.

Even if Plaintiff had shown diligence, his motions fail because he has not demonstrated that the requested discovery would change the summary judgment outcome. Rule 56(d) requires the moving party to show how additional time will enable rebuttal of the summary judgment motion. Fed. R. Civ. P. 56(d); *see also Bliss v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) ("The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact.") (citations omitted). Plaintiff has not made such a showing.

Plaintiff seeks to depose Defendant Sims, Michael Thomas, Bradley Canter, Christopher Hoge, Ms. Wheeler, and unknown courthouse personnel. But each of the known individuals have already provided sworn testimony in the form of interrogatory answers or affidavits. Their accounts are consistent: Mr. Sims told Plaintiff to back away, did not make physical contact, did not threaten Plaintiff, and did not raise his voice or advance in a threatening manner. Plaintiff has not identified any inconsistency, gap, or ambiguity in the existing sworn testimony that a

deposition would resolve. He has not explained what new testimony he expects to elicit or how that testimony would contradict the existing record. Instead, Plaintiff offers only conclusory assertions that depositions are needed "to test credibility" and "explore whether Mr. Thomas was pushed or forced into Plaintiff." ECF [47]. But credibility determinations are not a basis for reopening discovery. If Plaintiff disputes the truthfulness of Defendants' witnesses, that dispute must be resolved at trial—not through additional discovery. And Plaintiff's theory that Mr. Thomas was "pushed or forced" into Plaintiff is contradicted by Mr. Thomas's sworn affidavit, which states: "I did not restrain Mr. Sims or touch him. I also did not touch Mr. Seyoum." *See* **Exhibit F** to Defendants' Motion for Summary Judgment ECF [32]. Plaintiff offers no evidence— no witness statement, no contemporaneous complaint, no trial testimony—suggesting that contact occurred and Plaintiff's self-serving and untimely assertion is completely uncorroborated.

As for the alleged surveillance footage from the courthouse, the record of the underlying case is clear that Plaintiff attempted to obtain an alleged security camera video of both the subject courtroom and lobby area outside the courtroom in post-trial and appellate motions. *See* **Exhibit 1** to Defendants' Reply Memorandum in support of Summary Judgment, BATES-Stamped SIMS 01178-1185 containing the Circuit Court's denial of Mr. Seyoum's Motion for Court Order to Release Trial Dates Security Camera Footage and for Sanctions; the Appellate Court's denial of Mr. Seyoum's Motion to Compel Trial Court Action on Security Camera Footage Request; and Mr. Seyoum's previously filed Affidavit dated December 9, 2024 relevant to his motions, as well as **Exhibit 2** to Defendants' Reply Memorandum in support of Summary Judgment , Plaintiff's January 22, 2025 email with Montgomery County Sheriff in which the Sheriff's Office notifies Mr. Seyoum that any requested video is no longer available. Moreover, Plaintiff's Notice of Filing ECF [44] includes a prior subpoena to the Montgomery County Sheriff's Office dated March 11,

2026 and the Sheriff's response dated April 2, 2026 confirming that the requested footage does not exist.

Finally, Plaintiff's continued demands for the PowerPoint presentation used by Defendant Sims during his opening statement in the underlying trial do not impact the merits of Plaintiff's claims. The contents of these slides do not implicate whether the Defendants committed assault or battery. The PowerPoint slides are merely extemporaneous detail to the merits of Plaintiff's claims.

### III. Plaintiff's Deemed Admissions Conclusively Defeat His Battery Claim and Should Not Be Withdrawn.

On March 19, 2026, Defendant Sims timely served Requests for Admissions on Plaintiff through Counsel. Defendants' Request for Admission No. 1 states:

"Admit that Charles Sims did not make physical contact with you during the trial of July 22-26, 2024, as alleged in your Amended Complaint."

Defendants' Request for Admission No. 2 states:

"Admit that Charles Sims did not make physical contact with any objects immediately connected with your person during the trial of July 22-26, 2024, as alleged in your Amended Complaint."

Defendants' Request for Admission No. 3 states:

"Admit that Charles Sims did not cause anything to make physical contact with you, or with any objects connected to your person, during the trial of July 22-26, 2024, as alleged in your Amended Complaint."

*See* **Exhibit 5** to Defendants' Reply Memorandum in support of Summary Judgment. Pursuant to Fed. R. Civ. P. 36(a)(3), "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or

objection addressed to the matter and signed by the party or its attorney." Neither Plaintiff nor Plaintiff's counsel served a response and under the Rule, these matters are deemed admitted.

Plaintiff now seeks to avoid the binding effect of those admissions under Rule 36(b). The Court should deny that request. Withdrawal would neither promote the presentation of the merits nor avoid prejudice to Defendants; rather, it would permit Plaintiff to evade the consequences of his own procedural default and inject a belated factual theory into a record that is otherwise one-sided. As Defendants explained in their Reply Memorandum, Plaintiff's assertion that Mr. Michael Thomas was pushed or forced into him rests solely on Plaintiff's self-serving affidavit, in which Plaintiff once again materially alters his account of the underlying events. *See* ECF [40]. Mr. Thomas's affidavit squarely contradicts that new version of events and expressly states that Mr. Thomas never touched Plaintiff. Allowing Plaintiff to withdraw the admissions would therefore permit him to manufacture a purported factual dispute by offering testimony contrary to every other witness, the contemporaneous record, and Plaintiff's own prior allegations in this litigation.

Defendants would also suffer substantial prejudice if Plaintiff were permitted to withdraw the admissions at this late stage. Defendants relied on the deemed admissions in briefing summary judgment and in narrowing the issues remaining for adjudication. If withdrawal were allowed, Defendants would be forced to relitigate issues that Rule 36 has already conclusively resolved, and to defend against a newly asserted theory that was not timely pleaded, is unsupported by corroborating evidence, and is contradicted by the existing evidentiary record. Rule 36(b) does not authorize such a result. Plaintiff's request should therefore be denied.

## <u>CONCLUSION</u>

WHEREFORE, Defendants, Charles M. Sims and O'Hagan Meyer, PLLC, respectfully request that this Honorable Court:

1. Deny Plaintiff's Motion for Leave to File Supplemental Declaration, Request to Reopen Limited Discovery under Rule 56(d), and Supplemental Opposition to Defendants' Motion for Summary Judgment;

2. Deny Plaintiff's Motion for Extension of Time Nunc Pro Tunc, Leave to File Out of Time, and Request to Accept Plaintiff's Response to the Court's June 29, 2026 Order;

3. Deny Plaintiff's Motion for Leave to File Sur-reply, to Withdraw or Amend Any Deemed Admissions, and Response to Defendants' Argument that the Battery Claim Should Be Dismissed;

4. Deny Plaintiff's Motion for Leave to Serve Limited Rule 45 Subpoenas on Montgomery County Sheriff's Office and Montgomery County Circuit Court, and to Reopen Discovery;

5. Deny Plaintiff's Motion to Compel Defendants to Produce the July 22, 2024 PowerPoint Presentation Used During Opening Statements;

6. Grant Defendants' Motion for Summary Judgment; and

7. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Justin S. Dunbar*
Justin S. Dunbar, Esq. (# 27699)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
Tel.: (410) 783-6432
Fax: (410) 783-6483
jsdunbar@nilesbarton.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of July, 2026, a copy of the foregoing

Defendants' Response to Plaintiff's Motions was sent via PACER and electronic mail to:


Yoseph Seyoum
Plaintiff, Pro Se
Joe.scott@phantomalert.com


/s/ Justin S. Dunbar
Justin S. Dunbar, Esq. (# 27699)