| | | |
|---|---|---|
| YOSEPH SEYOUM, | * | |
| *Plaintiff*, | * | |
| v. | * | Case No.: 8:25-cv-03446-AAQ |
| CHARLES M. SIMS, et al., | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS CHARLES M. SIMS AND O'HAGAN MEYER, PLLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY AND SUPPLEMENTAL DECLARATION BASED UPON NEWLY ISSUED ORDER OF THE SUPREME COURT OF MARYLAND**

Defendants, Charles M. Sims and O'Hagan Meyer, PLLC (hereinafter "O'Hagan Meyer"), by their attorney, Justin S. Dunbar, and Niles, Barton & Wilmer, LLP, hereby submit this Opposition to Plaintiff's Motion for Leave to File Reply and Supplemental Declaration Based Upon Newly Issued Order of the Supreme Court of Maryland, and state as follows:

## INTRODUCTION

Plaintiff, Yoseph Seyoum ("Plaintiff"), seeks leave to file another reply and supplemental declaration, this time premised on a July 21, 2026 Notice of Order from the Supreme Court of Maryland denying his petition for review in his underlying state malpractice claim. The Supreme Court's Order is irrelevant to any pending motion in this case and provides no basis for additional briefing, supplemental evidence, or reopening discovery. Plaintiff's latest motion is another attempt to delay resolution of Defendant's pending Motion for Summary Judgment and revisit issues that have already been fully briefed. To the extent that Plaintiff repeats arguments raised in his pending motions, Defendants respectfully refer this Court to their Omnibus Response to Plaintiff's Motions. ECF [51]. This Court should deny Plaintiff's Motion for Leave to File Reply

and Supplemental Declaration and proceed to grant Defendants' pending Motion for Summary Judgment.

## STATEMENT OF FACTS

This action arises from two brief interactions that occurred during a five-day jury trial in the Circuit Court for Montgomery County, Maryland, from July 22 through July 26, 2024. Plaintiff contends that Defendant Charles M. Sims committed assault and battery during those interactions—first, when Mr. Sims allegedly advanced toward Plaintiff after Plaintiff demanded a PowerPoint presentation, and second, when Mr. Sims allegedly responded firmly to Plaintiff's repeated demands. Those allegations, however, do not establish the elements of the tort claims Plaintiff seeks to pursue.

Plaintiff filed this action on July 25, 2025, initially proceeding pro se. In or around August 2025, Plaintiff retained The Elira Law Firm, LLC, and thereafter proceeded through discovery with the benefit of counsel. Discovery closed on March 12, 2026. Before that deadline expired, Plaintiff had a full opportunity to pursue the discovery that he now claims is paramount to his case, including depositions, document requests, and any other available relief.

Despite that opportunity, Plaintiff did not depose Defendant Sims, Michael Thomas, Bradley Canter, Christopher Hoge, or any other witness identified in his Amended Complaint. Plaintiff likewise did not move to reopen or extend discovery before the deadline expired. Nor did Plaintiff timely respond to Defendants' Requests for Admission, which were served through Plaintiff's counsel on March 19, 2026. Those omissions are not the product of any newly discovered evidence; they are the result of Plaintiff's failure to use the discovery tools available to him within the time permitted by the Scheduling Order.

On April 27, 2026, Defendants moved for summary judgment. Plaintiff filed his opposition on May 27, 2026, supported by an affidavit that attempted to supplement or recast the factual record after discovery had closed. Defendants filed their reply on June 10, 2026, objecting to Plaintiff's affidavit under Rule 56(c)(4) and noting that Requests for Admission Nos. 1 through 3 had been deemed admitted by Plaintiff's failure to respond. It was only after those dispositive consequences became apparent that Plaintiff began filing numerous motions.

Since the parties appeared before the Court for the June 29, 2026, Remote Status Conference, and the withdrawal of Plaintiff's counsel, Plaintiff has filed at least five motions, including motions to reopen discovery, withdraw deemed admissions, compel production of the PowerPoint presentation, and file supplemental declarations and briefing. On July 21, 2026, Defendants filed their Omnibus Response opposing all of Plaintiff's pending motions and explaining why Plaintiff's requests do not justify reopening the record or delaying resolution of summary judgment.

Plaintiff now seeks leave to file a reply to Defendants' Omnibus Response and a supplemental declaration concerning the Order from the Supreme Court of Maryland, arguing that the order is material to his request for production of the PowerPoint presentation.

## ARGUMENT

### I.      The Supreme Court of Maryland's Order is Irrelevant to this Matter.

The central premise of Plaintiff's Motion is without merit because the Notice of Order and the Supreme Court's decision to deny Plaintiff's petition for writ of certiorari is irrelevant to the instant action and serves only to establish that the underlying lawsuit is now complete. The Order has no bearing on the legal or factual issues presented by Plaintiff's pending motion in this case or whether the subject PowerPoint presentation is relevant to his claims. Plaintiff argues that the

Supreme Court's denial eliminates any contention that production of the PowerPoint should be withheld to avoid interfering with a pending appeal. This argument is misleading because Defendants have never argued that the PowerPoint was not relevant to Plaintiff's claims because of the pending state appellate proceeding. Instead, Defendants have argued that the contents of the PowerPoint are irrelevant to Plaintiff's claims for assault, battery and intentional infliction of emotional distress and that Plaintiff's prior efforts to seek the PowerPoint were unsuccessful. There is no basis to compel production of this trial exhibit when Plaintiff cannot establish that it is relevant, necessary, or material to the instant case.

Moreover, the Supreme Court of Maryland's Order does not authenticate new evidence or create any genuine factual dispute. The Notice reflects only the Court's ruling on Plaintiff's petition, not the elements of Plaintiff's assault and battery claims at issue here. In his latest filing, Plaintiff merely repeats arguments already raised in his Motion to Compel production of the PowerPoint, which Defendants previously addressed in their Omnibus Response. It should not be permitted as another attempt to supplement the record based on a purported new development that has no bearing on the merits of this case.

## **CONCLUSION**

WHEREFORE, Defendants, Charles M. Sims and O'Hagan Meyer, PLLC, respectfully request that this Court deny Plaintiff's Motion for Leave to File Reply and Supplemental Declaration Based Upon Newly Issued Order of the Supreme Court of Maryland and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Justin S. Dunbar*
Justin S. Dunbar, Esq. (# 27699)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
Tel.: (410) 783-6432
Fax: (410) 783-6483
jsdunbar@nilesbarton.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of August, 2026, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Leave to File Reply and Supplemental Declaration Based Upon Newly Issued Order of the Supreme Court of Maryland was sent via PACER and electronic mail to:

Yoseph Seyoum
Plaintiff, Pro Se
Joe.scott@phantomalert.com

*/s/ Justin S. Dunbar*
Justin S. Dunbar, Esq. (# 27699)