**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| YOSEPH SEYOUM,<br>Plaintiff,<br>v.<br>CHARLES M. SIMS, et al.,<br>Defendants. | Civil Action No.<br>8:25-cv-03446-AAQ |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE REPLY AND SUPPLEMENTAL DECLARATION AND RESPONSE TO DEFENDANTS' OPPOSITION, ECF NO. 53**

Plaintiff Yoseph Seyoum ("Plaintiff" or "Seyoum"), proceeding pro se, respectfully submits this Reply in further support of his Motion for Leave to File Reply and Supplemental Declaration and in response to Defendants Charles M. Sims and O'Hagan Meyer, PLLC's Opposition, ECF No. 53.

## INTRODUCTION

Defendants characterize Plaintiff's request as another effort to delay summary judgment. It is not.

Plaintiff seeks permission to complete the record so that this action is decided upon evidence and the merits rather than upon discovery that was never completed by former counsel, Requests for Admission that former counsel failed to answer, and affidavits from witnesses whom Plaintiff has never been permitted to depose.

Defendants' Opposition itself confirms that several important matters remain unresolved. Defendants acknowledge that Plaintiff did not depose Defendant Sims, Michael Thomas, Bradley Canter, Christopher Hoge, or other material witnesses before discovery closed. They further acknowledge that the Requests for Admission upon which they now rely were served through Plaintiff's former counsel.

What Defendants characterize as Plaintiff's failure was, from Plaintiff's perspective, a failure of retained counsel to develop the case and protect Plaintiff's interests.

Plaintiff respectfully submits that justice is better served by allowing narrowly tailored discovery and deciding the case upon actual testimony rather than granting summary judgment because Plaintiff's former attorney failed to conduct depositions and failed to answer Requests for Admission.

The Supreme Court of Maryland's July 21, 2026 Order is also a genuine subsequent development. Plaintiff does not contend that the Order independently proves assault or battery. Its significance is narrower: the underlying Maryland appellate proceedings have now concluded, eliminating any remaining uncertainty regarding the procedural status of the underlying case and further supporting consideration of Plaintiff's request for the PowerPoint presentation used during that trial.

For these reasons, the Court should grant Plaintiff leave to file the proposed Reply and Supplemental Declaration and should not enter summary judgment until the limited discovery Plaintiff has identified is completed.

## I. PLAINTIFF IS ENTITLED TO REPLY TO DEFENDANTS' OPPOSITION

Defendants filed ECF No. 53 specifically opposing Plaintiff's Motion for Leave.

Plaintiff therefore seeks an opportunity to respond to the arguments Defendants have raised against that motion.

Plaintiff is not seeking an endless sequence of briefing. He is attempting to answer Defendants' contention that his proposed supplemental filing is irrelevant and dilatory.

The proposed Reply would assist the Court by explaining:

1. why the Supreme Court of Maryland's newly issued order is relevant to the procedural status of the underlying litigation;
2. why Plaintiff seeks the PowerPoint;
3. why the discovery record remains materially incomplete;
4. why former counsel's omissions should not be treated as deliberate decisions by Plaintiff;
5. why the deemed admissions should be withdrawn or amended; and
6. why material factual disputes remain concerning the two alleged incidents.

The Court should therefore permit the Reply so that Plaintiff has a meaningful opportunity to address Defendants' Opposition.

## II. DEFENDANTS MISCHARACTERIZE THE SIGNIFICANCE OF THE SUPREME COURT OF MARYLAND'S ORDER

Defendants argue that the Supreme Court of Maryland's denial of Plaintiff's petition serves only to establish that the underlying lawsuit is now complete and has no bearing upon this action.

Plaintiff agrees with one important portion of that statement: the underlying litigation is now complete.

That is precisely why the new Order is relevant to Plaintiff's request concerning the PowerPoint.

Plaintiff does not contend that the Supreme Court's denial establishes any element of assault or battery. Nor does Plaintiff contend that Defendants previously relied exclusively upon the existence of a pending state appeal as their basis for withholding the PowerPoint.

Rather, Plaintiff submits the Order because it is a material procedural development establishing that the underlying litigation has reached the end of Maryland's appellate process.

The PowerPoint was used publicly during opening statements in that underlying trial. Plaintiff alleges that his request for a copy of that very presentation immediately preceded the first confrontation with Defendant Sims.

The conclusion of the underlying litigation therefore eliminates any possible concern that production could affect active Maryland appellate proceedings and further reduces any potential burden or prejudice associated with production.

