**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

**YOSEPH SEYOUM,**
**Plaintiff,**

**Civil Action No. 8:25-cv-03446-AAQ**

**v.**

**CHARLES M. SIMS, et al.**
**Defendants.**

# PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, TO ADD MICHAEL THOMAS AS A DEFENDANT TO THE BATTERY CLAIM, AND FOR RELATED LIMITED RELIEF

Plaintiff Yoseph Seyoum, proceeding pro se, respectfully moves pursuant to Federal Rules of Civil Procedure 8(d), 15(a)(2), 16(b)(4), 20(a)(2), and 21 for leave to file the attached Second Amended Complaint. The proposed amendment adds Michael Thomas as a defendant to the battery claim, pleaded in the alternative, and clarifies the competing factual mechanisms by which the alleged contact during the second July 2024 courthouse incident occurred. Plaintiff further requests that the Court defer or deny summary judgment under Rule 56(d), reopen narrowly tailored discovery necessary to test the competing accounts, and authorize the limited third-party discovery previously requested concerning courthouse security-camera evidence and related records. This Motion is opposed: counsel for the existing Defendants has advised Plaintiff that Defendants intend to oppose the requested amendment.

## MEMORANDUM IN SUPPORT

### I. THE PROPOSED AMENDMENT ARISES FROM THE SAME OCCURRENCE ALREADY PLEADED

1. The operative Amended Complaint already alleges two incidents during the July 22-26, 2024 jury trial and specifically alleges that, during the second incident, Defendant Sims lunged toward Plaintiff and one of Sims's colleagues had to restrain him.

2. Michael Thomas is not a newly discovered stranger to the case. He was identified throughout the litigation as a percipient witness and participant in the physical intervention during the second incident.

3. Thomas has submitted a sworn affidavit acknowledging that he deliberately positioned himself between Sims and Plaintiff, while stating that he did not restrain or touch Sims and did not touch Plaintiff.

4. Plaintiff's sworn account is materially different. Plaintiff maintains that he was retreating from Sims, that Thomas moved between them, and that Thomas made unwanted bodily contact with Plaintiff during the intervention.

5. Defendants themselves have argued that Plaintiff's later-described theory that Thomas was pushed or forced into Plaintiff was not alleged in the operative Amended Complaint. See ECF No. 51 at 2. The proposed amendment directly addresses that pleading issue without changing the underlying occurrence.

## II. GOOD CAUSE EXISTS UNDER RULE 16(b)(4)

6. To the extent the Scheduling Order's deadline for amendment has passed, Plaintiff recognizes that Rule 16(b)(4) requires good cause before amendment. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).

7. Good cause exists because the need for the alternative Thomas theory crystallized through the witnesses' sworn accounts and Defendants' summary-judgment position. Plaintiff originally understood the bodily contact as resulting from Sims's continued advance, which caused or contributed to Thomas being moved into Plaintiff.

8. Thomas now states that Sims did not touch or restrain him. If that assertion is accepted while Plaintiff's firsthand account that Thomas contacted him is also credited, a different factual mechanism follows: Thomas himself may have intentionally moved into Plaintiff and caused the offensive contact.

9. Plaintiff did not receive the benefit of depositions of Sims, Thomas, Bradley Canter, or the other material witnesses before discovery closed. After returning to pro se status, Plaintiff promptly sought limited discovery, withdrawal or amendment of deemed admissions, courthouse-security evidence, and other relief directed to the same disputed events.

10. The amendment is therefore not a new transaction or an effort to manufacture a new controversy after summary judgment. It is a targeted response to the evidentiary positions now being asserted about an occurrence already pleaded from the outset.

## III. RULE 15(a)(2) FAVORS LEAVE TO AMEND

11. Rule 15(a)(2) directs that leave should be freely given when justice so requires. The proposed amendment is made in good faith, concerns the same July 2024 occurrence, and will permit the case to be decided on the evidence rather than on an ambiguity in the prior pleading.

12. The amendment will not unfairly surprise the existing Defendants. Thomas has been identified throughout the case, has supplied an affidavit about the second incident, and his conduct is already part of the factual record on which Defendants rely.

13. Any litigation prejudice can be cured through narrowly tailored reciprocal discovery. Plaintiff is prepared to make himself available for deposition and does not seek an unlimited reopening of discovery.

## IV. RULE 8(d) EXPRESSLY PERMITS THE ALTERNATIVE BATTERY THEORIES

14. Rule 8(d)(2)-(3) permits alternative and even inconsistent factual theories. Plaintiff therefore need not select, before the relevant witnesses are deposed, between two competing mechanisms for the same alleged contact.

15. Alternative Theory One is that Sims continued advancing and caused or contributed to Thomas being pushed, displaced, or otherwise moved into Plaintiff.

16. Alternative Theory Two is that, if Thomas is correct that Sims never touched, pushed, or physically displaced him, Thomas independently and intentionally moved into Plaintiff's space and caused the unwanted bodily contact.

17. The proposed pleading does not ask the Court to decide which mechanism is true. It permits discovery and the factfinder to determine responsibility based on admissible evidence.

