**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

**YOSEPH SEYOUM,**
**Plaintiff,**

**Civil Action No. 8:25-cv-03446-AAQ**

**v.**

**CHARLES M. SIMS, ESQ.,**
**O'HAGAN MEYER, PLLC, and**
**MICHAEL THOMAS,**
**Defendants.**
**Defendants.**

# PLAINTIFF'S SECOND AMENDED COMPLAINT

## JURY TRIAL DEMANDED

Plaintiff YOSEPH SEYOUM, proceeding pro se, files this Second Amended Complaint against Defendants CHARLES M. SIMS, ESQUIRE; O'HAGAN MEYER, PLLC; and MICHAEL THOMAS, and alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff YOSEPH SEYOUM is an adult resident of Maryland.

2. Defendant CHARLES M. SIMS ("Sims") is an attorney who regularly conducts legal business in Maryland and appeared as counsel in the underlying Montgomery County litigation giving rise to this action.

3. Defendant O'HAGAN MEYER, PLLC ("O'Hagan Meyer") is a law firm engaged in the practice of law and was, at all relevant times, the employer of Defendant Sims.

4. Upon information and belief, Defendant MICHAEL THOMAS ("Thomas") was an attorney, associate, colleague, or member of the trial team working with Sims during the underlying July 2024 trial and was personally present during the second occurrence giving rise to this action.

5. Thomas personally participated in the second occurrence by intentionally positioning himself physically between Sims and Plaintiff during the confrontation described below.

6. The acts complained of occurred in Montgomery County, Maryland.

7. Venue is proper in this District.

8. The underlying occurrences took place during the week of July 22-26, 2024.

9. Plaintiff's original action was commenced on July 25, 2025.

10. Plaintiff's proposed battery claim against Thomas concerns the exact same July 2024 occurrence already alleged in the original and Amended Complaints.

11. The proposed battery claim is brought within Maryland's general three-year limitations period applicable to civil battery claims. Md. Code Ann., Cts. & Jud. Proc. § 5-101; Ford v. Douglas, 144 Md. App. 620, 623-25, 799 A.2d 448, 450-51 (2002).

## II. FACTUAL ALLEGATIONS

### A. The Underlying Jury Trial

12. During the week of July 22-26, 2024, Plaintiff Seyoum was a pro se defendant and counterclaim plaintiff in a jury trial involving Crowley, Hoge & Fein, P.C., Case No. C-15-CV-22-004124, in the Circuit Court for Montgomery County, Maryland.

13. O'Hagan Meyer represented Crowley, Hoge & Fein, P.C.

14. Defendant Sims served as trial counsel.

15. Thomas was present as a member of Sims's trial team during the events relevant to this action.

### B. First Incident

16. During the underlying trial, opposing counsel used a PowerPoint presentation during opening statements.

17. On the morning following the opening statements, Plaintiff asked courtroom personnel how he could obtain a copy of that presentation.

18. Plaintiff was directed to request it from Sims.

19. Plaintiff approached Sims and politely requested a copy of the PowerPoint.

20. Sims became visibly agitated, pointed toward Plaintiff, advanced rapidly toward Plaintiff, and repeatedly stated words to the effect of, "I know what you are doing."

21. Plaintiff was startled by Sims's reaction and began retreating backward while asking Sims to calm down.

22. Sims continued advancing.

23. Plaintiff reasonably believed that harmful or offensive physical contact was imminent.

24. Plaintiff retreated approximately six to ten feet in an effort to maintain distance and avoid physical contact.

25. The incident occurred in the presence of persons in or around the courtroom.

### C. Second Incident

26. During another break in the trial, Plaintiff again encountered Sims and members of Sims's trial team.

27. Plaintiff believed Sims had calmed down and approached from what Plaintiff considered a safe distance to address trial-related documents and a witness list.

28. Sims again became agitated and moved or lunged toward Plaintiff.

29. Plaintiff began moving backward to avoid Sims and to maintain distance.

30. Michael Thomas observed the confrontation.

31. Thomas deliberately moved from his position and physically inserted himself into the space between Sims and Plaintiff.

32. Bradley Canter was also present during the confrontation.

33. Canter has stated under oath that he physically intervened with Sims and directed or pulled Sims back toward the group.

34. Thomas has likewise stated under oath that he intentionally positioned himself between Sims and Plaintiff.

35. Plaintiff distinctly remembers Thomas entering Plaintiff's physical space and making unwanted bodily contact with Plaintiff while Plaintiff was retreating.

36. Plaintiff did not consent to Thomas touching him or entering his physical space in a manner that resulted in bodily contact.

37. Plaintiff originally understood that Sims's continued forward movement caused, contributed to, or resulted in Thomas being moved, displaced, or forced into Plaintiff.

