**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| **YOSEPH SEYOUM,** | * | |
| *Plaintiff,* | * | |
| **v.** | * | **Case No.: 8:25-cv-03446-AAQ** |
| **CHARLES M. SIMS, et al.,** | * | |
| *Defendants.* | * | |

* * * * * * * * * * * * * *

**DEFENDANTS CHARLES M. SIMS AND O'HAGAN MEYER, PLLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, TO ADD MICHAEL THOMAS AS A DEFENDANT TO THE BATTERY CLAIM, AND FOR RELATED LIMITED RELIEF**

Defendants, Charles M. Sims and O'Hagan Meyer, PLLC (hereinafter "O'Hagan Meyer"), by their attorney, Justin S. Dunbar, and Niles, Barton & Wilmer, LLP, hereby submit this Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, to Add Michael Thomas as a Defendant to the Battery Claim, and for Related Limited Relief, and state as follows:

## INTRODUCTION

Plaintiff, Yoseph Seyoum ("Plaintiff"), seeks leave to file a Second Amended Complaint to add an additional Defendant after the amendment deadline has passed, discovery has closed, and while Defendants' motion for summary judgment is pending. Plaintiff has not shown good cause for this untimely request because he was aware of Michael Thomas' existence and alleged involvement from the outset of this case, yet waited until after the relevant deadlines expired to seek amendment. The proposed amendment would also severely prejudice Defendants by expanding the case, reopening discovery, and forcing Defendants to respond to a revised theory of liability after dispositive briefing has concluded.

## STATEMENT OF FACTS

This action arises from two brief interactions that occurred during a five-day jury trial in the Circuit Court for Montgomery County, Maryland, from July 22 through July 26, 2024. Plaintiff contends that Defendant Sims committed assault and battery during those interactions. Defendants maintain that those allegations do not establish the elements of the tort claims asserted by Plaintiff as has been fully briefed to the court through pending dispositive motions.

Plaintiff filed this action on July 25, 2025, initially proceeding *pro se*. In or around August 2025, he retained The Elira Law Firm, LLC, and thereafter proceeded through discovery with the benefit of counsel. Discovery closed on March 12, 2026. Before that deadline, he had a full opportunity with counsel to pursue the discovery he now characterizes as central to his case, including depositions, document requests, and any other available relief.

Despite that opportunity, Plaintiff did not depose Defendant Sims, Michael Thomas, Bradley Canter, Christopher Hoge, or any other witness identified in his Amended Complaint. Nor did he move to reopen or extend discovery before the deadline expired. Those omissions are not the product of any newly discovered evidence; they reflect his failure to use the discovery tools available within the time permitted by the Scheduling Order.

On April 27, 2026, Defendants moved for summary judgment in accordance with this Court's schedule following a status conference at which Plaintiff and Counsel were present. Plaintiff filed his opposition on May 27, 2026, supported by an affidavit that attempted to supplement or recast the factual record after discovery had closed. Defendants filed their reply on June 10, 2026, objecting to that affidavit under Rule 56(c)(4) and noting that Requests for Admission Nos. 1 through 3 had been deemed admitted by his failure to respond. Only after those dispositive consequences became apparent did Plaintiff begin filing numerous motions seeking to

reopen discovery, among other relief. On June 26, 2026, Plaintiff's Counsel filed for Leave to Withdraw, ECF No. 41, which the Court accepted on June 29, 2026, ECF No. 43. Since that time, Plaintiff has filed numerous motions before the Court Pro Se, which remain pending.

According to the Scheduling Order, motions to amend the pleadings or for joinder of additional parties were due by December 12, 2025. ECF No. 10. Despite this deadline, Plaintiff filed this motion on August 26, 2026, seeking the Court's leave to file a Second Amended Complaint and add Michael Thomas as a defendant to the battery claim. The Motion should be denied because it seeks to alter the pleadings nearly eight months after the deadline, after discovery has closed, and while Defendants' summary judgment motion is fully briefed and pending.

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Except for amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16(b), however, provides that a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"While a motion to amend a complaint after the deadline in a scheduling order triggers Rule 15(a) concerning liberal amendment of pleadings, it also triggers Rule 16(b) governing modification to a scheduling order." *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003). A party seeking an amendment of the pleadings after the deadline has passed in the scheduling order "must first satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under 15(a)." *Id.*

To demonstrate good cause, Plaintiff must show that he has "diligently made efforts to meet court imposed deadlines." *Ourong Wang v. Ziyu Zhang*, No. 1:24-00910-CDA, 2026 U.S. Dist. LEXIS 68465, at *5 (D. Md. Mar. 31, 2026) (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768 (D. Md. 2010)). Additionally, "[t]he burden for demonstrating good cause rests on the moving party." *United States v. Hartford Accident & Indem. Co.*, No. JKB-14-2148, 2016 U.S. Dist. LEXIS 11919, at *5 (D. Md. Feb. 2, 2016). If the movant "had *enough* evidence to make out [the] claim before her amendment deadline expired," the movant has not established good cause. *G.W. Aru, LLC v. W.R. Grace & Co.-Conn.*, 344 F.R.D. 446, 451 (D. Md. Mar. 5, 2012) (italics in original). "Courts in the Fourth Circuit deny leave to amend a complaint past the deadline established by a scheduling order where the moving party has been careless in developing his claims or where he has failed to satisfactorily account for his failure to do so." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 769 (D. Md. 2010).

