**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

YOSEPH SEYOUM,
Plaintiff,
v. Civil Action No. 8:25-cv-03446-AAQ
CHARLES M. SIMS, et al.,
Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, TO ADD MICHAEL THOMAS AS A DEFENDANT TO THE BATTERY CLAIM, AND FOR RELATED LIMITED RELIEF**

Plaintiff Yoseph Seyoum, proceeding pro se, respectfully replies to Defendants' opposition, ECF No. 56, and requests that the Court grant the relief sought in ECF No. 55. Plaintiff asks for a limited modification of the schedule, leave to plead the alternative battery claim against Michael Thomas, and a defined period of discovery concerning the same courthouse encounter already at issue. Alternatively, the Court should consider limited discovery concerning the existing claims independently of whether it permits Thomas's joinder.

Defendants attribute the missing depositions, pleading deficiencies, and missed deadlines to Plaintiff's lack of diligence. That description omits the circumstances in which those failures occurred. Plaintiff retained Samuel Elira and The Elira Law Firm in approximately August 2025, entrusted counsel with preparing pleadings and protecting deadlines, and instructed counsel to pursue witnesses, depositions, and security-camera evidence. His mother's medical emergency required travel and caregiving from September 4, 2025 through her death on January 2, 2026. During that emergency, Elira's firm prepared and filed the operative amended complaint without Plaintiff's prior review. Plaintiff relied on counsel to file a valid pleading and develop the evidence. After learning that essential work remained undone, he repeatedly urged counsel to seek reopening of discovery, including at the May 26, 2026 settlement conference. Counsel's withdrawal left Plaintiff to seek correction of those omissions himself. See accompanying Declaration of Yoseph Seyoum ("Reply Decl.") ¶¶ 2-10.

Plaintiff recognizes that former counsel's errors do not automatically excuse missed deadlines. He requests an assessment of the efforts described in his accompanying declaration, his family circumstances, his discovery of counsel's omissions, and his subsequent corrective steps. A short, reciprocal discovery period would allow the parties to test conflicting accounts and determine whether objective security evidence can still be obtained, while preserving Defendants' opportunity to defend the case.

**I The Court should evaluate good cause in light of the actual chronology**

Defendants identify December 12, 2025 as the amendment and joinder deadline, March 12, 2026 as the discovery deadline, and June 29, 2026 as the date the Court permitted counsel to withdraw. ECF No. 56 at 2-4. Plaintiff accepts that the August 26 motion requires relief under Rule 16(b)(4). Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298-99 (4th Cir. 2008), requires good cause before the Court applies Rule 15(a)(2). The merits of the proposed claim and the absence of undue prejudice cannot substitute for that threshold showing.

The explanation begins before the deadlines expired. Plaintiff retained counsel in approximately August 2025 and directed counsel to investigate the encounter and witnesses now at issue. From September 4, 2025 through January 2, 2026, his mother's serious illness required travel and caregiving. Her death was followed by several weeks of bereavement. Plaintiff relied on counsel to manage the litigation during that period. He did not instruct counsel to omit depositions, leave admissions unanswered, or allow deadlines to expire without seeking appropriate relief. Reply Decl. ¶¶ 2-7. These circumstances explain his reliance on counsel while attending to his mother's medical emergency and death.

The omissions Defendants now emphasize concern professional work entrusted to Elira's firm: preparing an adequate amended complaint, developing witness testimony, responding to discovery, and seeking necessary extensions. Elira's firm prepared and filed the operative amended complaint while Plaintiff attended to his mother's medical emergency. Plaintiff did not review it before filing and relied on counsel to identify the proper claims and parties and file a

valid pleading. His position is that counsel failed to perform the assigned pleading and discovery work adequately. He asks the Court to assess his instructions to counsel, when he learned of the omissions, and his efforts to correct them. Reply Decl. ¶¶ 2, 5-10. Those facts explain the delay; Plaintiff is not asking the Court to adjudicate a separate malpractice claim against former counsel.

At the June 29, 2026 hearing, the Court acknowledged Plaintiff's mother's passing and offered condolences. Plaintiff recounts those remarks from memory, without suggesting that they extended any deadline or decided an issue in his favor. He asks the Court to consider the actual periods of caregiving and bereavement, followed by his efforts to obtain the missing work through counsel and then proceed without replacement counsel. Id. ¶¶ 3-9.

