**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

YOSEPH SEYOUM,
Plaintiff,
v.                                                  Civil Action No. 8:25-cv-03446-AAQ
CHARLES M. SIMS, et al.,
Defendants.

## DECLARATION OF YOSEPH SEYOUM IN SUPPORT OF REPLY AND REQUEST FOR LIMITED DISCOVERY

1. I am the Plaintiff in this action. I have personal knowledge of the events I describe below, except where I expressly identify information learned from documents or other persons. I could testify competently about my own observations, communications, and actions.

2. In approximately August 2025, I retained Samuel Elira and The Elira Law Firm to represent me after initially filing this case pro se. I instructed counsel to develop the case, interview witnesses, seek courthouse security footage and related records, and depose Mr. Sims and the key witnesses. I relied on the firm to prepare appropriate pleadings, manage discovery, and protect court deadlines.

3. My mother became seriously ill around September 2025. Her illness required my attention and travel outside the United States. The principal period of travel and caregiving was September 4, 2025 through January 2, 2026. During that period, I relied on my retained attorneys to continue handling the lawsuit.

4. My mother passed away on January 2, 2026. I then spent several weeks attending to her passing and grieving with my family. At the June 29, 2026 hearing, the judge acknowledged my mother’s passing and offered me condolences. I recount this from my own recollection; I am not offering an exact quotation of the judge’s words.

5. On or about March 15, 2026, after discovery had closed, I learned through communications with attorneys at The Elira Law Firm that the depositions and witness interviews I expected had not been completed. Until then, I believed counsel was attending to that work. As I

followed up with counsel and reviewed the case materials, I learned more about the related pleading and discovery omissions. After the April 13, 2026 status conference, I confronted Mr. Elira about his failure to seek reopening of discovery as I had instructed.

6. I repeatedly urged Mr. Elira to depose Defendants and the witnesses, including in communications before and after the April 13, 2026 status conference. I also attended the settlement conference on May 26, 2026, which was scheduled for the afternoon. At that conference, I again urged Mr. Elira to seek reopening of discovery. To my knowledge, he did not seek the requested reopening in response to those instructions. Discovery was not reopened while he represented me.

7. I did not direct counsel to omit depositions, leave discovery requests unanswered, or allow deadlines to expire without seeking necessary relief. After learning that discovery had closed without the depositions, I urged counsel to seek reopening. My follow-up included emails and telephone calls on or about the April 13, 2026 status conference, as well as my renewed request at the May 26, 2026 settlement conference.

8. On June 29, 2026, the Court permitted counsel's withdrawal. I then had to take responsibility for the case as a pro se litigant, review the papers, identify work that remained undone, and prepare requests to correct the problems. I had relied on counsel's professional handling of those matters while caring for my mother.

9. After counsel withdrew, I reviewed the case materials, researched the issues, and prepared motions to address the omissions. I prepared a supplemental declaration dated July 8, 2026 and filed the August 26, 2026 motion for leave to amend and for related limited relief, ECF No. 55. During this period, I experienced substantial emotional distress while trying to address the consequences of the incomplete work. My financial resources had been depleted by this and the earlier litigation. I requested a refund from Elira's firm but received no response, and I lacked funds to retain replacement counsel. I continued pro se because I wanted the claims arising from the July 2024 courthouse encounters decided on the

evidence. I had also sought investigation and sanctions in the underlying Circuit Court case; those requests were denied after I waited several months.

10. The operative amended complaint was prepared and filed through The Elira Law Firm while I was attending to my mother's medical emergency. I did not review it before filing. I relied on counsel to prepare a valid amended complaint, translate the facts I described into an adequate pleading, and identify the proper claims and parties. I also expected counsel to use depositions to clarify the participants' accounts and determine whether further amendment was needed before the applicable deadlines. The alternative battery claim concerning Mr. Thomas addresses the same contact during the same courthouse encounter. Timely investigation could have clarified the basis for pleading that claim earlier. I did not intentionally withhold a different incident or injury to gain a tactical advantage.