Plaintiff seeks to provide the Court with an accurate and current procedural record. That is not delay.

## III. THE POWERPOINT IS RELEVANT BECAUSE PLAINTIFF'S REQUEST FOR IT WAS THE IMMEDIATE CONTEXT OF THE FIRST ALLEGED ASSAULT

Defendants argue that the contents of the PowerPoint are irrelevant to Plaintiff's assault and battery claims.

That argument defines relevance too narrowly.

The PowerPoint need not itself depict an assault to be relevant.

Plaintiff alleges that:

7. Defendant Sims used the PowerPoint during opening statements;
8. Plaintiff later requested a copy;
9. courthouse personnel directed Plaintiff to ask Sims for it;
10. when Plaintiff requested it, Sims became visibly angry;
11. Sims stated words to the effect of "I know what you are doing"; and
12. Sims advanced toward Plaintiff, causing Plaintiff to retreat.

The PowerPoint therefore bears directly upon the context, motive, intent, state of mind, and credibility surrounding the first incident.

A factfinder is entitled to understand why Plaintiff approached Sims and why Plaintiff alleges that an otherwise ordinary request for a copy of a courtroom presentation produced such an aggressive response.

Plaintiff is not seeking broad discovery into the entire underlying malpractice case. He seeks one specific presentation that Defendant Sims admittedly used before the jury and which directly relates to the interaction giving rise to Plaintiff's first assault claim.

## IV. THE CENTRAL ISSUE IS THAT DISCOVERY WAS NEVER ADEQUATELY COMPLETED WHILE PLAINTIFF WAS REPRESENTED BY COUNSEL

Defendants repeatedly state that Plaintiff had a full opportunity to conduct discovery while represented.

The existence of a discovery period, however, is not the same thing as meaningful discovery actually being conducted.

Plaintiff retained counsel precisely because he expected counsel to perform the professional tasks necessary to develop his case.

Plaintiff expected former counsel to:

- depose Defendant Sims;
- depose Michael Thomas;
- depose Bradley Canter;
- depose Christopher Hoge and other witnesses;
- obtain relevant courthouse evidence;
- pursue security-camera evidence;
- respond to Requests for Admission;

- monitor deadlines; and
- request additional time if discovery could not reasonably be completed.

Those things did not occur.

Plaintiff did not instruct his attorney to abandon depositions.

Plaintiff did not instruct his attorney to allow discovery to close without developing witness testimony.

Plaintiff did not instruct his attorney to ignore Requests for Admission.

Plaintiff did not knowingly agree to facts contrary to his own allegations.

Once Plaintiff learned the extent of these problems and returned to pro se status, he began attempting to cure them.

His present motions therefore demonstrate diligence after discovery omissions became known to him; they do not establish deliberate neglect.

## V. PLAINTIFF SHOULD NOT LOSE HIS CLAIMS BECAUSE FORMER COUNSEL FAILED TO RESPOND TO REQUESTS FOR ADMISSION

Defendants again emphasize that Requests for Admission Nos. 1 through 3 were deemed admitted because no response was timely served.

Plaintiff respectfully asks the Court to distinguish between an intentional factual admission and an unanswered discovery request resulting from counsel's omission.

Plaintiff did not personally receive, review, approve, or intentionally decline to answer the Requests for Admission.

More importantly, the deemed admissions contradict Plaintiff's actual position in this litigation.

Plaintiff has consistently maintained that Sims advanced toward him and that, during the second incident, Thomas came into bodily contact with Plaintiff while Thomas was positioned between Plaintiff and Sims.

Plaintiff would have denied or qualified Requests for Admission asserting otherwise had he known those requests remained unanswered.

Rule 36(b) permits withdrawal or amendment where doing so promotes presentation of the merits and does not unfairly prejudice the requesting party.

Here, withdrawal plainly promotes consideration of the merits because the admissions concern the very physical contact underlying Plaintiff's battery claim.

Defendants remain fully capable of litigating those facts. Indeed, they have affidavits from Sims, Thomas, Canter, Wheeler, and others.

What Defendants would lose is not evidence, but the ability to obtain judgment from counsel's procedural omission without testing the disputed facts.

## VI. MICHAEL THOMAS'S AFFIDAVIT DOES NOT ELIMINATE THE FACTUAL DISPUTE - IT HIGHLIGHTS IT

This issue is particularly important.

Michael Thomas acknowledges that he positioned himself between Defendant Sims and Plaintiff during the second confrontation.