## V. THOMAS MAY BE JOINED UNDER RULES 20 AND 21

18. The proposed claim against Thomas arises from the identical second courthouse incident already alleged against Sims, and common questions of fact predominate: who moved toward whom, why Thomas intervened, whether Canter restrained Sims, whether Plaintiff was retreating, and how the bodily contact occurred.

19. Joinder therefore promotes judicial economy and avoids separate proceedings or inconsistent findings concerning the same physical encounter.

## VI. THE PROPOSED BATTERY CLAIM AGAINST THOMAS IS TIMELY

20. The second incident occurred in July 2024. Maryland's general limitations statute provides three years for civil actions unless another provision supplies a different period. Md. Code Ann., Cts. & Jud. Proc. § 5-101.

21. Maryland's one-year statute expressly applies to assault, libel, and slander. Id. § 5-105. Maryland courts apply the general three-year period to civil battery claims. Ford v. Douglas, 144 Md. App. 620, 623-25, 799 A.2d 448, 450-51 (2002).

22. Because Plaintiff seeks to add Thomas to the battery claim within three years of the July 2024 incident, the proposed battery claim is timely on its face. Plaintiff therefore does not rely on relation back under Rule 15(c) to make that claim timely.

23. The proposed Second Amended Complaint does not add a new assault claim against Thomas. The assault count remains directed to Sims.

## VII. LIMITED DISCOVERY IS NECESSARY BEFORE SUMMARY JUDGMENT IS RESOLVED

24. Defendants rely upon affidavits from the very witnesses Plaintiff has not been able to depose. The competing descriptions of the second incident cannot fairly be tested without examining Sims, Thomas, Canter, and other percipient witnesses.

25. Plaintiff also seeks narrowly tailored discovery concerning courthouse security-camera evidence, including whether footage was recorded, viewed, copied, preserved, deleted, archived, backed up, or remains recoverable, and related access logs, retention records, audit records, vendor information, and preservation communications.

26. Plaintiff does not ask the Court to presume that video still exists or to draw an adverse inference merely because it was not produced. Plaintiff seeks an opportunity to determine, through objective records and custodian testimony, what evidence existed and what happened to it.

27. That discovery bears directly on the disputed positions and movements of the participants. Rule 56(d) permits the Court to defer consideration of summary judgment and allow time to obtain facts essential to justify opposition.

## VIII. THE AMENDMENT WILL ASSIST A DECISION ON THE MERITS

28. The proposed amendment narrows rather than expands the core dispute. Plaintiff alleges one second incident, one disputed physical sequence, and one instance of unwanted bodily contact. The amendment simply permits the factfinder to determine whether Sims caused that contact, Thomas independently caused it, or the evidence supports another permissible finding.

29. Denying amendment while simultaneously relying on Thomas's affidavit to defeat Plaintiff's existing battery theory would risk resolving the case on a pleading technicality before the material witnesses have been examined.

## IX. LOCAL RULE 103.6 COMPLIANCE AND CONSENT

30. Consistent with Local Rule 103.6, Plaintiff submits with this Motion a clean proposed Second Amended Complaint and a copy showing the proposed changes to the operative Amended Complaint.

31. Before filing this Motion, Plaintiff sought the existing Defendants' consent to the proposed amendment. On August 26, 2026, Plaintiff requested that Defendants consent to, or not oppose, the amendment. Counsel for Defendants indicated that Defendants oppose the proposed amendment and intend to file an opposition. Plaintiff therefore identifies this Motion as opposed.

## REQUEST FOR RELIEF

1. GRANT leave to file the proposed Second Amended Complaint;

2. permit Michael Thomas to be added as a Defendant to the battery claim pleaded in the alternative;

3. modify any expired amendment deadline for good cause under Rule 16(b)(4);

4. deem the clean Second Amended Complaint filed upon entry of the Court's Order, or direct Plaintiff to file it promptly;

5. direct issuance of summons for Michael Thomas and permit service pursuant to Rule 4;

6. defer or deny the pending Motion for Summary Judgment under Rule 56(d) until the limited discovery necessary to address the amended allegations is completed;

7. reopen discovery for a narrowly tailored period sufficient to depose Sims, Thomas, Canter, Plaintiff, and other directly relevant witnesses;

8. authorize the limited courthouse-security discovery and Rule 45 subpoenas previously requested, subject to any conditions the Court deems appropriate; and

9. grant such other and further relief as justice requires.

Respectfully submitted,

**/s/ Yoseph Seyoum**

Yoseph Seyoum
Plaintiff, Pro Se
1900 Lyttonsville Road, Suite 306
Silver Spring, Maryland 20910
(703) 975-8957
Joe.Scott@PhantomALERT.com

Date: August 26, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2026, a copy of the foregoing Plaintiff's Motion for Leave to File Second Amended Complaint and all attachments was filed with the Court and served upon counsel for the existing Defendants:

Justin S. Dunbar, Esq.
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
jsdunbar@nilesbarton.com

/s/ Yoseph Seyoum

Yoseph Seyoum
Plaintiff, Pro Se