38. Plaintiff has therefore consistently maintained that the second encounter included actual unwanted bodily contact.

### D. Thomas's Subsequent Sworn Account Creates an Alternative Factual Theory

39. Thomas subsequently submitted an affidavit concerning the second confrontation.

40. Thomas acknowledges that he deliberately positioned himself between Sims and Plaintiff.

41. Thomas nevertheless states that he did not restrain or touch Sims.

42. Thomas also denies touching Plaintiff.

43. Plaintiff disputes Thomas's denial that contact occurred.

44. Plaintiff personally experienced and remembers Thomas making bodily contact with him during the confrontation.

45. Plaintiff cannot presently know the precise mechanism of that contact because Thomas, Sims, Canter, and the other percipient witnesses were not deposed before discovery closed.

46. Plaintiff therefore pleads alternative factual theories pursuant to Federal Rule of Civil Procedure 8(d).

47. Alternative Theory One: Sims intentionally advanced toward Plaintiff and caused or contributed to Thomas being pushed, displaced, forced, or otherwise moved into Plaintiff, resulting in harmful or offensive bodily contact.

48. Alternative Theory Two: If Thomas's assertion that Sims did not touch, push, restrain, or otherwise physically move Thomas is accepted, Plaintiff alleges in the alternative that Thomas independently and intentionally moved his body into Plaintiff's space and intentionally caused unwanted bodily contact while interposing himself between Sims and the retreating Plaintiff.

49. The two theories concern the exact same physical encounter.

50. Plaintiff is not required at the pleading stage to determine which Defendant's description of the physical mechanics will ultimately be credited.

51. Plaintiff pleads these theories in the alternative so that responsibility may be determined from testimony and evidence.

52. Thomas's intervention did not occur in isolation.

53. Thomas acknowledges positioning himself between the parties, while Canter separately acknowledges physically intervening with Sims.

54. Plaintiff alleges that these interventions occurred because Sims was advancing toward Plaintiff and the confrontation was escalating.

55. Plaintiff was retreating rather than advancing toward Sims or Thomas.

56. Plaintiff alleges that Sims, Thomas, and Canter were moving within the confrontation while Plaintiff was attempting to create distance.

57. Plaintiff maintains that bodily contact with Thomas occurred during that movement.

58. Whether Sims caused Thomas's movement or Thomas independently caused the contact is a disputed factual question.

### E. Courthouse Security Evidence

59. The events occurred in and around a public courthouse where security-camera systems were present.

60. Plaintiff promptly sought preservation and production of security-camera footage concerning the incidents.

61. Plaintiff has consistently maintained that objective video or related security records could materially assist in determining the movements, locations, and conduct of the persons involved.

62. Plaintiff does not presently know whether the original footage remains recoverable.

63. Plaintiff seeks through appropriate discovery any existing footage, copies, backups, preservation records, access logs, deletion records, audit information, vendor records, metadata, or testimony concerning the security-camera system.

64. Such evidence is potentially material because the parties dispute who moved toward whom, who physically intervened, and whether bodily contact occurred.

### COUNT I - ASSAULT AGAINST CHARLES M. SIMS

65. Plaintiff incorporates paragraphs 1 through 64 as though fully stated herein.

66. During both encounters, Sims intentionally engaged in conduct that placed Plaintiff in reasonable apprehension of imminent harmful or offensive bodily contact.

67. Sims's rapid and aggressive approach, gestures, demeanor, and continued movement toward Plaintiff caused Plaintiff reasonably to fear imminent physical contact.

68. Plaintiff responded by retreating and attempting to create additional physical distance.

69. During the second encounter, Sims's conduct caused other persons to intervene physically between Sims and Plaintiff.

70. Plaintiff alleges that Thomas positioned himself between Sims and Plaintiff and that Canter separately physically intervened with Sims.

71. These facts are consistent with Plaintiff's contemporaneous perception that Sims's movement presented a threat of imminent harmful or offensive contact.

72. As a direct and proximate result of Sims's conduct, Plaintiff suffered damages, including fear, emotional distress, disruption, and other damages to be established through admissible evidence.

**WHEREFORE,** Plaintiff requests judgment against Defendant Charles M. Sims for compensatory damages in an amount to be determined at trial, punitive damages if proven under the applicable legal standard, allowable costs, pre- and post-judgment interest, and such other relief as the Court deems just.

## COUNT II - BATTERY AGAINST CHARLES M. SIMS AND MICHAEL THOMAS, PLEADED IN THE ALTERNATIVE

73. Plaintiff incorporates paragraphs 1 through 72 as though fully stated herein.

74. During the second incident, Plaintiff was retreating from Sims and attempting to avoid physical confrontation.

75. Thomas deliberately positioned himself physically between Sims and Plaintiff.

76. Thomas entered the physical space immediately surrounding Plaintiff and made bodily contact with Plaintiff.

77. Plaintiff did not consent to the bodily contact.

78. Under the circumstances, the contact was harmful or offensive to Plaintiff.

79. Plaintiff alleges that the bodily contact occurred as part of the physical sequence initiated by Sims's aggressive advance.