## ARGUMENT

### I. Plaintiff's Attempt to Add an Additional Defendant is Not Supported by Good Cause.

"Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (2008). As set forth in the Scheduling Order, the deadline to file any motions to amend the pleadings or for joinder of additional parties was December 12, 2025. Nearly eight months after the expiration of this deadline, Plaintiff filed the instant motion to amend his complaint and add Mr. Thomas as a defendant. Plainly, this request is untimely and facially deficient.

Plaintiff's conclusory assertion that the "alternative Thomas theory crystallized through witness accounts and Defendants' summary-judgment position" does not establish good cause. ECF No. 55 at 2. He does not identify newly discovered evidence, explain why he lacked a good faith basis to name Thomas before the deadline, or account for his failure to seek an extension before the deadline expired. The relevant facts were not hidden from him. Thomas' presence and alleged involvement were known from the outset because Plaintiff personally experienced the events on which his battery claim is based.

Despite his direct experience of the alleged acts, Plaintiff failed to show that he (1) discovered new evidence after the amendment deadline; (2) lacked evidence prior to the deadline; or (3) otherwise lacked a reasonable or good-faith basis to name Thomas before the deadline. *See Wang*, 2026 U.S. Dist. LEXIS 68465, at *9 (citations omitted). He also did not request an extension of the amendment deadline. If the Court were to allow Thomas to be added to the litigation at this juncture, there would be "a significant change in the scope of the litigation." *Id.* (quoting *Wormuth v. Bank of America, NA,* No. ELH-14-3709, 2015 U.S. Dist. LEXIS 124059, at *6 (D. Md. Sept. 16, 2015)).

The Rules do not permit Plaintiff to retroactively revise his battery theory after the amendment deadline has passed and after the issue has been fully briefed on summary judgment merely because he now acknowledges errors in his operative pleading. "Courts are appropriately suspicious of motions for leave to amend that appear to be motivated by a desire to defeat a motion for summary judgment." *Mackie v. Jewish Found. for Grp. Homes*, No. DKC-10-0952, 2011 U.S. Dist. LEXIS 49335, at *26 (D. Md. May 9, 2011). He is not seeking amendment because new facts made amendment necessary. Instead, he is attempting to reshape his pleadings after Defendants identified dispositive defects in the claims as pleaded.

Because Plaintiff has failed to show good cause, the Court should deny his motion to amend pursuant to Rule 16(b), without considering his arguments regarding liberal amendment under Rule 15(a)(2).

## II. Defendants Will Suffer Prejudice if the Court Allows Plaintiff to Amend His Complaint at This Juncture.

In addition to the failure to demonstrate good cause, Defendants will suffer undue prejudice if the Court permits amendment at this late stage. Defendants have already moved for summary judgment on the existing pleadings and discovery record, and that motion is fully briefed and pending before the Court. Plaintiff now seeks not only to add Michael Thomas as a new defendant, but also to defer resolution of summary judgment, reopen discovery, conduct depositions, and pursue additional discovery related to courthouse security.[1] Granting that relief would not make a modest adjustment to the case schedule; it would effectively unwind the case's present posture and require Defendants to litigate a substantially different case after dispositive briefing has already concluded.

The prejudice is concrete. Defendants prepared their defense, completed discovery, and briefed summary judgment based on the operative allegations and the claims actually pleaded. Allowing Plaintiff to add a new defendant and a revised battery theory now would require Defendants to revisit discovery, reassess witness testimony, address new factual contentions, and respond to allegations that could have been asserted before the amendment deadline. That result would impose additional expense and delay while depriving Defendants of the benefit of the orderly schedule established by the Court. We would essentially be starting over.

[1] Each of these issues is the subject of a Motion filed by Plaintiff, Pro Se, which remain pending before the Court and have been opposed by Defendants. Contemporaneously with this Opposition, Defendants file a request for status conference to address the several pending motions.

Plaintiff's own motion confirms the unfairness of the requested amendment. He acknowledges that his proposed theory emerged in response to Defendants' summary-judgment arguments. In other words, he is not seeking leave because newly discovered facts made amendment necessary; he is attempting to repair his pleadings after Defendants identified dispositive defects in the claims as pleaded. The Court should deny the motion because Plaintiff has failed to demonstrate good cause and because Defendants' ability to defend this claim would be severely prejudiced.

## CONCLUSION

WHEREFORE, Defendants, Charles M. Sims and O'Hagan Meyer, PLLC, respectfully request that this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint, to Add Michael Thomas as a Defendant to the Battery Claim, and for Related Limited Relief, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Justin S. Dunbar*

Justin S. Dunbar, Esq. (# 27699)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
Tel.: (410) 783-6432
Fax: (410) 783-6483
jsdunbar@nilesbarton.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of September, 2026, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, to Add Michael Thomas as a Defendant to the Battery Claim, and for Related Limited Relief, was sent via PACER and electronic mail to:

Yoseph Seyoum
Plaintiff, Pro Se
Joe.scott@phantomalert.com

*/s/ Justin S. Dunbar*
Justin S. Dunbar, Esq. (# 27699)