Plaintiff first learned that the expected depositions and witness interviews had not been completed on or about March 15, 2026. He followed up with Elira's firm, including by email and telephone around the April 13, 2026 status conference, and confronted counsel afterward about the failure to seek reopening. At the separate May 26, 2026 settlement conference, Plaintiff again urged Mr. Elira to seek reopening of discovery. His declaration states that, to his knowledge, counsel did not seek the requested reopening in response to those instructions. After the June 29 withdrawal, Plaintiff prepared his July 8 supplemental declaration and filed the August 26 motion now at issue. He also describes the emotional and financial circumstances that left him unable to retain replacement counsel. Id. ¶¶ 5-9. This chronology permits the Court to evaluate both the period while counsel remained responsible for the case and Plaintiff's subsequent efforts to correct the omissions.

Plaintiff also recognizes the force of Defendants' point that Thomas was known from the outset. Plaintiff does not claim to have newly discovered Thomas's identity. The distinction is between knowing that Thomas intervened and understanding, after reviewing the competing accounts and the deficiencies in the operative pleading, that responsibility for the actual contact should be pleaded in the alternative. Plaintiff's view was partially blocked by Thomas during the

encounter; he could personally perceive contact without seeing every movement between Thomas and Sims. Id. ¶¶ 11-12. That distinction explains the proposed pleading, but Plaintiff relies on the full chronology, rather than that distinction alone, to establish diligence.

In Nourison Rug, counsel's explanation amounted to discovering an omitted defense while preparing a summary-judgment response. 535 F.3d at 298-99. Plaintiff supplies additional circumstances here: preexisting instructions to develop the evidence, a serious family emergency, the later discovery of uncompleted work, repeated requests that counsel seek reopening before withdrawing, and efforts to repair the record after resuming pro se responsibility. He asks the Court to assess those circumstances together and determine whether they justify the narrow relief requested.

To the extent Rule 6(b)(1)(B) also applies to an expired deadline implicated by the requested relief, Plaintiff requests a finding of excusable neglect on the same supported chronology. The reason for the delay remains central; ordinary attorney carelessness is not automatically excusable. See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996). Plaintiff asks the Court to consider the family emergency, his efforts to have counsel complete discovery, the interval before he learned what remained undone, and the limited schedule proposed below.

**II The proposed amendment concerns the same encounter and permits a fair defense**

After good cause is established, Rule 15(a)(2) favors leave when justice requires it. The Rule 15 inquiry considers prejudice, bad faith, and futility, including the nature and timing of the amendment. Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006) (en banc). Plaintiff does not rely on Laber to bypass Rule 16. He acknowledges that the advanced procedural posture makes the Court's consideration of prejudice particularly important.

The proposed battery claim concerns the same second encounter, the same alleged contact, and the same identified participants. Thomas has already supplied a sworn account on which Defendants rely. Determining his position, movements, and interaction with Sims is

already relevant to the claim that Sims caused contact through Thomas. Joinder would add potential liability for Thomas, but it would not introduce an unrelated event or a new injury. Rules 8(d)(2)-(3) and 20(a)(2) permit alternative pleading and joinder arising from the same occurrence and common factual questions, subject to the other applicable requirements.

Defendants assert that amendment would require them essentially to start over. ECF No. 56 at 6. Some additional expense and briefing would occur, and Plaintiff does not dismiss that burden. The existing discovery and briefing, however, would remain usable. The Court can restrict any additional depositions, preserve existing defenses, allow supplemental briefing confined to the resulting evidence, and protect Thomas's right to service and a meaningful opportunity to respond. These measures address the actual burden without reopening every aspect of the case.

The requested depositions concern witnesses and subjects Plaintiff had already asked counsel to pursue. The fact that counsel failed to take those depositions should be considered in evaluating diligence; it does not make the subjects newly introduced or irrelevant. Plaintiff proposes defined limits and reciprocal discovery below. He also accepts that Thomas's rights as a proposed new defendant must be evaluated separately from the existing Defendants' familiarity with his account.

**III The competing accounts warrant examination without presuming liability**

Plaintiff's factual position remains that Sims advanced in a threatening manner, Plaintiff retreated to avoid imminent contact, Thomas moved between them, and Thomas's body made unwanted contact with Plaintiff during the second encounter. Plaintiff distinguishes the contact he personally experienced from his inference about how Sims's conduct caused it. Reply Decl. ¶¶ 11-12. The proposed amendment preserves that account while addressing the competing explanation of Thomas's movement.