11. During the second encounter, outside the courtroom in the July 22-26, 2024 trial week, I saw Mr. Sims lunge and advance toward me. I feared imminent physical contact and moved backward to avoid him. Mr. Thomas moved between us, facing me, and extended his arms as Mr. Sims tried to move around him. Mr. Thomas was taller than both of us and partially blocked my view of Mr. Sims. As both men advanced toward me, Mr. Thomas's body made unwanted contact with me and I continued moving backward. I understood Mr. Thomas's actions as an effort to prevent Mr. Sims from reaching me. I could see Mr. Sims attempting to maneuver around him, but I could not see every movement between them. My understanding that Mr. Sims caused Mr. Thomas's movement was based on the sequence I perceived. Separately, I understand from Mr. Canter's affidavit that Mr. Canter drew Mr. Sims back. The encounter occurred in front of witnesses and jurors. I have sought security footage to determine whether the cameras captured these actions.

12. I did not consent to the bodily contact. I was retreating to avoid physical confrontation. My position has remained that I experienced a threatening advance and, during the second encounter, actual unwanted contact. During the underlying trial, I also described under oath

the earlier incident in which Mr. Sims advanced on me inside the courtroom and I retreated. My present request concerns development of evidence about those events.

13. On or about December 9, 2024, I filed motions in the underlying litigation seeking relief that included preservation or production of courthouse security footage. On January 22, 2025, I emailed Lt. Col. Christopher M. Feldenzer of the Montgomery County Sheriff's Office requesting footage for July 22-26, 2024 and preservation of available footage. These efforts occurred before the present summary-judgment briefing.

14. I understand from the case materials that Elira's firm also sent a subpoena or request for footage and that the Sheriff's Office later reported the footage deleted or unavailable. I did not personally observe deletion and do not know precisely when or how it occurred. The relevant request and response should be evaluated according to their actual wording and dates.

15. I do not know whether anyone reviewed the footage in response to my motions in the Circuit Court. I also do not know whether any exported copy, backup, saved image, or other version survives, or the complete history of requests, preservation, copying, or deletion. I seek a focused response from the appropriate custodian and relevant records to establish those facts, including whether any backup or remote storage was used. I do not know whether the system used cloud storage or whether any footage can be recovered.

16. I seek depositions of Mr. Sims, Mr. Thomas, Mr. Canter, and Mr. Hoge and others to establish their positions and movements, what each observed, why Mr. Thomas intervened, why Mr. Canter drew Mr. Sims back, and how contact with me occurred. I also seek their recollections of statements made during or immediately after the encounters and any nonprivileged communications about what occurred. I do not know the full content of any discussions among them. I seek testimony from identified courtroom clerks with firsthand knowledge, subject to the Court's limits. Their observations and the differences in their accounts concern the events underlying my claims. I cannot supply that testimony from my own memory.

17. I seek any available security camera recording of the relevant encounters and records sufficient to establish whether footage was recorded, preserved, copied, or deleted. A recording that captures the participants' actions could corroborate my account or Defendants' account. I want the evidence produced regardless of which account it supports. If no recording survives, a supported custodian response would clarify what evidence remains available.

18. The witness information and security records are held by other persons. The material was not obtained during discovery as I expected while represented by counsel. The circumstances and my efforts described above explain why I am now seeking the limited opportunity to obtain it. I request defined discovery directed to those facts, rather than unrestricted reopening of the case.

19. I understand that Defendants contend that Requests for Admission Nos. 1-3 were served on my former counsel and were not answered in time. I did not personally receive or review those requests before the response deadline, and I did not intend to concede that Mr. Sims caused no physical contact. I am prepared to provide accurate responses distinguishing direct contact from my claim of contact caused through Mr. Thomas, if the Court permits withdrawal or amendment of any deemed admissions.

20. I am prepared to proceed promptly, make myself available for a reciprocal deposition, cooperate in narrowing the relevant video time windows, and comply with a firm discovery schedule. I am requesting this relief to obtain evidence needed to present the claims fairly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 16, 2026 at Silver Spring, Maryland.

______________________________

Yoseph Seyoum