Thomas nevertheless states that he did not restrain or touch Sims and that he did not touch Plaintiff.

Plaintiff's sworn recollection is materially different.

Plaintiff states that Sims was advancing toward him, that Plaintiff was retreating, that Thomas moved between the two men, and that Thomas made bodily contact with Plaintiff during that intervention.

Those versions conflict.

If Thomas's statement that Sims never touched or pushed him is true, while Plaintiff's testimony that Thomas nevertheless physically contacted Plaintiff is also true, then an alternative factual inference arises: Thomas may have independently moved into Plaintiff rather than being pushed into Plaintiff by Sims.

That possibility does not justify summary judgment.

It justifies discovery.

Plaintiff should be permitted to ask Thomas under oath:

- why he placed himself between Sims and Plaintiff;
- how far apart Sims and Plaintiff were;
- whether Sims was advancing;
- whether Plaintiff was retreating;
- how Thomas moved;
- whether Thomas moved backward or sideways;
- whether he came within Plaintiff's personal space;
- whether any bodily contact occurred;
- what he perceived Sims to be doing;
- why intervention was necessary; and
- what other witnesses saw.

Those questions cannot fairly be resolved by accepting Thomas's affidavit while rejecting Plaintiff's sworn testimony.

## VII. PLAINTIFF DOES NOT ASK THE COURT AT THIS STAGE TO FIND THAT THOMAS LIED OR THAT THOMAS IS LIABLE

Plaintiff recognizes that it would be premature to ask the Court to conclude, without discovery, that Thomas intentionally testified falsely or intentionally committed battery.

Plaintiff instead asks the Court to recognize the logical consequence of the conflicting evidence.

There are presently at least two competing possibilities:

First, Plaintiff's original theory: Sims advanced aggressively and caused or contributed to Thomas being forced or moved into Plaintiff.

Second, if Thomas's denial that Sims contacted or pushed him is ultimately credited, Plaintiff's testimony that Thomas nevertheless contacted him could support an alternative theory that Thomas independently caused the contact.

Which explanation is correct cannot reasonably be determined without examining Thomas, Sims, Canter, and the other witnesses.

Plaintiff intends, if appropriate, to separately seek leave under Rule 15 to amend the complaint to add Michael Thomas based upon the evidence and the alternative factual theory revealed by his affidavit.

The Court should not foreclose either theory through summary judgment before Plaintiff has had an opportunity to conduct the depositions former counsel failed to take.

## VIII. CANTER'S INVOLVEMENT FURTHER DEMONSTRATES A FACTUAL DISPUTE

Plaintiff also maintains that Bradley Canter physically intervened with Sims during the second incident.

That evidence matters.

If Sims simply spoke firmly to Plaintiff and there was no physical escalation, a jury could reasonably question why Thomas positioned himself between the parties and why Canter also physically intervened.

The testimony concerning the actions of Thomas and Canter therefore provides additional reason to permit depositions rather than rely exclusively upon affidavits.

Their intervention may corroborate Plaintiff's assertion that Sims was moving toward him in an aggressive manner.

At minimum, it presents factual questions concerning Sims's movement, Sims's demeanor, Plaintiff's retreat, Thomas's intervention, Canter's intervention, and whether the situation presented an apparent risk of unwanted physical contact.

Those questions are for discovery and ultimately the factfinder.

## IX. OBJECTIVE SECURITY EVIDENCE REMAINS HIGHLY MATERIAL

The easiest way to determine what physically occurred would be objective video evidence.

Plaintiff has repeatedly sought the courthouse security footage.

Plaintiff understands that the Sheriff's Office previously stated that the requested video was no longer available.

But Plaintiff's present discovery request is broader and more precise than simply demanding a video file that may have been overwritten.

Plaintiff seeks narrowly tailored discovery concerning whether the cameras were operating, what areas they covered, whether footage was originally recorded, who viewed it, whether anyone exported or copied it, retention policies, deletion or overwrite dates, access logs, audit logs, backup systems, archived copies, vendor records, preservation communications, and whether any related evidence remains recoverable.

Plaintiff is not asking the Court to assume a video still exists.

He asks for an opportunity to determine whether objective evidence or derivative records remain.

That is a proper purpose of discovery.

## X. SUMMARY JUDGMENT SHOULD NOT BE GRANTED BEFORE THE MATERIAL WITNESSES ARE DEPOSED

Defendants' ultimate request is that the Court deny Plaintiff's motion and proceed directly to granting summary judgment.