80. Plaintiff presently lacks access to deposition testimony or objective video evidence establishing the exact mechanism by which Thomas came into contact with Plaintiff.

### Alternative Battery Theory Against Sims

81. Plaintiff alleges that Sims continued moving or pressing forward and caused, contributed to, or set in motion the physical movement that caused Thomas to make unwanted contact with Plaintiff.

82. Under this alternative, Sims is responsible for the resulting harmful or offensive contact even if Sims's own body did not directly touch Plaintiff.

### Alternative Battery Theory Against Thomas

83. Thomas states that Sims did not touch, push, restrain, or otherwise physically displace him.

84. If Thomas's statement concerning the absence of physical contact between Sims and Thomas is accepted, Plaintiff pleads in the alternative that Thomas voluntarily and intentionally undertook the movement that placed his body into Plaintiff's space and intentionally caused the bodily contact.

85. Plaintiff further alleges that Thomas's intentional physical movement resulted in unwanted and offensive bodily contact with Plaintiff.

86. Plaintiff did not invite or consent to that contact.

87. Plaintiff therefore pleads battery against Thomas in the alternative to the existing causation theory against Sims.

88. Plaintiff does not allege that both mutually inconsistent mechanisms must be true.

89. Plaintiff alleges that bodily contact occurred and requests that the factfinder determine, after discovery, whether Sims caused the contact, Thomas independently caused it, or the conduct of both Defendants contributed to it.

90. The alternative claim against Thomas arises from the same July 2024 occurrence alleged from the outset of this action.

91. Thomas has been identified throughout the litigation as an eyewitness and participant in the physical intervention during the second incident.

92. As a direct and proximate result of the alleged battery, Plaintiff suffered damages to be determined at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant Sims and/or Defendant Thomas, as established by the evidence, for compensatory damages in an amount to be determined at trial, punitive damages against any Defendant as to whom the required state of mind is established by the requisite evidentiary standard, allowable costs, pre- and post-judgment interest, and such further relief as justice requires.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST CHARLES M. SIMS

93. Plaintiff incorporates paragraphs 1 through 92 as though fully stated herein.

94. Plaintiff alleges that Sims's conduct was intentional or reckless.

95. Plaintiff alleges that Sims repeatedly used physical intimidation during an active jury trial despite Plaintiff's attempts to retreat and de-escalate.

96. Plaintiff alleges that the conduct was extreme and outrageous under the circumstances.

97. Plaintiff alleges that Sims intended to cause severe emotional distress or acted recklessly in deliberate disregard of the probability that such distress would result.

98. Plaintiff alleges that he experienced severe emotional distress as a direct result of the conduct.

**WHEREFORE,** Plaintiff requests judgment against Defendant Sims for compensatory damages, punitive damages if legally and factually established, allowable costs and interest, and such other relief as the Court deems proper.

## COUNT IV - RESPONDEAT SUPERIOR AGAINST O’HAGAN MEYER, PLLC

99. Plaintiff incorporates paragraphs 1 through 98 as though fully stated herein.

100. At all relevant times, Sims was an employee and agent of O’Hagan Meyer.

101. Sims was acting as O’Hagan Meyer's trial attorney while conducting the litigation in which the incidents occurred.

102. Plaintiff alleges that Sims's interactions with Plaintiff arose while Sims was performing work on behalf of O’Hagan Meyer and occurred in connection with the underlying trial.

103. To the extent Sims's tortious conduct is determined to have occurred within the scope of his employment under Maryland law, Plaintiff alleges that O’Hagan Meyer is vicariously liable.

104. To the extent discovery establishes that Thomas was also an employee or agent of O’Hagan Meyer acting within the scope of that employment during the second incident, Plaintiff preserves the right to seek any vicarious liability permitted by law arising from Thomas's conduct.

**WHEREFORE,** Plaintiff requests judgment against O’Hagan Meyer to the extent permitted under principles of respondeat superior and Maryland law.

## PRAYER FOR RELIEF

**A.** enter judgment in Plaintiff's favor on each claim established by the evidence;

**B.** award compensatory damages in an amount to be determined by the jury;

**C.** award punitive damages against any Defendant as to whom Plaintiff proves the necessary factual and legal requirements;

**D.** award pre- and post-judgment interest where authorized;

**E.** award costs where authorized by law;

**F.** permit a jury to determine the disputed factual questions concerning the two July 2024 incidents; and

**G.** grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**/s/ Yoseph Seyoum**



Yoseph Seyoum
Plaintiff, Pro Se
1900 Lyttonsville Road, Suite 306
Silver Spring, Maryland 20910
(703) 975-8957
Joe.Scott@PhantomALERT.com

Date: August 26, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2026, a copy of the foregoing Plaintiff's Second Amended Complaint was filed with the Court and served upon counsel for the existing Defendants:

Justin S. Dunbar, Esq.
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
jsdunbar@nilesbarton.com

/s/ Yoseph Seyoum
Yoseph Seyoum
Plaintiff, Pro Se