Thomas acknowledges that he positioned himself between Sims and Plaintiff, while denying that he restrained or touched Sims or touched Plaintiff. See Plaintiff's May 27, 2026

opposition at 13-14 (discussing Thomas Aff. ¶¶ 11-12). Canter, separately, admits that he drew Sims back. Plaintiff also described Canter's physical intervention in his July 8, 2026 supplemental declaration, paragraph 46. Canter's acknowledgment is material to the nature of Sims's conduct and the reason another participant intervened.

These accounts warrant focused examination: what prompted Canter to draw Sims back, whether Sims was advancing toward Plaintiff, why Thomas positioned himself between them, and whether and how Thomas contacted Plaintiff as Plaintiff retreated. Plaintiff maintains that he was retreating because Sims was threatening him, not because Plaintiff was the aggressor. The participants' movements and the sequence of contact bear on whether Plaintiff reasonably perceived an imminent threat and who caused any offensive contact. Intervention alone does not establish liability, but Canter's admitted action and Thomas's intervention make the circumstances proper subjects for deposition and examination of any available security footage.

Under Maryland law, battery can involve direct or indirect contact, and the required intent must be established; a purely accidental touching is insufficient. Nelson v. Carroll, 355 Md. 593, 600-03 (1999). Plaintiff's claim against Sims therefore does not necessarily fail merely because Sims's own body did not touch Plaintiff. The alternative claim against Thomas likewise requires evidence supporting the necessary intent and an unlawful harmful or offensive contact. A denial that Sims pushed Thomas does not, by itself, prove Thomas intentionally committed a battery.

Plaintiff seeks permission to plead and investigate those alternatives based on his firsthand account of contact and Thomas's admitted intervention. He does not ask the Court to hold that either Sims or Thomas must be liable simply because their accounts differ. Discovery may support or undermine either claim. If admissible evidence presents a genuine dispute on a material issue, the Court should apply Rule 56 without weighing credibility or resolving that dispute against the nonmovant. Tolan v. Cotton, 572 U.S. 650, 656-57 (2014).

The proposed claim against Thomas is for battery, not a new assault claim. Maryland applies the three-year limitations period to civil battery. Ford v. Douglas, 144 Md. App. 620, 623-25 (2002); Md. Code Ann., Cts. & Jud. Proc. § 5-101. An August 2026 request concerning a July 2024 battery falls within that period. This addresses limitations only; it does not eliminate the need to satisfy the scheduling order or the other requirements for amendment.

**IV Limited discovery would address identified gaps in the summary judgment record**

Rule 56(d) permits discovery or deferral when a declaration identifies specified reasons that essential facts cannot presently be supplied. Pledger v. Lynch, 5 F.4th 511, 526-27 (4th Cir. 2021), emphasizes the value of an adequate discovery opportunity, particularly for relevant facts controlled by others. Plaintiff recognizes a material distinction: discovery was available here while he had counsel. He therefore supplies the explanation for the uncompleted work and identifies the particular facts sought, rather than asserting that pro se status alone entitles him to a new discovery period.

Plaintiff seeks the movements, observations, and physical actions of Sims, Thomas, and Canter during the second encounter, and Hoge's firsthand observations of that encounter. He also seeks testimony from identified courtroom clerks who witnessed the alleged conduct during either encounter. He also seeks testimony about statements made during or immediately after the encounters and relevant nonprivileged communications about what occurred. Those facts would test the disputed contact, its cause, the reason for intervention, and the intent reflected in the participants' conduct. Plaintiff cannot supply the witnesses' observations from his own memory, particularly where Thomas obstructed his view. Reply Decl. ¶¶ 11, 16, 18. The requested examination addresses material facts rather than a general hope that something helpful might appear.

The security camera inquiry also predates summary judgment. Plaintiff sought preservation and production through motions in the underlying case around December 9, 2024 and an email to the Sheriff's Office on January 22, 2025. His July 8, 2026 supplemental

declaration describes those steps and the later report that the footage was unavailable. See July 8 Supp. Decl. ¶¶ 63-73, 87; Reply Decl. ¶¶ 13-15. These efforts support his continued interest in objective evidence, although they do not by themselves explain every later deadline.

Plaintiff acknowledges the reported unavailability or deletion of the original footage. He seeks a limited custodian inquiry into whether relevant footage was recorded, whether any copy, export, or backup survived, including whether remote storage was used, and what records support the reported deletion. If no footage remains, a properly supported custodian response can establish that limitation. Plaintiff does not assume that backups exist or request an open-ended forensic reconstruction without a factual basis.