That is the result Plaintiff most respectfully asks the Court to avoid.

This case concerns disputed interpersonal events.

Plaintiff says Sims advanced aggressively.

Defendants deny that characterization.

Plaintiff says he retreated.

Plaintiff says Thomas made bodily contact with him.

Thomas denies it.

Plaintiff says Thomas and Canter intervened because Sims was advancing aggressively.

Defendants characterize the exchange as brief and non-threatening.

Those are factual disagreements.

The principal witnesses have never been subjected to deposition examination by Plaintiff.

Granting summary judgment under those circumstances would effectively transform Defendants' untested affidavits into findings of fact.

Plaintiff respectfully submits that Rule 56 is not intended to substitute judicial credibility determinations for a jury where competent evidence creates genuine disputes about material events.

At minimum, Rule 56(d) permits the Court to defer consideration of summary judgment while necessary discovery is completed.

## XI. THE DISCOVERY PLAINTIFF REQUESTS CAN BE NARROWLY LIMITED

Plaintiff is not asking to restart unrestricted discovery.

The Court could permit a limited period, such as sixty days, solely for:

13. deposition of Charles M. Sims;
14. deposition of Michael Thomas;
15. deposition of Bradley Canter;
16. deposition of Christopher Hoge;
17. deposition of Ms. Wheeler and others;
18. identification and deposition of relevant courtroom personnel;
19. narrowly tailored Rule 45 discovery concerning courthouse security footage and related records; and
20. production of the July 22, 2024 PowerPoint presentation.

Plaintiff is also prepared to sit for his own deposition if Defendants wish to examine him.

Such limited reciprocal discovery would allow both sides to develop an actual evidentiary record and would substantially reduce any claim of prejudice.

**XII. PLAINTIFF'S REQUEST IS DIRECTED TOWARD A DECISION ON THE MERITS, NOT DELAY**

Defendants repeatedly characterize Plaintiff's motions as attempts to delay adjudication.

Plaintiff respectfully disagrees.

Plaintiff is requesting testimony from witnesses who were never deposed; correction of admissions that Plaintiff never intended to make; objective security evidence concerning the alleged incidents; production of the presentation directly connected to the first confrontation; and consideration of a subsequent Supreme Court of Maryland order affecting the procedural status of the underlying litigation.

Plaintiff is prepared to proceed promptly.

He does not seek indefinite delay.

He seeks an opportunity for the case to be decided upon actual evidence.

That is particularly important where Defendants ask for a final judgment that would terminate Plaintiff's claims entirely.

**CONCLUSION**

WHEREFORE, Plaintiff Yoseph Seyoum respectfully requests that this Court:

21. GRANT Plaintiff's Motion for Leave to File Reply and Supplemental Declaration;
22. accept and consider Plaintiff's proposed Reply and Supplemental Declaration;
23. consider the Supreme Court of Maryland's July 21, 2026 Order as a subsequent procedural development demonstrating that the underlying Maryland litigation has concluded;
24. grant Plaintiff's pending requests to withdraw or amend the deemed admissions;
25. reopen discovery for a narrowly limited period;
26. permit depositions of Defendant Sims, Michael Thomas, Bradley Canter, Christopher Hoge, Ms. Wheeler, and other material witnesses;
27. permit narrowly tailored discovery concerning courthouse security footage and related preservation, deletion, backup, access, and recovery records;
28. compel production of the PowerPoint presentation used during the July 2024 opening statement;
29. DENY Defendants' Motion for Summary Judgment;
30. alternatively, DEFER consideration of summary judgment pursuant to Rule 56(d) until completion of the limited discovery requested by Plaintiff;
31. permit Plaintiff, if appropriate, to separately seek leave under Rule 15 to amend his complaint concerning Michael Thomas; and
32. grant such other and further relief as justice requires.

Respectfully submitted,



Yoseph Seyoum
Plaintiff, Pro Se

1900 Lyttonsville Road Unit 306 Silver Spring MD 20910
7039758957
Joe.scott@phantomalert.com
Date: August 11, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of August 2026, a copy of the foregoing Plaintiff's Reply in Support of Motion for Leave to File Reply and Supplemental Declaration and Response to Defendants' Opposition, ECF No. 53, was filed and/or served in accordance with the Court's applicable electronic filing procedures upon counsel for Defendants:

Justin S. Dunbar, Esq.
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
jsdunbar@nilesbarton.com



Yoseph Seyoum
Plaintiff, Pro Se