Any recoverable recording that captures the encounter could be highly probative. It could support Plaintiff's account of retreat and contact, or it could support Defendants' account. Plaintiff seeks its production regardless of which side it favors. The Court should evaluate the request by its relevance and proportionality. Opposition to discovery is not itself proof of concealment or wrongdoing, and Plaintiff requests no adverse inference solely because Defendants object.

Plaintiff proposes a 60-day discovery period, subject to the Court's directions concerning service and Thomas's response rights. The initial scope would include depositions of Sims, Thomas, Canter, and Christopher G. Hoge, limited to three hours each; a reciprocal deposition of Plaintiff of up to three hours if requested; and one deposition of an appropriate security-records custodian, limited to two hours, following focused document requests. Plaintiff also seeks depositions of courtroom clerks with firsthand knowledge of the alleged encounters, limited to three hours each, subject to identifying each clerk and obtaining the Court's approval based on the relevance and noncumulative nature of the expected testimony. Any other witness deposition or technical recovery work would require agreement or a further showing to the Court.

The document inquiry would cover the cameras and time windows relevant to the two encounters during July 22-26, 2024, any surviving security camera footage or copies, and records

sufficient to identify retention, preservation requests, copying, and deletion concerning that footage. The parties should narrow the time windows using available trial records. Third-party production would proceed through Rule 45, with required notice, an opportunity to object, protection against undue burden, and appropriate courthouse-security protections. Fed. R. Civ. P. 26(b)(1), 26(c), 45. A status report after 21 days could identify whether any footage survives and whether further custodian testimony remains necessary.

Defendants could supplement their summary-judgment papers on the resulting evidence, and Plaintiff could respond under a schedule set by the Court. This approach keeps the inquiry proportionate and permits a decision on a developed record. If the Court denies joinder, the testimony and security evidence remain relevant to whether Sims committed the torts already alleged. The discovery request should therefore receive a separate determination.

**V The deemed admissions require their own procedural determination**

Defendants also invoke Requests for Admission Nos. 1-3. ECF No. 56 at 2. Amendment and additional testimony do not automatically remove a binding admission. Rule 36(b) permits withdrawal or amendment when it promotes presentation of the merits and the Court is not persuaded that the requesting party would suffer prejudice in maintaining or defending the action on the merits. Plaintiff asks the Court to resolve his previously requested Rule 36(b) relief before relying on those admissions to dispose of the battery claim.

Plaintiff's position is that counsel failed to obtain timely responses, despite Plaintiff's continuing factual claim that unwanted contact occurred. Reply Decl. ¶ 19. Lack of personal authorization for a nonresponse does not itself invalidate an admission. The relevant request is for relief under Rule 36(b), accompanied by accurate proposed responses. Withdrawal would permit litigation of the central contact and causation issues. The proposed reciprocal discovery would address resulting evidentiary needs, while allowing Defendants to identify any specific prejudice that cannot be cured.

## VI Requested relief

For these reasons, Plaintiff respectfully requests that the Court overrule Defendants' objections and grant ECF No. 55; modify the schedule upon the required findings; permit the alternative battery claim against Thomas, with proper service and an opportunity to respond; and allow the defined discovery described above. Plaintiff also requests consideration of the accompanying declaration as support for the scheduling and Rule 56(d) issues raised in the opposition, with a limited response from Defendants if the Court considers one necessary.

Plaintiff requests that the Court defer consideration of summary judgment, or deny the motion without prejudice to renewal, while the authorized discovery and Rule 36(b) request are addressed. If joinder is denied, Plaintiff requests the same focused discovery relevant to his existing claims. He may also need to pursue a separate, timely battery action against Thomas in a court with jurisdiction, to the extent legally available. Amendment here could avoid duplicative litigation and discovery concerning the same encounter. This reply does not extend any applicable statute of limitations. Plaintiff is prepared to comply with a firm schedule and reasonable conditions for obtaining the evidence.

Respectfully submitted,



Yoseph Seyoum, Plaintiff pro se
1900 Lyttonsville Road, Suite 306
Silver Spring, Maryland 20910
(703) 975-8957
Joe.Scott@PhantomALERT.com
Date: September 16, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 16, 2026, I served a copy of the foregoing reply and the accompanying declaration on counsel for the existing Defendants by the following method: ________________________________________________.

Justin S. Dunbar, Esq.
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
jsdunbar@nilesbarton.com

______________________________
Yoseph Seyoum